IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RACHEL JOHNSON, on behalf of herself and all others similarly situated ) ) ) | |
| Plaintiff ) ) | |
| v. ) ) | |
| YAHOO! INC. ) ) | |
| Defendant. ) | JURY DEMAND |

**COMPLAINT - CLASS ACTION**

**INTRODUCTION**

1. This action for damages and other legal and equitable remedies results from the illegal actions of Yahoo!, Inc. (hereinafter referred to as "Yahoo" or "Defendant") in using an automatic telephone dialing system to send unsolicited text messages to Plaintiff's cellular telephone in direct contravention to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").

2. "Consumer complaints about abuses of telephone technology - for example, computerized calls to private homes - prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012)(internal citations omitted). In an effort to enforce this fundamental federal right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA.

3. Defendant has caused plaintiff and the putative class actual harm, not only because they were subjected to the aggravation that necessarily accompanies these messages, but also because plaintiff and the putative class have to pay their cell phone service providers for the

use of their cellular telephones and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), § 1337, 47 U.S.C. § 227 (TCPA). Venue in this District is proper because Plaintiff resides here and Defendant transacts business here.

## PARTIES

5. Plaintiff Rachel Johnson ("Johnson") is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

6. At all times relevant, Johnson was an individual residing in the State of Illinois. Johnson is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

7. Defendant Yahoo is, and at all times mentioned herein was, a corporation and a "person" as defined by 47 U.S.C. § 153(10).

8. Yahoo is a Delaware corporation that maintains its headquarters in Sunnyvale, California. Yahoo maintains a registered Agent in the state of Illinois, CT Corporation System.

9. Yahoo is an internet company that, among other things, provides email and instant messaging services for Yahoo members.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

10. As noted above, in 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

2

11. The TCPA regulates, among other things, the use of prerecorded messages and use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

13. Unlike more conventional advertisements, such text messages actually costs their recipients money because cell phone users must pay their wireless service providers either for each text message call they receive or in advance for an allocated allowance of text messages, regardless of whether or not the message is authorized.

**FACTUAL BACKGROUND**

14. One of Yahoo's services is Yahoo! Messenger, an instant messaging program.

15. According to Yahoo's website, one of the features of Messenger allows users to send SMS Text messages to cellular telephones using Yahoo! Messenger. http://messenger.yahoo.com/features. February 5, 2014.

16. "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text

3

messages, usually limited to 160 characters.

17. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS or "text" message call is successfully made, the recipient's cell phone rings or otherwise notes the receipt of the text message, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

18. When a Yahoo user sends a SMS Text Message using Yahoo! Messenger, Yahoo sends the intended recipient a text message notifying said person that a Yahoo user has sent an SMS Text Message using Yahoo! Messenger. This text message from Yahoo is in addition to the actual message which the Yahoo! Messenger user intended to send.

19. On March 19, 2013, Plaintiff received a text message from Yahoo notifying her that a Yahoo! Messenger user had sent her a separate message and advertising Yahoo's website.

20. Yahoo's text message notification is an advertisement for services offered through Yahoo! Messenger.

21. Plaintiff did not provide consent for Yahoo to send text messages to her cellular telephone using an automatic telephone dialing system.

22. On information and belief, Yahoo sent nearly identical text messages to hundreds if not thousands of persons without their prior express consent while using an automatic telephone dialing system.

**CLASS ALLEGATIONS**

23. Plaintiff defines the class, subject to amendment, as follows:

4

> (1) All persons in the United States (2) to whose cellular telephone number (3) Yahoo sent a non-emergency text message (4) using an automatic telephone dialing system (5) within 4 years of the complaint (6) without prior express consent.

24. Plaintiff seeks to represent and is a member of the proposed Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

25. Plaintiff does not know the exact number of members in the Class, but based upon the nature of the message to plaintiff, plaintiff reasonably believes that class members number at minimum in the hundreds if not thousands.

26. Plaintiff and all members of the class have been harmed by the acts of defendant.

27. This Class Action Complaint seeks money damages and injunctive relief.

28. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by Yahoo.

29. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

> a. Whether Yahoo engaged in a pattern of sending text messages to cellular telephone numbers without express consent to send such messages;

      b.      Whether Yahoo used an automatic telephone dialing system

      c.      Whether Yahoo thereby violated the TCPA;

30.    As a person who received text messages from Yahoo, without her prior express consent within the meaning of the TCPA, plaintiff asserts claims that are typical of the members of the class. Plaintiff will fairly and adequately represent and protect the interests of the class, and have no interests which are antagonistic to any member of the class.

31.    Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

32.    A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

33.    Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### COUNT I - TCPA (TEXT MESSAGES)

34.    Plaintiff incorporates the above factual allegations herein.

35.    Yahoo made unsolicited telephone calls to the wireless telephone number of

plaintiff and the other members of the class with text messages using an automatic telephone dialing system.

36. These text messages were sent without the prior express consent of plaintiff or the class.

37. Yahoo has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

38. Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting defendant's violation of the TCPA in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, the class and sub-class and against defendant for:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(1);

B. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

D. Such other relief as the Court deems just and proper.

Respectfully submitted,
Rachel Johnson, Plaintiff

/s/ Keith J. Keogh
Attorney for Plaintiff

Keith J. Keogh
Timothy Sostrin
Katherine Bowen
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois     60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Keith J. Keogh