UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RACHEL JOHNSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YAHOO! Inc.,<br><br>Defendant. | CASE NO. 14-cv-2028<br><br>Honorable Judge Matthew Kennelly<br><br>Magistrate Judge Jeffrey Cole |

**DEFENDANT YAHOO! INC.'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Yahoo! Inc. ("Yahoo") is not a telemarketer, and the single text message at issue in this case is not an advertisement of any kind. Plaintiff Rachel Johnson allegedly received, and is suing because she received, a single text message from Yahoo "notifying" her that she received a "separate message" from a Yahoo user, most likely a friend or acquaintance of the plaintiff. *See* Compl. ¶ 19. Notwithstanding that this single text message hardly could have caused plaintiff the purported "aggravation that necessarily accompanies these messages" (Compl. ¶ 3), or even actual damages, the plaintiff and her lawyers have filed a putative class action and seek to recover uncapped statutory damages under the Telephone Consumer Protection Act ("TCPA"). However, Yahoo is entitled to summary judgment for the simple reason that messages sent through its Yahoo Messenger service (including the single text allegedly sent to plaintiff) are not sent using an "automatic telephone dialing system" ("ATDS"), which the TCPA specifically defines as "equipment which has the capacity -- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

The recent decision in *Dominguez v. Yahoo! Inc.*, __F. Supp. 2d__, 2014 WL 1096051 (E.D. Pa. March 20, 2014), appeal pending, supports granting Yahoo summary judgment in this case. *Dominguez* held that Yahoo was not liable under the TCPA for multiple text messages sent to the plaintiff by mistake through an email forwarding platform because the system could not generate phone numbers randomly or sequentially, and therefore was not an ATDS within the meaning of the statute. *See Dominguez*, 2014 WL 1096051, at *5-6. The platform at issue in this case is a feature on Yahoo Messenger called the Mobile SMS Messenger Service ("PC2SMS Service"), which allows Yahoo users to send messages from the Yahoo Messenger client to specific mobile phone numbers manually inputted by the user. As in *Dominguez*, the key inquiry in this motion is whether the PC2SMS Service has the capacity to randomly or sequentially generate telephone numbers, and to send text messages to those numbers. *See Dominguez*, 2014 WL 1096051, at *3. The PC2SMS Service does not and lacks the capacity to generate phone numbers in any way. The PC2SMS Service simply cannot be used to send texts to random or sequential phone numbers. Therefore, plaintiff cannot establish a critical element of her claims under the TCPA because the platform used to send the alleged text message is not an ATDS within the meaning of the statute. *See* 47 U.S.C. § 227(a)(1) and (b)(1)(A).

Accordingly, because Yahoo's PC2SMS Service lacks the requisite capacity under 47 U.S.C. § 227(a)(1) to store or produce phone numbers to be called using a random or sequential number generator, and to dial such numbers, the alleged text message was not sent using an ATDS and Yahoo is therefore entitled to summary judgment as a matter of law.

## STATEMENT OF FACTS

**I.     Yahoo's PC2SMS Service Is A Free Messaging Service, Not A Marketing Tool**

Yahoo is an internet company that is widely known for its free consumer services, including personalized news and financial websites, Yahoo email, Yahoo search and related internet communications services including Yahoo Messenger, an instant messaging client and associated protocol provided by Yahoo. (Statement Of Material Facts ("SMF") ¶ 5). Yahoo

Messenger is provided free of charge and can be downloaded and used by anyone simply by registering as a user with a Yahoo ID. (SMF ¶ 6).

In connection with Yahoo Messenger, Yahoo offers a feature called the Mobile SMS Messenger Service ("PC2SMS Service") that allows registered Yahoo users to send an instant message to a friend's mobile device from the Yahoo Messenger client through the PC2SMS platform. (SMF ¶ 8). When a Yahoo user sends a message to his or her friend's mobile device using the PC2SMS Service, the PC2SMS Service converts the Yahoo user's instant message into an SMS[1] message so that it can be received on the recipient's mobile device. (SMF ¶ 9). The recipient can then reply from his or her mobile device, and the Yahoo user who sent the message will receive the reply message as an instant message. (SMF ¶ 10). The PC2SMS Service is not capable of sending a text message unless a Yahoo user enters the recipient's mobile telephone number and sends the recipient a personalized message. (SMF ¶ 11).

