exIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RACHEL JOHNSON, on behalf of herself and all others similarly situated, | ) ) ) | |
| | ) | No.  14-cv-2028 |
| Plaintiff, | ) ) | |
| | ) | Honorable Manish S. Shah |
| v. | ) ) | |
| YAHOO! INC., | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ZENAIDA CALDERIN, | ) ) | |
| Plaintiff, | ) ) | No.  14-cv-2753 |
| v. | ) ) | Honorable Manish S. Shah |
| YAHOO! INC., | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION TO TRANSFER TO THE SOUTHERN DISTRICT OF CALIFORNIA**

**INTRODUCTION**

On March 21, 2014, Plaintiff Johnson filed her complaint against Yahoo in this matter in the Northern District of Illinois. On April 16, 2014, Plaintiff Calderin filed her complaint. On July 3, 2014, this Court consolidated *Johnson* and *Calderin*. *Johnson* Doc. #46; *Calderin* Doc. #41. *Johnson*/*Calderin* involve identical putative class claims to those asserted in the first-filed case, *Sherman v. Yahoo*, No. 13-cv-0041, which is pending in the Southern District of California. The complaints in all three cases allege that Yahoo violated the Telephone Consumer Protection Act ("TCPA") by sending unsolicited marketing texts using its PC2SMS system.

Plaintiffs seek to transfer *Johnson/Calderin* to the Southern District of California so that they can be consolidated with *Sherman* and proceed in one Court. Transferring *Johnson/Calderin* will be more convenient for the parties and will serve the interests of the judicial system because all three cases regarding Yahoo's PC2SMS system can proceed before one court. *See Perry v. CNN*, 2014 U.S. Dist. LEXIS 118409, *12 (N.D. Ill. 2014) ("Because transfer would prevent duplication of discovery, save limited judicial resources, and allow one court, instead of two, to address similar factual and legal questions, and learn about similar technology, defendants have shown that transfer is in the interest of justice."). Further, venue is proper in the Northern District of Illinois and in the Southern District of California where *Sherman* is already proceeding. All of the elements for transfer under 28 U.S.C. § 1404(a) are met.

## ARGUMENT

Under 28 U.S.C. § 1404(a), this Court may transfer *Johnson/Calderin* "[f]or the convenience of parties and witnesses, and in the interests of justice, [] to any other district or division where it might have been brought." Either party may move for transfer of venue pursuant to § 1404(a). *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 n. 3 (7th Cir. 1986). A transfer is proper when the following elements are met: (1) venue is proper in the district where the action was originally filed; (2) venue and jurisdiction would be proper in the transferee court; (3) the transfer will serve the convenience of the parties and the witnesses; and (4) the transfer will serve the interests of the judicial system. *Geuorguiev v. Max Rave, LLC*, 526 F. Supp. 853, 856 (N.D. Ill. 2007) (Bucklo, J.). This Court has discretion when weighing the third and fourth elements. *Id.*; *see also Coffey*, 796 F.2d at 219 n. 3. Balancing those two elements "involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the

trial judge." *Coffey*, 796 F.2d at 219. All four elements support transferring *Johnson*/*Calderin* to the Southern District of California.

## I.      Venue in the Northern District of Illinois

In their respective complaints, the Plaintiffs in *Johnson*/*Calderin* allege that venue is proper in this District because Plaintiffs received Yahoo's illegal text messages here. *Johnson* Doc. #1 at ¶4; *Calderin* Doc. #1 at ¶9. In its Local Rule 56.1 Statements of Material Facts, Yahoo did not dispute that venue is proper here. *Johnson* Doc. #28 at 1, ¶4; *Calderin* Doc. #23 at 1, ¶4. Because there is no dispute regarding venue in the Northern District of Illinois, the first element is met. *See Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007) (Bucklo, J.).

