UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RACHEL JOHNSON, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 14-cv-2028 |
| v. | ) ) | Honorable Judge Manish Shah |
| YAHOO! INC., | ) ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) ) ) | |
| ZENAIDA CALDERIN, | ) ) | |
| Plaintiff, | ) ) | Case No. 14-cv-2753 |
| v. | ) ) | Honorable Judge Manish Shah |
| YAHOO! INC., | ) ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) ) | |

**DEFENDANT YAHOO! INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER TO THE SOUTHERN DISTRICT OF CALIFORNIA**

Plaintiffs' Rachel Johnson and Zenaida Calderin (collectively "Plaintiffs") seek transfer to the Southern District of California (Doc. Nos. 67 and 68) (collectively "Plaintiffs' Motion"). Defendant Yahoo! Inc. ("Yahoo") hereby responds in opposition to Plaintiffs' Motion. Plaintiffs as the movants have the burden of showing that the transferee forum is clearly more convenient than the transferor forum. Since they have failed to meet this standard, this Court must deny Plaintiffs' Motion.

## INTRODUCTION

Over six months after commencing these consolidated actions in the Northern District of Illinois, Plaintiffs now seek transfer of these actions to the Southern District of California,[1] presumably to avoid an adverse summary judgment ruling. Although Plaintiffs argue in a conclusory fashion that transfer "will be more convenient for the parties and will serve the interests of the judicial system" (Doc. No. 68 at 2), these arguments ring hollow where, as here, substantial progress has occurred and Plaintiffs have deliberately availed themselves of this jurisdiction. Indeed, when Yahoo sought to stay discovery in these actions, Plaintiffs opposed such a stay, arguing that a stay of these proceedings "would unjustifiably delay Plaintiffs in presenting their motions for class certification." (Doc. No. 45 at 3). On July 3, 2014, this Court denied Yahoo's motion to stay discovery, and discovery has proceeded unabated. At a July 3, 2014 hearing on Yahoo's motion, this Court inquired about the status of the *Sherman* case. (Doc. 47 (Tr. of Proceedings) at 2-3). At this hearing, Plaintiffs made no mention of the possibility of seeking transfer. Two weeks later, on July 17, 2014, Plaintiffs proposed a discovery deadline for **all** discovery of January 24, 2015. (Doc. No. 48 at 4). At no time prior to Plaintiffs' motion to transfer, did Plaintiffs suggest to this Court that they would seek transfer to the Southern District of California. This is all the more disconcerting, given that the *Sherman* case has been pending since January 8, 2013, over fourteen months prior to the commencement of the *Johnson* action, a fact known to these Plaintiffs from the outset of this litigation. Plaintiffs offer no excuse for their six month delay in seeking transfer or their sudden change of heart, having caused Yahoo to incur substantial costs in defending these consolidated actions. Indeed,

---

[1] These consolidated actions are part of a series of class action litigation filed against Yahoo relating to Yahoo's alleged violation of the Telephone Consumer Protection Act ("TCPA"). In *Dominguez v. Yahoo! Inc.,* Case No. 13-cv-01887 (E.D. Pa.), Judge Baylson of the Eastern District of Pennsylvania granted Yahoo's Motion for Summary Judgment on March 20, 2014. (Document No. 55). The plaintiffs in that case have appealed the judgment granted in favor of Yahoo to the Third Circuit, where it is now pending as Case No. 14-1751.

on September 29, 2014 the parties advised the court in *Sherman v. Yahoo*, No. 13-cv-0041 (SD Cal.), that on September 25, 2014, counsel for Plaintiff reached an agreement with counsel in these consolidated actions to seek transfer and consolidation of these consolidated actions with *Sherman*. The parties further advised the court that Yahoo would oppose transfer and consolidation. (See Join Motion to Stay Discovery Pending Outcome of a Motion to Consolidate Actions, attached hereto as Exhibit A.) As a result, Plaintiffs' belated desire to seek transfer is born out of some untold agreement between counsel, as opposed to the convenience of the parties or the interests of the judicial system.

Plaintiffs' opportunity to select their venue of choice occurred when they filed these consolidated actions. Plaintiffs chose to file these actions in the Northern District of Illinois where they each reside and where their alleged harm took place. These consolidated cases have since made substantial progress including: 1) Yahoo's filed answer; 2) Yahoo's motion for summary judgment (which will be fully briefed on October 24); 3) written discovery; 4) the deposition of Plaintiffs' expert Randall Snyder; 5) the deposition of Yahoo's expert Monica Desai; 6) the deposition of Yahoo's engineering manager Amir Doron; 7) the deposition of Yahoo's senior software engineer Nitu Choudhary. Notably, the depositions of Doron and Choudhary took place in northern California without inconveniencing any party. Going forward, Plaintiffs will be deposed at the Chicago offices of Greenberg Traurig.[2]

These cases, in this Court, are on track to continue making real progress toward a disposition, and likely will receive a ruling on Yahoo's motion for summary judgment in the near term. Recognizing the significant progress that has been made to date, there is no question that Plaintiffs' initial venue selection has been appropriate and convenient.

