UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RACHEL JOHNSON and ZENAIDA CALDERIN,<br><br>   Plaintiffs,<br><br>  v.<br><br>YAHOO!, INC.,<br><br>   Defendant. | Nos. 14 CV 2028<br>   14 CV 2753<br><br>Judge Manish S. Shah |

**ORDER**

Plaintiffs' motion to compel [115] is granted in part, denied in part. No later than June 30, 2015, T-Mobile, Inc. shall provide an affidavit (to the parties) attesting to the existence of historical subscriber information for the numbers and time period at issue, as well as T-Mobile's capacity to generate that data.

**STATEMENT**

Plaintiffs have a list of telephone numbers that were sent a "Welcome Message" by Yahoo!'s PC2SMS system in April 2014. Plaintiffs issued a subpoena to T-Mobile requesting the subscriber information for those numbers associated with T-Mobile accounts (nearly 30,000 numbers). Plaintiffs are particularly concerned with being able to meet defendants' arguments in opposition to class certification on the basis of ascertainability (and likely other arguments that relate to whether a class determined by historical subscriber information for mobile telephone numbers is appropriate for this type of case). T-Mobile objects to the subpoena as premature and burdensome.

The subpoena was not premature. Plaintiffs were entitled to conduct discovery on all issues (including issues that may relate to class notice) and the current schedule requires all fact and expert discovery to be completed by June 26. T-Mobile points out that compiling the data will compete with its processing of law enforcement requests, and that is a burden. In addition, T-Mobile is dubious that the actual subscriber information would be useful at this stage of the case. That argument is less compelling since T-Mobile is not a party here, and its view on the value of the information is not entitled to much weight. I find that the data is relevant to ascertainability and other class certification issues, as well as being

necessary in the event a class is certified. The burden of compliance placed on T-Mobile does not outweigh the data's utility.

That said, I am persuaded that for present purposes, it is sufficient to require T-Mobile to attest that it has in its possession the historical subscriber records for the subpoenaed numbers, including the name and address of the subscriber, and that it has the capacity to produce that information. T-Mobile must also represent whether it has the social security numbers of the subscribers. Sprint has already provided its subscriber information, and the parties can make all the arguments in support of their class certification positions based on the Sprint data and the fact that (as I expect) T-Mobile has the same or similar data. I have taken into account Yahoo!'s concerns that production of additional subscriber information at this stage would lead to delays in the current briefing schedule, and I conclude that no modification of the schedule is necessary in light of the limited disclosure required by this order. T-Mobile shall provide its attestation to the parties by 6/30/15.

T-Mobile would be well-advised to begin compiling the subscriber information now because if I conclude that I cannot resolve the class certification motion without the T-Mobile subscriber information, I will compel T-Mobile to produce it on a short timetable. (At that point, I will address whether production of California, Delaware, and Pennsylvania subscriber information is appropriate, and I will also address whether additional briefing is necessary.)

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 6/24/15