IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RACHEL JOHNSON, on behalf of herself and all others similarly situated, </br></br>　　　　Plaintiff, </br></br>　　v. </br></br>YAHOO! INC., </br></br>　　　　Defendant. | Case No. 14-cv-2028 |

## ORDER APPROVING CLASS NOTICE

This matter came before the Court on Plaintiff's Amended Motion to Approve Class Notice (Doc. 252). For the reasons stated in open court, the motion is granted. The Court further finds and orders as follows:

1. The Court approves the notice plan set forth in Plaintiff's Amended Motion to Approve Class Notice (Doc. 252) (the "Notice Plan"). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances.

2. The Court appoints Kurtzman Carson Consultants ("KCC") as the Notice Administrator.

3. The Court orders Plaintiff and KCC to disseminate Notice in accordance with the Notice Plan and (1) mail forms A-D of the Double Postcard Notice (*see Doc. 252-1* at ex. A-D) (2) begin the Facebook newsfeed campaign (*see id.* at ¶ 35; *id.* at ex. E), (3) establish the website, toll-free number, and email address for class member inquiries (*see id.* at ¶¶ 36-39), (4) post the long form notice and other required documents on the website (*see id.* at ex. F), and (5) issue a modified version of the proposed press release, with the headline modified to now read "Court Approves Text Message Class Action against Yahoo, Orders Notice of Lawsuit that May

Provide $500–$1500 per Text Message, Announces Keogh Law, LTD" (*cf. id.* at ex. G) no later than **January 11, 2017 ("Notice Deadline")**.

4. KCC must file with the Court, not later than thirty-five (35) days after the Notice Deadline, proof that notice was provided in accordance with this order.

5. KCC shall keep a copy of all responses and correspondence, of any type, received in response to the notice, and shall promptly provide copies of the responses and correspondence to counsel for Plaintiff and Yahoo. This includes, but is not limited to any responses in which a notice recipient or Sprint reseller has provided KCC with the name and address of the user of the telephone line at issue.

6. Class members who wish to exclude themselves from the Class must do so by submitting a written request no later than **March 13, 2017 ("Exclusion Deadline")**, in compliance with requirements set forth in the long form notice. Each form of notice must advise that exclusion requests may be submitted electronically or in hard copy, but in either case must: (i) include the full name, address, telephone number, and signature (or electronic signature, where submitted electronically) of the person in the Class requesting exclusion; and (ii) include a statement indicating that the class member wants to be excluded from the Class in *Johnson v. Yahoo!, Inc.*, 14-cv-2028. Requests sent in hard copy shall be timely if postmarked on or before March 13, 2017. No request for exclusion will be valid unless it contains all of the foregoing information.

7. KCC must retain a copy of all requests for exclusion and file with the Court, not later than twenty-one (21) days after the Exclusion Deadline, a list of all exclusion requests received.

8.     Plaintiff and KCC are hereby authorized to use all reasonable procedures in connection with the Notice Plan that are not materially inconsistent with this Order, including making, without further approval of the Court, minor changes to the form or content of the Class Notice that the Parties jointly agree are reasonable and necessary.

Enter:

Date: 12/12/2016

Manish S. Shah
United States District Judge