**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RACHEL JOHNSON, | ) | Case No. 14-cv-2028 |
| | ) | |
| Plaintiff, | ) | U.S. District Judge Manish S. Shah |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| YAHOO! INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>DEFENDANT YAHOO! INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR RECONSIDERATION
OF MOTION FOR SUMMARY JUDGMENT</u>**

Robert A. Chapman (ARDC #6191210)
David A. Wheeler (ARDC #6270817)
Chapman Spingola LLP
190 South LaSalle Street, Suite 3850
Chicago, IL 60603
Tel: 312.630.9202
Fax: 312.630.9233
RChapman@chapmanspingola.com
DWheeler@chapmanspingola.com

Scott A. Edelman (Appearing *Pro Hac Vice*)
Christopher Chorba (Appearing *Pro Hac Vice*)
Timothy W. Loose (Appearing *Pro Hac Vice*)
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel: 213.229.7000
Fax: 213.229.7520
SEdelman@gibsondunn.com
CChorba@gibsondunn.com
TLoose@gibsondunn.com

## TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ...................................................... 1

II. BACKGROUND ................................................................................................................. 2

III. ARGUMENT ...................................................................................................................... 3

    A. The Court Should Grant Summary Judgment For Yahoo Based On The Intervening Change In Law And The Court's Prior Conclusion That Yahoo's System Did Not Meet The Statutory Definition Of An ATDS ...................................... 4

    B. Plaintiff Cannot Avoid The *ACA International* Decision That Invalidated The FCC's Orders ................................................................................................................... 6

IV. CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A Custom Heating & Air Conditioning, Inc. v. Kabbage, Inc.*,
No. 16-2513-HDL, 2018 WL 488257 (N.D. Ill. Jan. 18, 2018) .................................................5

*ACA Int'l v. FCC*,
885 F.3d 687 (D.C. Cir. 2018) ........................................................................................ *passim*

*Bais Yaakov of Spring Valley v. FCC*,
852 F.3d 1078 (D.C. Cir. 2017) .................................................................................................10

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*,
906 F.2d 1185 (7th Cir. 1990) .....................................................................................................3

*Dominguez v. Yahoo, Inc.*,
No. 17-1243, __ F.3d ___, 2018 WL 3118056 (3d Cir. June 26, 2018).....................1, 5, 9, 10

*Herrick v. GoDaddy.com LLC*,
No. 16-254, 2018 WL 2229131 (D. Ariz. May 14, 2018) .................................................9, 10

*King v. Time Warner Cable Inc.*,
No. 15-2474, __ F.3d ___, 2018 WL 3188716 (2d Cir. June 29, 2018)...............................5, 9

*Marshall v. CBE Grp., Inc.*,
No. 16-2406, 2018 WL 1567852 (D. Nev. Mar. 30, 2018) ............................................8, 9, 10

*Satterfield v. Simon & Schuster, Inc.*,
569 F.3d 946 (9th Cir. 2009) .......................................................................................................5

*Sessions v. Barclays Bank Del.*,
No. 17-1600, 2018 WL 3134439 (N.D. Ga. June 25, 2018)...............................................9, 10

**Statutes**

47 U.S.C. § 227 ...............................................................................................................................1

47 U.S.C. § 227(a)(1)................................................................................................................4, 5, 6

**Regulations**

*In re Rules and Regulations Implementing the Telephone Consumer Protection
Act of 1991*, 18 FCC Rcd. 14,014 (July 3, 2003)........................................................................4

*In re Rules and Regulations Implementing the Telephone Consumer Protection
Act of 1991*, 23 FCC Rcd. 559 (Jan. 4, 2008) ...........................................................................4

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 15,391 (Nov. 29, 2012)....................................................................4

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961 (July 10, 2015).........................................................4

**Other Authorities**

Brief for Respondents, *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir. Jan. 15, 2016) ........................7

