**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RACHEL JOHNSON, on behalf of herself and all others similarly situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>YAHOO!, INC., )<br>)<br>Defendant. ) | Case No. 14-cv-2028<br><br>U.S. District Judge Manish S. Shah<br><br>Magistrate Judge Jeffrey Cole |

### NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Rachel Johnson files this Notice of Supplemental authority to bring to the Court's attention the recent decision by the United States Court of Appeals for the Ninth Circuit in *Marks v. Crunch San Diego, LLC*, No.14-56834, (9th Cir. September 20, 2018) (attached as Exhibit 1) relevant to Yahoo's pending Motion for Reconsideration (Doc. 318).

In *Marks*, the court held that "only the statutory definition of ATDS as set forth by Congress in 1991 remains" after *ACA International. Id.* at p. 17-18. Interpreting the statutory definition alone, the court held that the ATDS definition:

> "is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' **but also includes devices with the capacity to dial stored numbers automatically**. Accordingly, we read § 227(a)(1) to provide that the term automatic telephone dialing system means equipment which has the capacity – **(1) to store numbers to be called or** (2) to produce numbers to be called, using a random or sequential number generator – and to dial such numbers."

*Id.* at p. 23 (emphasis added).

Respectfully submitted,

By: /s/ Timothy J. Sostrin

Keith J. Keogh
Timothy Sostrin
Keogh Law, Ltd.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
312.726.1092 (office)
312.726.1093 (fax)
TSostrin@KeoghLaw.com
*Attorneys for Plaintiff Rachel Johnson and the Class*