II. **The PC2SMS Service Lacks The Capacity To Generate Phone Numbers Randomly, Sequentially, Or In Any Other Way**

As explained in the Declaration of Amir Doron, the PC2SMS Service cannot on its own generate telephone numbers to receive text messages. (SMF ¶ 15). There are only two ways a Yahoo user can send a message through the PC2SMS Service. (SMF ¶ 16). A user can either (1) manually select the recipient's name from the user's existing Yahoo contact list if the Yahoo user had previously inputted the recipient's mobile telephone number; or (2) manually input the recipient's telephone number into the Yahoo! Messenger dialog box that appears in the Yahoo Messenger client. (*Id.*).

The servers and software used to run the PC2SMS Service do not have the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to call those numbers. (SMF ¶¶ 13-15). Neither Yahoo nor any Yahoo user can use the

---

[1] SMS stands for short message service, which is a text messaging service component of phone, web, or mobile communication system, using standardized communications protocols that allow the exchange of short text messages between devices. (SMF ¶ 12).

PC2SMS Service to create, generate, or produce telephone numbers in any way, including generating random or sequential numbers. (SMF ¶ 17). For example, the PC2SMS Service cannot be used to generate and send messages to random phone numbers within a specified area code or geographic location, or to send messages to sequential blocks of telephone numbers such as (111) 111-1111, (111) 111-1112, (111) 111-1113, and so on. (SMF ¶ 18). The PC2SMS Service can send a message only to the specific phone number inputted by a Yahoo user in connection with the message the Yahoo user wishes to send at that time. (SMF ¶ 19).

The PC2SMS Service was custom made by Yahoo engineers specifically for the Yahoo Messenger service. (SMF. ¶ 20). When the system was designed by Yahoo engineers, it was not designed to include any features or capabilities that would allow the system to produce random or sequential telephone numbers. (*Id.*). The PC2SMS Service does not incorporate components that are capable of producing random or sequential telephone numbers on their own. (SMF ¶ 21). The PC2SMS Service would have to be completely reengineered, which would require months of modifications, for it to be able to generate random or sequential telephone numbers. (SMF ¶ 22). Indeed, if Yahoo wanted to develop such a system (which it does not), it would be faster to build an entirely new system capable of generating random or sequential numbers from scratch than to try to modify the PC2SMS System because of the functionality and logic that would need to be changed to add that feature. (SMF ¶ 23).

In short, it is simply not possible to use Yahoo's PC2SMS Service to generate random or sequential telephone numbers or to send messages to random or sequential telephone numbers. (SMF ¶¶ 1315).

### III. The PC2SMS Service Lacks The Capacity To Send Messages From A Stored Database

The single notification text message at issue was not sent from a stored database. (*See* SMF ¶¶ 26, 31-32). Plaintiff claims that on March 19, 2013, she received a text message from Yahoo notifying her that a Yahoo Messenger user had sent her a separate message. (SMF ¶ 7).[2]

---

[2] For purposes of this motion only, Yahoo! does not contest these allegations.

4

Assuming plaintiff's allegations as true for purposes of this motion, the text message would have been sent to plaintiff only as a result of a Yahoo user manually inputting the plaintiff's telephone number into the Yahoo Messenger client and sending her a message using the PC2SMS Service. (*See* SMF ¶¶ 16, 31).

When a Yahoo user sends a message using the PC2SMS Service, the recipient will receive a single explanatory message if the recipient's telephone number has not previously been sent a text message via the PC2SMS Service. (SMF ¶ 27). The explanatory message is a one-time communication informing the recipient that a Yahoo user has sent a text message so that the recipient understands why he or she is receiving a message from a number that the recipient otherwise would not recognize. (SMF ¶ 28). The explanatory message informs the recipient that a friend or acquaintance who is a Yahoo user has sent an instant message using the PC2SMS Service and instructs the recipient how to reply to the message or block messages in the future (by following the opt-out instructions set forth on the SMS Messenger help page). (SMF ¶ 29).