## II.     Venue and Jurisdiction in the Southern District of California

Similarly, Yahoo already consented to venue and jurisdiction in the Southern District of California in the *Sherman* matter. Exhibit 1 at 2, ¶¶5-6. Thus, like in *Geuorguiev*, Yahoo's consent is sufficient to find that venue is proper in the Southern District of California. *See* 526 F. Supp. 2d at 857.

In any case, pursuant to 28 U.S.C. § 1391(b), venue is proper in "a judicial district in which any defendant resides," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Pursuant to § 1391(d), when a State has more than one judicial district, a corporation "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." Thus, questions of venue and jurisdiction are interrelated under this analysis. In this case, both tests are satisfied. Venue is proper in the Southern District of California because:

(1) a substantial part of Yahoo's alleged violation of the TCPA occurred there; and (2) Yahoo resides there.

### a.    Substantial Parts of Yahoo's Alleged Violation of the TCPA Occurred in the Southern District of California.

Yahoo manages its PC2SMS system from a Yahoo office located in San Diego County, California, which is within the Southern District. *See* Exhibit 2 at 8:16-19, 9:21-10:1. Yahoo's employees which manage the system are located in that District. If Yahoo's employees did not maintain the PC2SMS system's ability to send out automated system messages, the "sequence of events culminating in [Plaintiffs'] complaint[s] would not have taken place." *See Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 834 (N.D. Ill. 2004) (St. Eve, J.). Thus, even if a "majority of the events" leading up to Plaintiffs' claims may not have taken place in the Southern District of California, venue is still proper there because a substantial part of the events took part in that District. *See id.*

### b.    Yahoo Resides in the Southern District of California.

Pursuant to § 1391(d), when a State has more than one judicial district, a corporation "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." California Code of Civil Procedure § 410.10 provides: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Because California's long-arm statute allows an exercise of jurisdiction consistent with the Constitution, the "constitutional and statutory inquiries merge." *See Tamburo, v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Thus, the "key question is whether" California can exercise general or specific jurisdiction over Yahoo. *See id* at 700-01.

### i.       The Southern District of California has General Jurisdiction.

"A defendant with 'continuous and systematic' contacts with a state is subject to general jurisdiction there in any action, even if the action is unrelated to those contacts. The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive *to approximate physical presence*." *Tamburo*, 601 F.3d at 701 (emphasis added). In this case, there is no need to talk about an approximation of physical presence because Yahoo *actually has a physical presence* in the Southern District – it maintains a business office in San Diego County. This alone is sufficient to determine that Yahoo resides in the Southern District of California because it engaged in "affirmative conduct which allows or promotes the transaction of business" in that District. *See Tamburo*, 601 F.3d at 701; *Unocal Corp.*, 248 F.3d at 924; T*omar Electronics, Inc. v. Whelen Technologies, Inc.*, 819 F. Supp. 871, 876 (D. Ariz. 1992) (operating regional sales office within the forum, "amount[ed] to minimum contacts").

### ii.      The Southern District of California has Specific Jurisdiction.

Even if California was not able to exercise general jurisdiction over Yahoo, it would still be able to exercise specific jurisdiction over Yahoo. Specific personal jurisdiction exists when "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo*, 601 F.3d at 702; *see also Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001). A defendant "purposefully avails" itself of the privilege of conducting business in a state when the defendant "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Unocal Corp.*, 248 F.3d at 924.

In this case, Yahoo has established offices throughout California, including its headquarters in Sunnyvale and an office in San Diego. Employees at the San Diego office – one of Yahoo's contacts with California – are responsible for managing the PC2SMS System. Exhibit 2 at 9:21-10:1. Yahoo has thus engaged in "affirmative conduct which allows or promotes the transaction of business" in San Diego County. *See id.* Plaintiffs' statutory injuries were caused by and arise out of the operation of the PC2SMS System. Plaintiffs' injuries are therefore sufficiently related to Yahoo's contacts with San Diego County for the Southern District of California to exercise specific jurisdiction over Yahoo. *See Unocal Corp.*, 248 F.3d at 924-25.