---

[2] Rachel Johnson's deposition is scheduled to take place on October 29, 2014. Zenaida Calderin's deposition is scheduled to take place on November 20, 2014. Both plaintiffs recently answered written discovery.

The only attraction of a transfer to the Southern District of California is the pending *Sherman* case. Considering that Plaintiffs' have not offered a concrete reason why the Southern District of California is more convenient to them, that significant progress has taken place thus far before this Court, and being mindful of the motion for summary judgment pending before this Court, Plaintiffs' motion to transfer has all the trappings of forum shopping. Preference for a different court does not make a transfer more convenient and is not one of the relevant factors for transfer. Plaintiffs have not met the burden necessary to receive a transfer, and therefore their motion must be denied.

## STANDARD

28 U.S.C. §1404(a) provides, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "A court may transfer a case if the moving party shows that (1) venue was proper in the transferor district; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice." *Cent. States v. LaCasse*, 254 F. Supp. 2d 1069, 1072-73 (N.D. Ill. 2003) (citations omitted). As the moving party, Plaintiffs have "the burden of showing that the transferee forum is <u>clearly more convenient</u>" than the transferor forum. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (emphasis supplied) (citations omitted); *see also Cent. States v. LaCasse*, 254 F. Supp. 2d at 1073.

## ARGUMENT

**I. PLAINTIFFS HAVE NOT ESTABLISHED THAT THE SOUTHERN DISTRICT OF CALIFORNIA IS THE "CLEARLY MORE CONVENIENT" VENUE**

"When evaluating the convenience of the parties, factors a court should consider include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access

4

to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties of pursuing the case in either forum." *Hinc v. Lime-O-Sol Co.*, 231 F. Supp. 2d 795, 796 (N.D. Ill. 2002) (citations omitted).

Plaintiffs have not suggested that the Northern District of Illinois is an inconvenient venue. Nor could they, having chosen the forum and availed themselves of this forum for the past six months. Instead, they have offered makeweight arguments to try to show that the Southern District of California is a plausible venue. Plausibility is not the standard. As a result, they have not met the burden of establishing that the Southern District of California is "clearly more convenient" than the Northern District of Illinois. Plaintiffs' arguments are grounded almost entirely on the location of a single Yahoo office located in Carlsbad, California, which is within San Diego County. Plaintiffs mention only in passing, however, that Yahoo's corporate headquarters are located in Sunnyvale, California. (Doc. No. 68 at 6). According to its website, Sunnyvale is located in the heart of the Silicon Valley in Santa Clara County. http://sunnyvale.ca.gov. Sunnyvale is located approximately 470 miles from San Diego. Plaintiffs rely on a small portion of Amir Doron's deposition to support their motion. Mr. Doron testified that he is an engineering manager and that in that capacity, he was responsible for, among many other responsibilities, maintaining the PC2SMS system (Doc. No. 28-3, ¶ 6). Significantly, he is not responsible for writing code. (Exhibit B, Doron Dep. 9:11-13, July 31, 2014). Instead, Nitu Choudhary, a senior software engineer located in Sunnyvale, wrote the source code for the PC2SMS system. (Exhibit C, Choudhary Dep. 93:8-9, July 30, 2014). While it is true that at the time of his deposition, Amir Doron's office was located in Carlsbad, that office presently houses only a small number of employees, none of whom currently are responsible for overseeing the PC2SMS system. Indeed, the PC2SMS system that lies at the

heart of these consolidated actions is once again overseen by engineers located in of Yahoo's Sunnyvale office, which is where the system was developed and, but for approximately eighteen months, where the principal engineers responsible for maintaining the PC2SMS system have been employed. (Exhibit D, Vyas Aff. ¶¶ 3 and 4).