FCC, *Consumer and Governmental Affairs Bureau Seeks Comment on Interpretation of the Telephone Consumer Protection Act in Light of the D.C. Circuit's ACA International Decision*, Nos. 18-152, 02-278, 18-493, 2018 WL 2253215 (May 14, 2018)...................................................................................................8

FCC, *In re Advanced Methods to Target and Eliminate Unlawful Robocalls*, No. 17-59, 2018 WL 1452721 (Mar. 23, 2018).............................................................8

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

This Court should reconsider its summary judgment ruling and order judgment in favor of Yahoo because Plaintiff cannot establish an essential element of her claim under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA")—namely, Plaintiff fails to present any facts showing that the text message at issue was sent by an automatic telephone dialing system ("ATDS").

When Yahoo previously moved for summary judgment (*see* Dkt. 26), this Court determined that "if tasked with applying only the statute's language, [the Court] would conclude that Yahoo!'s system does not constitute an ATDS because the PC2SMS service [that sent the Welcome Message] does not use a random or sequential number generator." (Dkt. 89 at 7.) The Court nevertheless concluded that it could not grant Yahoo's motion for summary judgment because at the time, the Court deemed it was "b[ou]nd . . . to the FCC's interpretation" of an ATDS, even though the FCC's definition "conflict[ed] with the statutory requirement that an ATDS have the capacity 'to store or produce telephone numbers to be called, *using a random or sequential number generator*.'" (*Id.* (quoting 47 U.S.C. § 227(a)(1)).)

But the law has changed dramatically since Yahoo brought that motion. In *ACA International v. FCC*, 885 F.3d 687 (D.C. Cir. 2018), the United States Court of Appeals for the D.C. Circuit struck down the FCC's "pertinent pronouncements" regarding its expansive definition of an ATDS. *Id.* at 701. Following *ACA International*—which, as a consolidated petition, is binding on district courts nationwide—the TCPA's plain text once again provides the controlling definition of what constitutes an ATDS. For example, the Third Circuit recently followed *ACA International*'s instruction to apply the statutory language of the TCPA, concluded that a similar Yahoo text messaging service did not constitute an ATDS under the statute, and affirmed summary judgment in Yahoo's favor. *See Dominguez v. Yahoo, Inc.*, No. 17-1243, __ F.3d ___, 2018 WL 3118056, at *4 (3d Cir. June 26, 2018). This Court likewise has already carefully reviewed the factual record on summary judgment and concluded that "the PC2SMS service does not use a random or sequential number generator." (Dkt. 89 at 7.) The

Court should therefore reconsider its prior summary judgment ruling based on this new authority and enter judgment as a matter of law in Yahoo's favor, because the Welcome Message that Plaintiff received did not come from a system that met the statutory definition of an ATDS.

## II.    BACKGROUND

On December 11, 2014, this Court entered its order on Yahoo's motion for summary judgment. (*See* Dkt. 89.) In its order, the Court explained that the record showed Yahoo's PC2SMS system (which is no longer in use) did not meet the statutory criteria for an ATDS, as defined by the plain text of the TCPA. (*Id.* at 7.) The Court stated, "[i]f tasked with applying only the statute's language, [the Court] would conclude that Yahoo!'s system does not constitute an ATDS because the PC2SMS service does not use a random or sequential number generator." (*Id.*) The summary judgment record included the following pieces of evidence and testimony to support this conclusion—none of which has changed:

- Yahoo's engineer, Amir Doron, testified that "[t]he PC2SMS Service cannot on its own generate telephone numbers to receive text messages," and "do[es] not have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to call those numbers." (Dkt. 28-3 [Doron Decl.] ¶¶ 7–8.)