A recipient will be sent the one-time explanatory message only if the recipient's phone number was not previously recorded in a database that is called as part of the sending process utilized by the PC2SMS Service. (SMF ¶ 30.). The PC2SMS Service only stores a phone number into this database after a Yahoo user manually inputs the phone number to send a message through the PC2SMS Service. (SMF ¶ 31). If the number was not previously recorded in a database that is called as part of the sending process utilized by the PC2SMS server, the explanatory message is sent with the Yahoo user's custom message. (SMF ¶ 32). The reason the PC2SMS Service stores phone numbers after an explanatory message is sent is to ensure that the explanatory message is not sent again to the same phone number. (SMF ¶ 33). The PC2SMS Service is not capable of sending the explanatory message to telephone numbers stored in the database of previously recorded numbers that is called by the PC2SMS Service. (SMF ¶ 34). In other words, the explanatory message can only be sent to a phone number that has not already been stored in the server that contains the database of previously notified mobile numbers. (*Id.*).

Accordingly, plaintiff's phone number could not have been stored by the PC2SMS Service prior to being sent the explanatory message at issue in this lawsuit. (*See* SMF ¶¶ 26-34).

Therefore, Yahoo's PC2SMS Service does not have the capacity to send messages from any database of stored numbers. (*See* SMF ¶ 26).

## LEGAL STANDARD

Summary judgment is warranted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. Rule Civ. Proc. 56(c). The non-moving party cannot rest on the pleadings alone, but must identify specific facts that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. *Syzmanksi v. Rite-Way Lawn Maintenance Co.*, 231 F.3d 360, 364 (7th Cir. 2000).

## ARGUMENT

**I. Yahoo Is Entitled To Summary Judgment Because The Single Text Message Allegedly Sent To Plaintiff Was Not Sent Using An ATDS**

The TCPA prohibits any person from making

> any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any [ATDS] . . .
>
> (iii) to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

47 U.S.C. § 227 (b)(1)(A).

The TCPA defines an ATDS as "equipment which has the capacity -- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The definition of an ATDS has been held to be "clear and unambiguous" and therefore the court's analysis "begins" and "ends" with the statutory text. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951, 953 (9th Cir. 2009).

Summary judgment is warranted in this case because the alleged text message was not sent to plaintiff using an ATDS. Yahoo's PC2SMS Service does not have the capacity to store or produce telephone numbers to be called using a random or sequential number generator, nor can it dial such numbers. (SMF ¶¶ 13-15). The PC2SMS Service cannot on its own generate phone numbers in any way, nor does it have the capacity to send text messages to random or sequentially generated numbers because a Yahoo user must manually input a specific phone number in order to send a message via the PC2SMS Service. (SMF ¶¶ 13-18). The one-time explanatory text message at issue in this case is only sent when a Yahoo user sends a message to a specific mobile phone number for the first time. (SMF ¶¶ 16, 19, 27-28).

In opposing this motion, plaintiff may cite to *Griffith v. Consumer Portfolio Services*, 838 F. Supp. 2d 723 (N.D. Ill. 2011), which superficially could be seen as relevant but is not on point because the defendant used a predictive dialer to engage in dialing campaigns to call multiple customers at a given time. *Id.* at 727. Specifically, the court in *Griffith* ruled that because "[t]he FCC concluded that predictive dialers are governed by the TCPA because, like early autodialers, they have the capacity to dial numbers 'without human intervention,'" and interpreted ATDS "to include equipment that utilizes lists or databases of known, nonrandom telephone numbers," the defendant employed an ATDS even though the predictive dialer used by defendant dialed numbers from "a list or database of actual customer telephone numbers," and "not randomly or sequentially generated [numbers]." *Id.* at 725, 727.

However, *Griffith* is not controlling because the PC2SMS Service is not a predictive dialer. As confirmed in the declaration of Monica Desai, a former chief of the FCC's Consumer and Governmental Affairs Bureau, Yahoo's PC2SMS Service does not and cannot function as a predictive dialer. (SMF ¶ 24) (Desai Decl. ¶¶ 6, 11, 24). A predictive dialer is a specific type of technology used to make voice telephone calls that predicts when a live person will answer the phone, and cannot be used for sending text messages. (SMF ¶ 24). The PC2SMS Service is a text-based platform and cannot be used to make voice calls or send audio messages, let alone "predict" when a person will answer the call. (SMF ¶ 25).