**III.     Convenience**

There are five convenience factors to consider in determining whether it is proper to transfer: (1) the plaintiff's choice of forum; (2) the locations of the material events; (3) the relative ease of access to evidence; (4) the convenience of the parties; and (5) the convenience of the witnesses. *Schwarz*, 317 F. Supp. 2d at 835. If the balance of the factors weigh in favor of transfer and transferring would not shift inconvenience to one party, it is proper to transfer to the requested forum. *See id.* As discussed below, all of the factors weigh in favor of transfer.

**a.     Plaintiff's Choice of Forum and Locations of the Material Events.**

The forum chosen by a plaintiff is entitled to substantial weight under § 1404(a). *Coffey*, 796 F.2d at 219-20. Although such deference "is usually based on Plaintiff's initial choice of forum . . .this consideration remains relevant under the circumstances here where a plaintiff is moving to transfer, even if the weight given to this consideration is diminished." *Angrignon v. KLI, Inc.*, 2009 U.S. Dist. LEXIS 130424, * 5-6 (S.D. Fla. 2009). However, when the forum chosen by the plaintiff is the location of material events, the plaintiff's choice is afforded even

6

greater weight. *Cf. Tingstol Co. v. Rainbox Sales, Inc.*, 18 F. Supp. 2d 930, 933 (N.D. Ill. 1998). Plaintiffs' initially chose to prosecute their claims in the Northern District of Illinois. They are now seeking to transfer to the Southern District of California. As discussed in Section II(a) above, Yahoo's PC2SMS system is managed by the employees operating out of its San Diego office. *Supra* at 4. Because Plaintiffs' are requesting to transfer to the Judicial District where many of the material events related to Yahoo's alleged violation of the TCPA occurred, Plaintiffs' choice should be given great weight. *See Tingstol*, 18 F. Supp. 2d at 933. Thus, this factor weighs in favor of transfer.

### b.     Relative Ease of Access to Evidence.

It is reasonable to assume that because Yahoo's PC2SMS system is managed by the San Diego office, most of the documentary evidence will be located in the Southern District of California. Thus, this factor weighs in favor of transfer. *See Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 961 (N.D. Ill. 2000) (ordering case transferred where main evidence at issue was located in the Eastern District of New York).

### c.     Convenience of the Parties.

Plaintiffs and Yahoo will not be inconvenienced if these Consolidated Actions are transferred to the Southern District of California. Transferring to the Southern District of California will not "merely transfor[m] inconvenience for one party into an inconvenience for the other party." *Sage Products, Inc. v. Devon Indus., Inc.*, 148 F.R.D. 213, 216 (N.D. Ill. 1993). In fact, it will be far more convenient for Yahoo to transfer to the Southern District of California as it is headquartered in California and already must defend the *Sherman* matter in that District. Thus, this factor weighs in favor of transfer.

### d. Convenience of the Witnesses.

"The convenience of the witnesses is often the most important factor in determining whether to grant a motion to transfer." *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006). Most of the witnesses who will testify in these Consolidated Actions are located in California. Yahoo's principal witness, Amir Doron, resides and works in the Southern District of California. Exhibit 2 at 9:21-10:1. Similarly, all of Yahoo's software engineers who manage the PC2SMS system work out of the San Diego office. *See id.* Although other Yahoo witnesses are likely located in the Northern District of California, their proximity to the Southern District of California makes that District significantly more convenient than the Northern District of Illinois. Thus, this factor weighs in favor of transfer.

## IV. The Interests of Judicial System

In addition to the parties' interests, this Court must consider the public interests of the judicial system. *Gueorguiev*, 526 F. Supp. 2d at 859. The factors to consider include: (1) the effect of the transfer on the efficient administration of justice including where the litigants are most likely to receive a speedy trial; and (2) each courts' familiarity with the applicable law. *Id.* As discussed below, the balance of these factors weigh in favor of transfer. Additionally, the judicial system has an interest in preventing inconsistent or contrary results. *See Avante Int'l Tech., Inc. v. Hart InterCivic, Inc.*, 2009 U.S. Dist. LEXIS 74684, *15-18 (S.D. Ill. 2009). Transferring *Johnson/Calderin* to the Southern District of California will serve that interest by ensuring that this Court does not reach an inconsistent result from the one ultimately reached in *Sherman*.