### A. Plaintiffs' Motion is Untimely and Does Not Warrant Deferential Consideration

Plaintiffs' choice of venue was entitled to due weight when they commenced these actions in the Northern District of Illinois. Now that Plaintiffs have had a change of heart and Yahoo has filed a responsive pleading and a dispositive motion, Plaintiffs' desires no longer warrant deferential consideration. "The federal venue statue is designed to protect defendants, not plaintiffs, from a potentially unfavorable venue." *Hostetler v. Dillard*, No. 3:13CV351, 2013 WL 4459070, at *2 (S.D. Miss. Aug. 20, 2013) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979)). The United States Supreme Court in *dicta* has recognized that a plaintiff relinquishes the right to object to venue by bringing a lawsuit in a particular district. *Olberding v. Ill. Cent. Ry. Co.*, 346 U.S. 338, 340 (1953). The Eleventh Circuit has even recognized this principle as a "general rule." *Manley v. Ingram*, 755 F.2d 1463, 1468 (11th Cir. 1985). Plaintiffs' motion is simply untimely now that Yahoo has filed an answer, as well as motion for summary judgment. *Hostetler*, 2013 WL 4459070, at *2 ("Given that Defendant filed a responsive pleading prior to Plaintiff's motion to transfer venue and given Defendant's objection to a transfer of venue, the Court finds that Plaintiff's request for a transfer of venue is now untimely.").

### B. Illinois, and Not Southern California, is the Situs of Material Events

Plaintiffs are both Illinois residents who allege that they were harmed when they received text messages on their personal cell phones. (Doc. No. 1, ¶¶ 5, 6, 19 and 37; Case No. 1:14-cv-

6

02753, Doc. No. 1, ¶¶ 6, 11 and 20).[3] Plaintiff Calderin even explicitly stated, "[v]enue is proper in [the Northern District of Illinois] because Yahoo's violation of the TCPA took place in this District." (Case No. 1:14-cv-02753, Doc. No. 1, ¶ 9). By Plaintiffs' very allegations, the harm at the root of these cases occurred when they received allegedly unsolicited text messages on their mobile phones. Plaintiffs' purported injuries took place in Illinois and thus warrant adjudication before this Court.

All Plaintiffs can offer on this point is the statement that the relevant Yahoo system "is managed by the employees operating out of its San Diego office." (Doc. No. 68 at 7). As set forth above, however, Yahoo's corporate headquarters are located in Sunnyvale, California and the PC2SMS system currently is managed from that location and not San Diego. (Exhibit D, Vyas Aff. ¶¶ 1 and 4).

      **C.    Evidence is Located In Illinois and Northern California, not Southern California**

Evidence regarding these plaintiffs' claims is located in Illinois. Yahoo's records regarding the PC2SMS system are located in Sunnyvale. (Exhibit D, Vyas Aff. ¶ 2). Moreover, Yahoo has already produced to Plaintiffs records regarding the PC2SMS system and operations without difficulty. Indeed, as this Court is well aware Yahoo agreed to produce to Plaintiffs the source code and commentary underlying Yahoo's PC2SMS Service. (Doc. No. 53). That production took place in Chicago. Similarly, evidence related to the Plaintiffs' claims is expected to be in Illinois, where they reside and work. Considering that no evidence is in the Southern District of California, while Plaintiffs' evidence is in the Northern District of Illinois, the location of the evidence weighs in favor of denying a transfer.

---

[3] Johnson has been a named plaintiff in three additional putative class actions pending in the Northern District of Illinois. *See* Rachel Johnson's Response to Defendants' First Set of Discovery Requests at 3, attached hereto as Exhibit E. Having chosen to litigate three additional times in the Northern District of Illinois, Plaintiff Johnson can hardly complain that doing so now is inconvenient.

D.   The Convenience of the Witnesses Favors Illinois as a Forum

"The party seeking transfer must clearly specify the key witnesses to be called and make a general statement of their testimony." *Chem. Waste Mgmt. Inc. v. Sims*, 870 F. Supp. 870, 876 (N.D. Ill. 1994) (citations omitted). Plaintiffs have only identified one witness to support their request for transfer. Remarkably, this witness is Amir Doron, who Plaintiffs have already deposed. It is true that Doron worked in Yahoo's Carlsbad office at the time of his deposition; however, that office is no longer responsible for maintaining the PC2SMS system. (Exhibit D, Vyas Aff. ¶ 4). Plaintiffs do not specify any other witnesses in support of their request to transfer. They vaguely suggest there are additional witnesses in California, and even recognize that these witness may be in northern California. They summarily state that because the witnesses are in the same state as the Southern District of California that the district is "significantly more convenient." (Doc. No. 68 at 8). They fail to recognize that the Southern District of California is approximately 470 miles away from Yahoo's Sunnyvale, California headquarters. (Exhibit D, Vyas Aff. ¶ 1). This is greater than the distance between the Northern District of Illinois and Pittsburgh, which is three states and two appellate circuits to the east, to put the distance into perspective. Since Plaintiffs cannot identify any witnesses within the Southern District of California, this factor weighs in favor of denying transfer.

E.   The Convenience of the Parties Favors Illinois as a Forum

Plaintiffs reside in Illinois and Yahoo has invested substantial time and money defending these cases in Illinois. No party has any significant connection with the Southern District of California. Considering that a transfer that "merely shift[s] the burden from one party to the other[ ] militates against transfer," an opposed transfer that burdens both parties certainly cannot be sanctioned. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167, 1169 (N.D. Ill. 1995).