- Additionally, Mr. Doron explained that "[t]he PC2SMS Service does not incorporate components that are capable of producing random or sequential telephone numbers on their own." (*Id.* ¶ 11.) The system "would have to be completely reengineered[,] which would require months of modifications[,] for it to be able to generate random or sequential telephone numbers." (*Id.*)

- Plaintiff's expert witness, Randall Snyder, also testified that he did not believe the "PC2SMS system has the capacity to generate numbers" or that the "PC2SMS system has the capacity to simply generate numbers that aren't input[ted] by a user or in an address book." (Dkt. 82-1, Ex. A [Snyder Dep. Tr.] at 190:18–23.) Plaintiff's expert thus concluded that there was "*no evidence whatsoever* that the overall Yahoo! Messenger system actually generates numbers out of whole cloth or thin air in order to send out text messages." (*Id.* at 190:24–191:2 (emphasis added).)

While acknowledging that these undisputed facts established that Yahoo's system did not meet the statutory definition of an ATDS, the Court also observed that, at the time, the FCC had defined an ATDS more broadly. In the FCC's view, an ATDS was any system with "the

capacity to dial stored numbers without human intervention." (Dkt. 89 at 6.) Although "the FCC's interpretation on this point conflict[ed] with the statutory requirement that an ATDS have the capacity 'to store or product telephone numbers to be called, *using a random or sequential number generator*,'" the Court determined that under the Hobbs Act, it was "b[ou]nd . . . to the FCC's interpretation." (*Id.* at 7.) Thus, even though there was no genuine issue of material fact as to whether Yahoo's PC2SMS system met the statutory definition of an ATDS, there was a genuine dispute as to whether it qualified under the FCC's definition. (*Id.* at 13.) The Court therefore denied Yahoo's motion for summary judgment. (*Id.*)

The governing law changed on March 16, 2018, when the United States Court of Appeals for the D.C. Circuit "set aside the Commission's explanation of which devices qualify as an ATDS," holding that the regulatory definition espoused in its orders was "an unreasonably, and impermissibly, expansive one." *ACA Int'l*, 885 F.3d at 695, 700.

## III. ARGUMENT

Reconsideration "performs a valuable function" and should be granted when there is a "controlling or significant change in the law . . . since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Following the United States Court of Appeals' decision in *ACA International*, this Court requested the parties to "brief the application of [that decision] to the preexisting summary judgment record." (Dkt. 315 at 1.)

Under *ACA International*, the FCC definition that the Court previously concluded it was bound to apply is no longer valid, which means that the Court now ***is tasked only*** with applying the statutory definition of an ATDS. Because the Court has already concluded that the undisputed facts demonstrated that Yahoo's system did not meet the statutory definition, the Court should reconsider its order denying Yahoo's motion for summary judgment, apply the statutory definition of an ATDS, and grant summary judgment in favor of Yahoo.

**A.** **The Court Should Grant Summary Judgment For Yahoo Based On The Intervening Change In Law And The Court's Prior Conclusion That Yahoo's System Did Not Meet The Statutory Definition Of An ATDS**

There has been a controlling and significant change in the law since the Court denied Yahoo summary judgment in 2014 based on the FCC's definition of an ATDS. (*See* Dkt. 89.) In short, the FCC's definition no longer has any authoritative or persuasive value.

The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). From as early as 2003, the FCC promulgated its own expansive definition of an ATDS that strayed from the statutory text. Beginning with a 2003 order, the FCC concluded that a predictive dialer—a device that dials from a "given set of numbers," and not randomly or sequentially—was an ATDS under the TCPA because it had the "basic function" that the FCC believed was necessary to qualify as an ATDS: "the *capacity* to dial numbers without human intervention." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14,014, 14,092 (July 3, 2003) ("2003 Order"). The FCC reaffirmed that expansive definition in its 2008, 2012, and 2015 orders, declaring that notwithstanding the plain language of the statute, a device could be an ATDS "regardless of whether the numbers are randomly or sequentially generated." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 15,391, 15,392 n.5 (Nov. 29, 2012) ("2012 Order"); *see also In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 566 (Jan. 4, 2008) ("2008 Order"); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7971–72, 7975 (July 10, 2015) ("2015 Order").