Moreover, as explained in the expert declaration of Monica Desai, in construing the definition of ATDS to apply to predictive dialers (a specific technology used for voice calls and not text), the FCC sought to avoid the use of predictive dialers to circumvent the TCPA but did not otherwise expand the statutory requirements of an ATDS to apply to technology that is simply capable of sending text messages without human intervention to stored phone numbers generated by the system—which in any event, the PC2SMS Service cannot do. (*See* SMF ¶¶ 26, 31, 34-35) (Desai Decl. ¶¶ 24-25). The explanatory text messages are not sent from a stored list of mobile phone numbers because the explanatory message can only be sent to a phone number that has not already been stored in the server that contains the database of previously notified mobile numbers. (SMF ¶ 34). The PC2SMS Service simply does not "store" or produce numbers "to be called." (SMF ¶ 26). In addition, the PC2SMS Service is not capable of sending text messages without human intervention. (SMF ¶ 35).[3] Therefore, *Griffith* is also distinguishable on these points.[4]

---

[3] Any text message sent via the PC2SMS Service must originate with a Yahoo user manually inputting the recipient's telephone number and creating a personalized message to the recipient. (SMF ¶ 36). The PC2SMS Service requires human intervention in order to trigger the sending of a notification text message. (SMF ¶ 37). The Yahoo PC2SMS Service is designed such that an explanatory text message cannot be sent unless a number is first inputted by the Yahoo user; otherwise, no notification text message can ever be sent. (*Id.*).

[4] The following cases have addressed whether use of an ATDS was sufficiently pled in connection with Rule 12 motions and are therefore not relevant to the present motion for summary judgment, which is based on undisputed evidence: *Sojka v. DirectBuy, Inc.*, __F. Supp. 2d.__, 2014 WL 1304234, at *6 (N.D. Ill. March 31, 2013) (concluding that it was reasonable to infer that messages were sent using an ATDS based on the allegation that plaintiff received multiple prerecorded calls and "the identical text message multiple times from 'Alexa Castro from DirectBuy' after specifically responding that he was not interested," and "[c]oupled with the allegation that members of the putative class received the same messages"); *Strickler v. Bijora*, Case No. 11 CV 3468, 2012 WL 5386089, at *2 (N.D. Ill. Oct. 30, 2012) (finding that plaintiff alleged the use of an ATDS because "it can be inferred that the messages were sent en masse given the alleged content of the messages," which generically targeted, "Ladies"); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1010 (N.D. Ill. 2010) (finding that plaintiff adequately pled use of an ATDS where allegations repeated the statutory definition of ATDS in verbatim); *Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, at *3 (N.D. Ill. Dec. 14, 2009) (finding that plaintiff adequately alleged the use of an ATDS because the text messages came from an SMS Short code, "came from an institutional sender without any

The outcome in this case should be no different from *Dominguez v. Yahoo! Inc.*, __F. Supp. 2d__, 2014 WL 1096051 (E.D. Pa. March 20, 2014), which dismissed a similar putative TCPA class action and held that text messages sent to the plaintiff via an email-to-SMS platform provided by Yahoo were not sent using an ATDS. *See Dominguez*, 2014 WL 1096051, at *5-6. In construing the term ATDS, the court held that the statute "require[s] more than simply that the system store telephone numbers and send messages to those numbers without human intervention," which was the sum of the plaintiff's expert conclusions submitted in opposition to Yahoo's motion. *Id.* at *5 n.6. Applying the statutory definition of ATDS, the court in *Dominguez* granted Yahoo summary judgment and found that notwithstanding the plaintiff's expert declaration, the plaintiff "ha[d] not offered any evidence to show that Yahoo's system had the capacity to randomly or sequentially generate telephone numbers (as opposed to simply storing telephone numbers), as required by the statutory definition of ATDS." *Id.* at *6. [5]

---

personalization," and the sender "had [no] reason to call [plaintiff's] number aside from telemarketing purposes").