a.        **Efficient Administration of Justice.**

Transfer to the Southern District of California will serve the interests of judicial economy. "Transfer is preferred if it would prevent duplication of discovery, unnecessary expenses for the court and parties, and the waste of judicial resources." *Perry*, 2014 U.S. Dist. LEXIS 118409 at *11, *citing Waller v. Burlington National R. Co.*, 650 F. Supp. 988, 991 (N.D. Ill. 1987); *Waites v. First Energy Leasing Corp.*, 605 F. Supp. 219, 223 (N.D. Ill. 1985). Thus, "the existence of related litigation in the proposed transferee forum is a significant factor in favor of transfer. Cases should be transferred to districts where related actions are pending." *Perry,* 2014 U.S. Dist. LEXIS 118409 at *11.

The transfer of this case will prevent the duplication of discovery, unnecessary expenses, and the waste of judicial resources. The first-filed Sherman case pending in the Southern District of California concerns the exact same technologies and legal issues at issue in Johnson/Calderin. Further, the parties in the *Sherman* case are further advanced in discovery, including class discovery, than the parties in Johnson/Calderin. Thus, "transfer would prevent duplication of discovery, save limited judicial resources, and allow one court, instead of two, to address similar factual and legal questions, and learn about similar technology." *Id* at *12; *see also Humphrey v. United Health Care Services, Inc.,* 2014 U.S. Dist. LEXIS 96416, *6-13 (N.D. Ill. 2014) (transferring a TCPA class action to the district in which a virtually identical and first-filed class action was already pending).

Further, a transfer to the Southern District of California is more likely to result in a speedy trial. According to the Federal Court Management Statistics, the average time from filing to trial for civil actions in the Northern District of Illinois is 35.4 months. The average time from filing to trial for civil actions in the Southern District of California is 29.1 months. Given the

advanced stage of the *Sherman* matter, the interests of justice are served by transferring *Johnson*/*Calderin* to the Southern District of California as the actions will likely reach trial much faster there. *Cf. Schwarz*, 317 F. Supp. 2d at 837. Thus, this factor weighs in favor of transfer.

           b.      **Familiarity With Applicable Law.**

This factor is not dispositive as both this Court and the Southern District of California are familiar with the TCPA. Plaintiffs have only alleged federal claims. No District has particular expertise over other districts regarding TCPA claims. This factor is therefore neutral and should not prevent this Court from transferring *Johnson/Calderin* to the Southern District of California. *Cf. Amoco Oil*, 90 F. Supp. 2d at 962.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant Plaintiffs' Motion to Transfer.

Respectfully Submitted,

**ZENAIDA CALDERIN**

/s/ John Auchter
Vincent L. DiTommaso
Peter S. Lubin
John Auchter
DiTommaso Lubin, P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, Illinois 60181
(630) 333-0000 Telephone
(630) 333-0333 Facsimile
*For Plaintiff Zenaida Calderin*

**RACHEL JOHNSON**

s/ Timothy J. Sostrin
Keith J. Keogh
Timothy Sostrin
Michael S. Hilicki
Katherine Bowen
Keogh Law, Ltd.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092 Telephone
(312) 726-1093 Facsimile
*For Plaintiff Rachel Johnson*

# EXHIBIT 1

GREENBERG TRAURIG, LLP
IAN C. BALLON (SBN 141819)
LORI CHANG (SBN 228142)
JUSTIN A. BARTON (SBN 288194)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email: ballon@gtlaw.com; changl@gtlaw.com;
bartonju@gtlaw.com

Attorneys for defendant
Yahoo! Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL DAVID SHERMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> YAHOO! INC., a Delaware Corporation, et al. <br><br> Defendant(s). | CASE NO. 13-CV-0041 GPC WVG <br><br> **DEFENDANT YAHOO! INC.'S FIRST AMENDED ANSWER TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Courtroom: 2D <br> Judge: Hon. Gonzalo P. Curiel |

Defendant Yahoo! Inc. ("Yahoo!"), in response to the Complaint For Damages And Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. And Demand For Jury Trial (the "Complaint") filed by Rafael David Sherman, ("Plaintiff"), by and through its undersigned counsel, hereby files this First Amended Answer to the Complaint.