Once again Plaintiffs have assumed that a transfer to the Southern District of California will be more convenient for Yahoo without taking into account the hundreds of miles separating its offices from the district. From Yahoo's perspective, once the venue is outside of geographic proximity from its operations, it is not more convenient to litigate in a forum that is technically within the same state but a plane ride away. As this Court has recognized, "[t]echnological advances have substantially reduced the burden of having to litigate in a distant forum." *Von Holt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 190 (N.D. Ill. 1995). Yahoo has no objections to defending this matter in the Northern District of Illinois, and in fact prefers this venue in light of the investment it has made defending the cases here.

Plaintiffs' Motion fails to even acknowledge that they themselves reside in the Northern District of Illinois. The omission of this information implies that this Court is the most convenient venue for them or else they would have stated otherwise. The Northern District of Illinois is convenient to all parties. The Southern District of California is convenient to no one.

## II. THE INTERESTS OF JUSTICE DO NOT FAVOR A TRANSFER

Contrary to Plaintiffs' assertions, the relative congestion of the dockets in this District, as compared to with the Southern District of California, does not favor transfer. Plaintiffs' Motion references the Federal Court Management Statistics for the proposition that the average time from filing to trial for civil actions is shorter in the Southern District of California than here. (Doc. No. 68 at 9). However, the more relevant statistic from the same report is that the median time <u>from filing to disposition</u> is for all practical purposes identical between the two districts; 6.8 months for the Southern District of California and 6.9 months for the Northern District of Illinois. In fact, these districts are nationally ranked 13th and 14th for speed in proceeding from filing to disposition. Moreover, *Sherman* has already been pending for over twenty months, thus undermining these statistics.

9

It is also not in the interest of justice to transfer these cases while a motion for summary judgment is pending before this Court. *Murray v. Nationwide Better Health*, No. 10-3262, 2012 WL 4481220, at *2 (C.D. Ill. Sept. 28, 2012) (citing a pending motion for summary judgment as a reason not to grant a plaintiff's request for transfer). A transfer will without a doubt delay the case. When Plaintiffs have thus far insisted that discovery march forward while the motion for summary judgment is pending, it begs the question why they are now requesting a change that will stop the case in its tracks until the transfer takes place and the transferee court gets up to speed. The motion for summary judgment will be fully briefed on October 24 and all that will remain is a ruling from this Court. Waiting to file a transfer motion until after an answer has been filed, after a motion for summary judgment has been filed, after discovery has started, after two Yahoo depositions have taken place, after two expert depositions have taken place, after Plaintiffs' depositions have been scheduled, and when a ruling on the motion for summary judgment is forthcoming, smacks of delay.

Plaintiffs have not offered one reason why it would be in their interest or more convenient for them to transfer these cases. They have only speculated that it would be easier on Yahoo, which Yahoo denies. Plaintiffs had their chance to use venue to their advantage when they decided where to file their case. With no compelling factor to meet Plaintiffs' burden of proving that the Southern District of California is <u>clearly more</u> convenient than this Court, it is in the interest of justice to keep these cases moving along in this Court instead of dragging things out with a transfer. It is in the interest of justice to stay the course and have the parties continue discovery on schedule while this Court issues a ruling on summary judgment, and therefore Plaintiffs' Motion should be denied.

## **CONCLUSION**

For the foregoing reasons, Yahoo! Inc. respectfully requests that this Court deny Plaintiffs' Motion to Transfer to the Southern District of California.

Dated: October 24, 2014					YAHOO! INC.

							By: /s/ Francis A. Citera
							  One of Its Attorneys

Francis A. Citera (ARDC # 6185263)
Lucia L. Marker-Moore (ARDC # 6306511)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Tel: (312) 456-8400
Fax: (312) 456-8435
citeraf@gtlaw.com
markermoorel@gtlaw.com

Ian C. Ballon (Appearing *Pro Hac Vice*)
Lori Chang (Appearing *Pro Hac Vice*)
Justin Barton (Appearing *Pro Hac Vice*)
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel: (310) 586-7700
Fax: (310) 586-7800
ballon@gtlaw.com
changl@gtlaw.com
bartonju@gtlaw.com

## **CERTIFICATE OF SERVICE**

      I, Francis Citera, hereby certify that on October 24, 2014, I electronically filed ***Defendant Yahoo! Inc.'s Opposition to Plaintiffs Motion to Transfer to the Southern District of California*** to be served by the Clerk of the Court via the ECF system upon all attorneys of record who are registered for electronic filing.

                                           /s/ Francis A. Citera