The long-standing, sweeping definition of an ATDS promulgated in the FCC's orders "generated substantial questions over the years," and in 2018, the D.C. Circuit finally vacated the FCC's definition in *ACA International*, holding that it was an "unreasonably expansive interpretation of the statute." 885 F.3d at 692. The court expressed concern that the FCC's definition "embrac[ed] any and all smartphones," resulting in a regulatory scheme that

"assume[d] an eye-popping sweep"—even though "[t]he TCPA cannot reasonably be read to render every smartphone an ATDS subject to the Act's restrictions." *Id.* at 697. As a consolidated petition challenging a federal regulation, the D.C. Circuit's decision is binding on district courts nationwide. *See, e.g.*, *A Custom Heating & Air Conditioning, Inc. v. Kabbage, Inc.*, No. 16-2513-HDL, 2018 WL 488257, at *3 (N.D. Ill. Jan. 18, 2018) (holding the D.C. Circuit's consolidated review of FCC's TCPA regulation was "binding in the Seventh Circuit").

In particular, the D.C. Circuit held that "in describing the functions a device must perform to qualify as an [ATDS]," the FCC "fail[ed] to satisfy the requirement of reasoned decisionmaking." *ACA Int'l*, 885 F.3d at 703. The court reviewed the FCC's patchwork of TCPA orders and determined the agency had failed to provide a meaningful, consistent interpretation of the TCPA's statutory requirement that an ATDS have "the capacity . . . to store or produce telephone numbers . . . using a random or sequential number generator." 47 U.S.C. § 227(a)(1)(A); *see ACA Int'l*, 885 F.3d at 702. On the one hand, the FCC's 2015 Order suggested "in certain places that a device must be able to generate and dial random or sequential numbers to meet the TCPA's definition of an autodialer." *Id.* But on the other hand, the 2015 Order also "reaffirmed" the 2003 Order and suggested that "equipment can meet the statutory definition even if it lacks that capacity." *Id.* Thus, the FCC was "of two minds on the issue," *id.*, and the agency could not "espouse both competing interpretations," *id.* at 703. The court therefore struck down the FCC's definition of an ATDS, concluding that it was "bottomed in an unreasonable, and impermissible, interpretation of the statute's reach." *Id.* at 697.

In light of *ACA International*, the FCC's definition no longer has any bearing on whether a system qualifies as an ATDS. *Id.* Instead, the plain text of the TCPA now governs. To be an ATDS that is subject to the TCPA's restrictions, the system must have the "capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1); *see King v. Time Warner Cable Inc.*, No. 15-2474, __ F.3d ___, 2018 WL 3188716, at *3 (2d Cir. June 29, 2018) (applying text of the statute, not FCC's definitions); *Dominguez*, 2018 WL 3118056, at *4 (same); *see also Satterfield v. Simon & Schuster, Inc.*, 569

5

F.3d 946, 951 (9th Cir. 2009) ("[T]he statute's clear language mandates that the focus must be on whether the equipment has the *capacity* to store or produce telephone numbers to be called, using a random or sequential number generator." (internal quotation marks omitted)).

*ACA International* sensibly returns the governing law to the plain text of the TCPA. The ATDS question for summary judgment is now straightforward: did Yahoo's legacy PC2SMS system have the "capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator"? 47 U.S.C. § 227(a)(1).

The Court has already examined the undisputed facts and concluded that the "PC2SMS service does *not* use a random or sequential number generator." (Dkt. 89 at 7 (emphasis added).) The record amply supports that conclusion (*supra*, p. 2), and as Plaintiff and the Court noted at the last hearing, those facts have not changed, and there is no reason to "redo summary judgment." (Dkt. 317 at 3:20–21.) Because the class period was narrowly limited to a single month in 2013, and because the PC2SMS system is no longer in place, there is no reason to expect otherwise. (*See* Dkt. 177 at 21.) The "facts that are already in the record" (Dkt. 317 at 3:20–21) decisively indicate that the "PC2SMS service does not use a random or sequential number generator" (Dkt. 89 at 7). The intervening *ACA International* decision now makes clear that this conclusion is dispositive; Plaintiff does not raise any genuine issues of material fact, and she cannot attempt to avoid the clear language of the statute by invoking FCC interpretations that the D.C. Circuit definitively struck down. Accordingly, the Court should grant reconsideration and enter summary judgment in favor of Yahoo because Plaintiff cannot prove that she received a text message from an ATDS—an essential element of her TCPA claim.