[5] The court in *Dominguez* declined to follow the earlier decision in *Sherman v. Yahoo! Inc.*, in which a district court in the Southern District of California denied Yahoo summary judgment where the plaintiff in that case had submitted an expert declaration opining that Yahoo's system had the capacity to "store cellular telephone numbers to be called" and to dial such numbers without human intervention. *See Sherman*, __F. Supp. 2d__, 2014 WL 369384, at *6-7 (S.D. Cal. Feb. 3, 2014). While the *Sherman* case also involves the PC2SMS Service, it was wrongly decided because it relied on a footnote in an FCC declaratory ruling (not formal rulemaking) discussing the FCC's determination that predictive dialers are deemed ATDS. Yahoo's PC2SMS Service is not a predictive dialer (and the plaintiff in *Sherman* did not contend that it was); moreover, the declaratory ruling itself did not construe or apply the definition of ATDS but rather focused on "prior express consent." *See id.*; *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, SoundBite Communications, Inc.*, CG Docket No. 02-278, 27 FCC Rcd. 15391, 15392 n.5 (Nov. 26, 2012) (citing *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14092 ¶ 133 (2003)); and *Dominguez*, 2014 WL 1096051, at *5 n.6 (stating that "[*SoundBite*] Declaratory Ruling pertains to the unique characteristics of predictive dialers, and there is no contention here that Yahoo's Email SMS Service is a predictive dialer"). The *Sherman* court's reliance on the FCC commentary was therefore misplaced.

Moreover, Yahoo did not submit evidence in *Sherman* that its PC2SMS Service did not function like a predictive dialer, and did not have the opportunity to depose the plaintiff's expert as it did in *Dominguez*, where the same expert's opinions were rejected. *See Dominguez*, 2014

In sum, because the PC2SMS Service does not have the capacity to store or produce telephone numbers to be called using a random or sequential number generator, or to dial such numbers, the single explanatory text message at issue was not sent using an ATDS as defined by the plain terms of the statute and is therefore not actionable under the TCPA.

## CONCLUSION

For the foregoing reasons, Yahoo is entitled to summary judgment as a matter of law.

Dated:  May 13, 2014                                    YAHOO! INC.

                                                        By: /s/ Francis A. Citera
                                                            One of Its Attorneys

Francis A. Citera (ARDC # 6185263)
Lucia L. Marker-Moore (ARDC # 6306511)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Tel: (312) 456-8400
Fax: (312) 456-8435
citeraf@gtlaw.com
markermoore@gtlaw.com

Ian C. Ballon (Appearing *Pro Hac Vice*)
Lori Chang (Appearing *Pro Hac Vice*)
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel: (310) 586-7700
Fax: (310) 586-7800
ballon@gtlaw.com
changl@gtlaw.com

---

WL 1096051, at *5 n.6 (finding that the expert's declaration was "deceptive" and "reflect[ed] a misunderstanding of the statutory requirements" of an ATDS).

The *Sherman* decision is currently subject to a motion for reconsideration, or in the alternative, for interlocutory appeal.  Declaration of L. Chang ¶ 2. *Dominguez* is now on appeal to the Third Circuit.

While the FCC commentary does not govern because the PC2SMS Service is not a predictive dialer, out of an abundance of caution, Yahoo has presented evidence in this case to show that the PC2SMS Service does not have the capacity to send messages from any database of stored numbers, and that human intervention is involved in sending the text message.  (SMF ¶¶ 26, 35).

10

## CERTIFICATE OF SERVICE

      I hereby certify that on May 13, 2014, I electronically filed ***Defendant Yahoo! Inc.'s Notice of Presentment, Motion for Summary Judgment, Memorandum in Support of Motion for Summary Judgment, Defendant Yahoo! Inc.'s Local Rule 56.1 Statement Of Material Facts In Support Of Its Motion For Summary Judgment, and Declarations of Amir Doron, Monica Desai, and Lori Chang*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Katherine Marie Bowen | kbowen@keoghlaw.com |
| Keith James Keogh | Keith@Keoghlaw.com |
| Michael S. Hilicki | MHilicki@KeoghLaw.com, |
| Timothy J. Sostrin | tsostrin@keoghlaw.com |

                /s/ Francis A. Citera