## **ANSWER**

### **INTRODUCTION**

1.     In response to Paragraph 1 of the Complaint, Yahoo! admits that Plaintiff has filed an action for damages and injunctive relief arising under the Telephone Consumer Protection Act (47 U.S.C. § 227, *et seq*.) (the "TCPA"), but denies that any of Plaintiff's claims have merit.

2.     In response to Paragraph 2 of the Complaint, Yahoo! admits that Plaintiff brings his claims pursuant to the TCPA but denies Plaintiff's characterization of the TCPA.

3.     In response to Paragraph 3 of the Complaint, Yahoo! admits that Plaintiff brings his claims pursuant to the TCPA but denies Plaintiff's characterization of the TCPA.

4.     In response to Paragraph 4 of the Complaint, Yahoo! admits that Plaintiff brings his claims pursuant to the TCPA but denies Plaintiff's characterization of the TCPA.

### **JURISDICTION AND VENUE**

5.     In response to paragraph 5 of the Complaint, Yahoo! admits that the Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331, but denies that any of Plaintiff's claims have merit.

6.     In response to Paragraph 6 of the Complaint, Yahoo! admits that venue is proper in this District, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint, and therefore denies the same.

1

**PARTIES**

7.     Yahoo! denies that Plaintiff is a "person" as defined by 47 U.S.C. § 153 (10), and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint, and therefore denies the same.

8.     Yahoo! denies that Yahoo! is a "person" as defined by 47 U.S.C. § 153 (10), and admits that it is a Delaware corporation that conducts business within the State of California. Yahoo! further denies the remaining allegations in paragraph 8 of the Complaint as to Plaintiff's characterization of Yahoo!'s business activities.

**FACTUAL ALLEGATIONS**

9.     Yahoo! denies that Plaintiff is a "person" as defined by 47 U.S.C. § 153 (10), and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint, and therefore denies the same.

10.     Yahoo! denies that Yahoo! is a "person" as defined by 47 U.S.C. § 153 (10), and admits the remaining allegations in paragraph 10 of the Complaint.

11.     Yahoo! admits that it conducts business in the State of California and in the County of San Diego, within this judicial district. Yahoo! lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint, and therefore denies the same.

12.     Yahoo! admits that it offers its users an Instant Messaging service. Yahoo! admits that under certain circumstances, a user may use Yahoo!'s Instant Messaging service to send a text message. Yahoo! denies the remaining allegations in paragraph 12 of the Complaint.

13.     Yahoo! lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies the same.

14.     Yahoo! lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies the same.

15.     Yahoo! lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies the same.

2

16.     Yahoo! lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies the same.

17.     Yahoo! denies the allegations in paragraph 17 of the Complaint.

18.     Yahoo! denies the allegations in paragraph 18 of the Complaint.

19.     Yahoo! lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies the same.

20.     Yahoo! lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies the same.

21.     Yahoo! lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies the same.

22.     Yahoo! denies the allegations in paragraph 22 of the Complaint.

## CLASS ACTION ALLEGATIONS

23.     Yahoo! admits that Plaintiff purports to bring this action on behalf of himself and all others similarly situated but denies that certification of the Class is appropriate under Federal Rule of Civil Procedure 23.

24.     Yahoo! denies the allegations in paragraph 24 of the Complaint.

25.     Yahoo! denies that certification of a class is appropriate under Federal Rule of Civil Procedure 23 and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint, and therefore denies the same.