**B.   Plaintiff Cannot Avoid The *ACA International* Decision That Invalidated The FCC's Orders**

Plaintiff's counsel seek to avoid the straightforward result of applying *ACA International* to this Court's analysis of the summary judgment record by claiming that the opinion is irrelevant. The gist of this faulty argument is that the D.C. Circuit's opinion addressed only the 2015 Order, thereby leaving intact the expansive definition of an ATDS that is repeated in the

6

2003, 2008, and 2012 FCC orders. (*See* Dkt. 317 at 3:5–12.) Plaintiff's narrow reading is not faithful to the opinion and is meritless for several reasons:

*First*, Plaintiff is wrong that the *ACA International* decision leaves in place the overly broad definitions of an ATDS that the FCC set forth in its 2003, 2008, and 2012 orders. The FCC made that very argument in *ACA International*, and the Court of Appeals rejected it. In particular, the FCC contended the court lacked "jurisdiction" to hear a "challenge concerning the functions [an ATDS] must be able to perform" because "the issue was resolved in prior agency orders—specifically, declaratory rulings in 2003 and 2008." *ACA Int'l*, 885 F.3d at 701; *see also* Brief for Respondents at 8, 36–38, *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir. Jan. 15, 2016).

The D.C. Circuit did not agree that the scope of its review was limited to the 2015 Order: "While the Commission's latest ruling"—the 2015 Order—"purports to reaffirm the prior orders, that *does not shield* the agency's pertinent pronouncements from review." *ACA Int'l*, 885 F.3d at 701 (emphasis added). It would make no sense to sever the D.C. Circuit's review of the 2015 Order from the prior orders, because the 2015 Order "essentially ratifie[d] the previous ones," and the FCC did not offer a new definition of an ATDS in 2015 that was different from any of the earlier definitions. *See id.* Thus, the D.C. Circuit ruled that it had jurisdiction to review *all* of the FCC's pronouncements regarding the definition of an ATDS, and it struck them down.[1]

To interpret *ACA International* as applying only to the 2015 Order would be inconsistent with the D.C. Circuit's own understanding of the scope of its review and holding, and would effectively be an end run around the decision.

*Second*, not only would applying old, overturned FCC opinions frustrate the concept of judicial review of agency decisions, but it would also revive an ATDS definition that the D.C. Circuit held was impermissible. If the FCC's earlier, expansive ATDS definitions were not impacted at all by *ACA International,* then the functional result would be that an ATDS would

---

[1] The D.C. Circuit also explained that the petitioners had properly "covered their bases" procedurally "by filing petitions for both a declaratory ruling and a rulemaking concerning th[e] issue," and the FCC "denied the petitions for rulemaking on the issue." *ACA Int'l*, 885 F.3d at 701.

once again be defined in a manner that encompasses "any and all smartphones." *Id.* at 696. That cannot be right, as the D.C. Circuit recognized. *See id.*

*Third*, not even the FCC believes its old rules apply. The agency has returned to the proverbial drawing board, and is "seek[ing] comment on what constitutes an 'automatic telephone dialing system,'" including "the functions a device must be able to perform to qualify as [such]." FCC, *Consumer and Governmental Affairs Bureau Seeks Comment on Interpretation of the Telephone Consumer Protection Act in Light of the D.C. Circuit's ACA International Decision*, Nos. 18-152, 02-278, 18-493, 2018 WL 2253215, at *1 (May 14, 2018). At no point has the agency or its commissioners suggested that the older, pre-2015 orders still apply:

- *FCC Commissioner O'Rielly*: "In light of [*ACA International*], the Commission and impacted businesses and associations will need to consider how to undo the damage and put our TCPA rules ***back on solid legal and practical footing. Hopefully, several of the pending lawsuits against legitimate companies will be summarily dismissed by various courts conducting reviews***." FCC, *In re Advanced Methods to Target and Eliminate Unlawful Robocalls*, No. 17-59, 2018 WL 1452721, at *17 (Mar. 23, 2018) (emphases added).