26.     Yahoo! denies the allegations in paragraph 26 of the Complaint.

27.     Yahoo! admits that the Plaintiff seeks a remedy but denies that Plaintiff is entitled to the remedy sought in paragraph 27 of the Complaint.

28.     Yahoo! denies the allegations in paragraph 28 of the Complaint.

29.     Yahoo! denies the allegations in paragraph 29 of the Complaint.

30.     Yahoo! denies the allegations in paragraph 30 of the Complaint.

31.     Yahoo! denies the allegations in paragraph 31 of the Complaint.

32.     Yahoo lacks sufficient knowledge or information to form a belief as to the

3

truth of the allegations in paragraph 32 of the Complaint, and therefore denies the same.

33.    Yahoo! denies the allegations in paragraph 33 of the Complaint.

34.    Yahoo! denies the allegations in paragraph 34 of the Complaint.

## FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

35.    Yahoo! incorporates by reference all of the above responses to Plaintiff's Complaint as through fully stated herein.

36.    Yahoo! denies the allegations in paragraph 36 of the Complaint.

37.    Yahoo! denies the allegations in paragraph 37 of the Complaint.

38.    Yahoo! denies the allegations in paragraph 38 of the Complaint.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

39.    Yahoo! incorporates by reference all of the above responses to Plaintiff's Complaint as through fully stated herein.

40.    Yahoo! denies the allegations in paragraph 40 of the Complaint.

41.    Yahoo! denies the allegations in paragraph 41 of the Complaint.

42.    Yahoo! denies the allegations in paragraph 42 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

43.    Yahoo! denies that Plaintiff is entitled to any relief requested by Plaintiff in its Prayer for Relief.

///
///
///
///
///

4

# AFFIRMATIVE DEFENSES

## FIRST DEFENSE

## (Failure to State a Claim)

44.    The Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

## (47 U.S.C. § 230)

45.    Plaintiff's claims are barred, in whole or in part, because they are preempted by 47 U.S.C. § 230.

## THIRD DEFENSE

## (License/Consent)

46.    Plaintiff's claims are barred, in whole or part, by consent, licenses, express and implied, granted or authorized to be granted by Plaintiff.

## FOURTH DEFENSE

## (Release)

47.    Plaintiff's claims are barred, in whole or part, by releases, express and implied, granted or authorized to be granted by Plaintiff.

## FIFTH DEFENSE

## (Acquiescence)

48.    Plaintiff's claims are barred, in whole or part, by the doctrine of acquiescence.

## SIXTH DEFENSE

## (Waiver)

49.    Plaintiff's claims are barred, in whole or part, by the doctrine of waiver.

## SEVENTH DEFENSE

## (Laches)

50.    Plaintiff's claims are barred, in whole or part, by the doctrine of laches.

///
///

YAHOO! INC.'S FIRST AMENDED ANSWER TO COMPLAINT

## EIGHTH DEFENSE

### (Estoppel)

51.     Plaintiff's claims are barred, in whole or part, by the doctrine of estoppel.

## NINTH DEFENSE

### (Unclean Hands)

52.     Plaintiff's claims are barred, in whole or part, by the doctrine of unclean hands.

## TENTH DEFENSE

### (Failure to Mitigate)

53.     Plaintiff's claims are barred, in whole or part, because Plaintiff has failed to mitigate its damages.

## ELEVENTH DEFENSE

### (Due Process)

54.     Any award of punitive or statutory damages against Yahoo! would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## RESERVATION OF RIGHTS AND DEFENSES

55.     Yahoo! reserves the right to raise additional defenses as it becomes aware of them.

## YAHOO! PRAYER FOR RELIEF

WHEREFORE, Yahoo! prays for judgment as follows:

(a)     That Plaintiff take nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

(b)     That the Court enter judgment that Yahoo! is the prevailing party in this action;

(c)     That the Court award Yahoo! all costs, expenses and attorneys' fees that it is entitled to under federal and California law; and

(d)    That the Court award any and all other relief to which Yahoo! may be entitled.