- *FCC Commissioner Carr*: "[T]he prior FCC exceeded the scope of its authority and reached a decision of 'eye-popping sweep,' as a unanimous D.C. Circuit put it just last week in reversing significant parts of that decision." *Id.* at *18.

- *FCC Commissioner Rosenworcel*: "[T]he courts have just handed down a big decision when it comes to our robocall rules. We need to respond. That will mean defining autodialers and how they can be used to call millions of consumers." *Id.* at *19.

Simply put, there is no longer any valid reason for the Court to "stray from the statute's language which mandates that the focus be on whether the equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." *Marshall v. CBE Grp., Inc.*, No. 16-2406, 2018 WL 1567852, at *5 (D. Nev. Mar. 30, 2018) (internal quotation marks omitted). As the Second Circuit, Third Circuit, and a host of district courts have correctly recognized, the TCPA's plain text—not the FCC's erroneous past definitions—now governs:

- *Second Circuit*: "[W]e consider the meaning of the statute independently, without an administrative interpretation to defer to." *King*, 2018 WL 3188716, at *8.

- *Third Circuit*: Defining an ATDS as a system that has "the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers." *Dominguez*, 2018 WL 3118056, at *4.

- *District of Arizona*: "As a result of the D.C. Circuit's holding on this issue, this Court will not defer to any of the FCC's 'pertinent pronouncements' regarding the . . . required function of an ATDS." *Herrick v. GoDaddy.com LLC*, No. 16-254, 2018 WL 2229131, at *7 (D. Ariz. May 14, 2018), *appeal filed*, No. 18-16048 (9th Cir. June 7, 2018).

- *Northern District of Georgia*: "[T]he D.C. Circuit clearly held that it invalidated *all* of the FCC's pronouncements as to the definition of 'capacity' as well as its descriptions of the statutory functions necessary to be an ATDS." *Sessions v. Barclays Bank Del.*, No. 17-1600, 2018 WL 3134439, at *4 (N.D. Ga. June 25, 2018).

- *District of Nevada*: "[T]he D.C. Circuit explicitly rejected [the FCC's] 'expansive' interpretation of the TCPA, particularly as that definition pertained to systems that may not, in fact, have the capacity to dial randomly or sequentially." *Marshall v. CBE Grp., Inc.*, No. 16-2406, 2018 WL 1567852, at *7 (D. Nev. Mar. 30, 2018).

At the last hearing, Plaintiff's counsel alluded to a smattering of district courts that have construed *ACA International*'s holding narrowly to apply only to the 2015 Order. (Dkt. 317 at 3:9–12.)[2] These non-binding district court rulings are not persuasive, particularly in light of the recent opinions from the Second and Third Circuits taking a contrary view. In *King*, the Second Circuit held the district court erred by "defer[ring] to an administrative interpretation of the statute that has now been invalidated" by the D.C. Circuit, and instructed the district court to "consider the meaning of the statute independently" of the FCC's pronouncements, including those from before 2015. 2018 WL 3188716, at *8. And in *Dominguez*, the Third Circuit concluded that a similar Yahoo text messaging service did not constitute an ATDS under the text of the TCPA. 2018 WL 3118056, at *4. In its published opinion affirming summary judgment for Yahoo, the Third Circuit gave no credence to any of the FCC's definitions of an ATDS and

---

[2] *See generally Sessions*, 2018 WL 3134439, at *4 (acknowledging that "[s]ome courts" believe the FCC's 2003 Order "remains valid" after *ACA International*, but ultimately disagreeing with these courts' conclusions).