Respectfully submitted,

DATED:  August 4, 2014                GREENBERG TRAURIG, LLP


By: _/s/ Ian C. Ballon_____
Ian C. Ballon
Attorneys for defendant Yahoo! Inc.
Email:  ballon@gtlaw.com

## __DEMAND FOR JURY TRIAL__

In accordance with Fed. R. Civ. P. 38(b), Yahoo! hereby demands a trial by jury of all triable issues in this action.

Respectfully submitted,

DATED:  August 4, 2014                    GREENBERG TRAURIG, LLP


                                          By: _/s/ Ian C. Ballon_
                                              Ian C. Ballon
                                          Attorneys for defendant Yahoo! Inc.
                                          Email:  ballon@gtlaw.com

YAHOO! INC.'S FIRST AMENDED ANSWER TO COMPLAINT

# EXHIBIT 2

CONFIDENTIAL

```
 1              IN THE UNITED STATES DISTRICT COURT
 2            FOR THE NORTHERN DISTRICT OF ILLINOIS
 3                     EASTERN DIVISION
 4
 5    RACHEL JOHNSON, on behalf of    )
      herself and all others         )
 6    similarly situated,            )
                                      )
 7                     Plaintiff,     )
                                      )
 8       vs.                         ) Case No.
                                      ) 14-cv-2028
 9    YAHOO!, INC.,                   )
                                      )
10                     Defendant.     )
                                      )
11    _____)
      ZENAIDA CALDERIN,               )
12                                    )
                       Plaintiff,     )
13                                    )
         vs.                         ) Case No.
14                                    ) 14-cv-2753
      YAHOO!, INC.,                   )
15                                    )
                       Defendant.     )
16                                    )
      _____)
17
18                   HIGHLY CONFIDENTIAL
19              DEPOSITION OF AMIR DORON
20
21    Date and Time:   Thursday, July 31, 2014
                       9:27 a.m. - 12:21 p.m.
22
      Location:        1900 University Avenue
23                     East Palo Alto, California
24    Reporter:        Cammi R. Bowen, CSR
                       Certificate No. 13492
25
```

Page 1

CONFIDENTIAL

```
 1              IN THE UNITED STATES DISTRICT COURT
 2            FOR THE NORTHERN DISTRICT OF ILLINOIS
 3                      EASTERN DIVISION
 4
 5   RACHEL JOHNSON, on behalf of      )
     herself and all others           )
 6   similarly situated,              )
                                      )
 7                  Plaintiff,        )
                                      )
 8     vs.                            ) Case No.
                                      ) 14-cv-2028
 9   YAHOO!, INC.,                    )
                                      )
10                  Defendant.        )
                                      )
11   _____ )
     ZENAIDA CALDERIN,                )
12                                    )
                    Plaintiff,        )
13                                    )
       vs.                            ) Case No.
14                                    ) 14-cv-2753
     YAHOO!, INC.,                    )
15                                    )
                    Defendant.        )
16                                    )
     _____ )
17
18
19
20          Deposition of Amir Doron, taken before Cammi R.
21   Bowen, CSR, a Certified Shorthand Reporter for the State
22   of California, with principal office in the County of
23   Santa Clara, commencing on Thursday, July 31, 2014 at 9:27
24   a.m., at 1900 University Avenue, Suite 500, East Palo Alto,
25   California.
```

Page 2

CONFIDENTIAL

```
 1      A.   Engineering manager.

 2      Q.   Okay.

 3      A.   Software manager.

 4      Q.   I'm sorry.  What was that?

 5      A.   Software engineering.

 6      Q.   And I'm assuming you're also the software engineer at

 7      Yahoo -- software engineering manager at Yahoo!?

 8      A.   That's correct.

 9      Q.   Do you have any -- well, what's your highest level of

10      education?

11      A.   I've a masters in computer science.

12      Q.   Okay.  From where?

13      A.   From UCLA.

14      Q.   And your current address?

15      A.   8455 Lake Ben Avenue, San Diego, California, 92119.

16      Q.   Okay.  So do you work at a -- off -- a San Diego

17      office location for Yahoo!?

18      A.   Yes.  It's in Carlsbad, California.  It's in

19      San Diego County.

20      Q.   Okay.  Do you know Nitu Choudhary?

21      A.   I do.

22      Q.   Does she work at the same location?

23      A.   No.  She works in Sunnyvale.

24      Q.   So as a software engineering manager at Yahoo!, what

25      are your primary responsibilities?
```