9

instead applied the plain text of the statute: a device with "the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers." *Id.*; *see also Herrick*, 2018 WL 2229131, at *8; *Sessions*, 2018 WL 3134439, at *4; *Marshall*, 2018 WL 1567852, at *7. Together, these cases signal a shift toward reliance on the plain text of the TCPA, rather than the FCC's prior broad pronouncements. *See Bais Yaakov of Spring Valley v. FCC*, 852 F.3d 1078, 1082 (D.C. Cir. 2017) (the FCC cannot "sidestep the [TCPA's] language").

Moreover, the district court decisions that attempt to cabin *ACA International*'s impact to the FCC's 2015 Order never attempt to explain how the 2003 and 2008 orders could remain valid when the D.C. Circuit explicitly rejected the argument that it lacked jurisdiction to hear a "challenge concerning the functions a device must be able to perform" because "the issue was resolved in prior agency orders—specifically, declaratory rulings in 2003 and 2008." *ACA Int'l*, 885 F.3d at 701. Nor do these opinions ever explain how the FCC's prior pronouncements could survive when they directly conflict with the D.C. Circuit's holding that the TCPA cannot be interpreted to "embrac[e] any and all smartphones." *Id.* at 696.

Finally, there is no merit to Plaintiff's implicit suggestion that *ACA International* should be ignored until trial. (*See* Dkt. 317 at 2:21–3:17.) This approach would be a waste of the Court's and the parties' time and resources because the fundamental issue of what constitutes an ATDS will have to be decided to prepare the jury instructions, and then would reappear again at the conclusion of Plaintiff's case in chief if Yahoo seeks a directed verdict (as would seem highly likely). Because the Court has already determined that there is no genuine dispute that "the PC2SMS service does not use a random or sequential number generator" (Dkt. 89 at 7), and there has been an intervening change in law that requires an ATDS to "use a random or sequential number generator" (*supra*, pp. 4–6), summary judgment is appropriate and a trial is unnecessary.

## IV.     CONCLUSION

The legal circumstances under which this Court previously considered summary judgment have changed significantly.  When this Court denied Yahoo summary judgment, it did so because it felt "b[ou]nd . . . to the FCC's interpretation" of an ATDS, even though the FCC's definition "conflict[ed] with the statutory requirement that an ATDS have the capacity 'to store or produce telephone numbers to be called, *using a random or sequential number generator*.'" (Dkt. 89 (quoting 47 U.S.C. § 227(a)(1)).)

The Court is no longer bound by the FCC's expansive, extra-textual pronouncements. *ACA International* set aside the FCC's erroneous definition, leaving the Court to faithfully apply the plain language of the statute.  This Court has already determined that the summary judgment record demonstrated that Yahoo's PC2SMS system did not meet the statutory definition of an ATDS.  Reconsideration is warranted and the Court should grant summary judgment in Yahoo's favor.


Dated:  July 12, 2018                           **YAHOO! INC.**

                                                By:   /s/ David A. Wheeler
                                                         One of its attorneys

                                                Robert A. Chapman (ARDC #6191210)
                                                David A. Wheeler (ARDC #6270817)
                                                Chapman Spingola LLP
                                                190 South LaSalle Street, Suite 3850
                                                Chicago, IL  60603
                                                Tel: 312.630.9202
                                                Fax: 312.630.9233
                                                RChapman@chapmanspingola.com
                                                DWheeler@chapmanspingola.com

Scott A. Edelman (Appearing *Pro Hac Vice*)
Christopher Chorba (Appearing *Pro Hac Vice*)
Timothy W. Loose (Appearing *Pro Hac Vice*)
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Tel: 213.229.7000
Fax: 213.229.7520
SEdelman@gibsondunn.com
CChorba@gibsondunn.com
TLoose@gibsondunn.com