Page 8

CONFIDENTIAL

```
 1    A.   Primary responsibilities are to -- it is to be a
 2    people manager for the people that report to me, to ensure
 3    that the correct processes are followed so that as we get
 4    requests for new -- new features, new products, that
 5    everything -- that the correct process is followed where
 6    we get requirements.  We are able to give proper estimates
 7    on how long it will take, and then come up with a design.
 8    And to implement and test and deploy the -- the changes.
 9    Q.   And you mean the changes in code?  Computer code?
10    A.   In computer code, yeah.
11    Q.   So do you actually have responsibility for writing
12    any computer code?
13    A.   No.
14    Q.   Okay.  And since 2004, that's been the case?  You --
15    A.   Yes.  That's correct.
16    Q.   Did you ever supervise Nitu Choudhary?
17    A.   No.
18    Q.   Okay.  Or maybe I'll ask it a different way.
19         Has she ever been under your management writing code?
20    A.   No.
21    Q.   Are you familiar with the Yahoo! PC2SMS system?
22    A.   I am.
23    Q.   When did you first become familiar with it?
24    A.   It was about eight months ago when the responsibility
25    for that system was transferred from Sunnyvale to the
```

Page 9

CONFIDENTIAL

1      San Diego office.

2      Q.    Okay.   And who was the engineering manager at the

3      San Diego office that transferred responsibility?

4            Or, who had management over the PC2SMS system at the

5      San Diego office?

6      A.    You mean -- I -- that was me.   It was transferred

7      to -- to me.

8      Q.    I'm sorry.   The Sunnyvale office.

9      A.    I believe it was Krishna Penmetcha, but . . .

10     Q.    Okay.

11     A.    I don't know.

12     Q.    Okay.   And that was the manager of Nitu Choudhary?

13     A.    I think so.

14     Q.    Okay.   Did you write any of the code in the PC2SMS

15     system?

16     A.    No.

17     Q.    Okay.   And you've -- have you ever reviewed the code

18     for the PC2SMS system?

19     A.    I reviewed parts of it.

20     Q.    Okay.   When did you do that?

21     A.    When responsibilities was transferred -- was

22     transferred to San Diego, we held a -- a transfer -- a

23     knowledge transfer session.

24     Q.    Okay.

25     A.    And we looked at some parts of the code at that time.

Page 10

CONFIDENTIAL

1                    REPORTER'S CERTIFICATE

2

3

4            I, the undersigned Certified Shorthand Reporter

5    holding a valid and current license issued by the State of

6    California, do hereby certify:

7            That said proceedings were taken down by me in

8    shorthand at the time and place therein set forth and

9    thereafter transcribed under my direction and supervision.

10           I further certify that I am neither counsel for

11   nor related to any party to said action, nor in any way

12   interested in the outcome thereof.

13           The dismantling, unsealing, or unbinding of the

14   original transcript will render the Reporter's certificate

15   null and void.

16           IN WITNESS WHEREOF, I have subscribed my name on

17   this date: _____.

18

19

20

21

22                              _____

23                              Cammi R. Bowen, CSR

24                              CERTIFICATE NO. CSR 13492

25

                                                    Page 90

## <u>CERTIFICATE OF SERVICE</u>

I, John Auchter, the undersigned attorney, hereby certify that on the 8th day of October, 2014, I caused to be served a copy of the within and foregoing Memorandum of Law in Support of Plaintiffs' Motion to Transfer to the Southern District of California via the Court's CM/ECF system, on all counsel of record.

/s/ John Auchter