UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RACHEL JOHNSON,<br><br>   Plaintiff,<br><br>  v.<br><br>YAHOO!, INC.,<br><br>   Defendant. | No. 14 CV 2028<br><br>Judge Manish S. Shah |

# ORDER

Defendant's motion for reconsideration [318] is granted.

## STATEMENT

  Yahoo!'s PC2SMS service caused a text message to be sent to Rachel Johnson by pulling her number from a database of stored numbers—an address book—and then automatically sending that number a text message. *See Johnson v. Yahoo!, Inc.*, No. 14 CV 2028, 2014 WL 7005102, at *1–2 (N.D. Ill. Dec. 11, 2014); *Johnson v. Yahoo!, Inc.*, No. 14 CV 2028, 2016 WL 25711, at *1–2 (N.D. Ill. Jan. 4, 2016). Johnson sued Yahoo! for violating the Telephone Consumer Protection Act. 47 U.S.C. § 227(b)(1)(A)(iii). Johnson's theory is that Yahoo!'s service was an automatic telephone dialing system and using an ATDS to text her violated the TCPA. In an earlier order, I denied Yahoo!'s motion for summary judgment because of disputes over whether PC2SMS was an ATDS under the authoritative agency interpretation of the TCPA. *See Johnson*, 2014 WL 7005102, at *6. Yahoo! asks for reconsideration and for entry of summary judgment based on recent interpretations of the definition of an ATDS.

  In my first ruling, I relied on FCC decisions from 2003, 2008, and 2012 that interpreted ATDS to include systems that dialed numbers pulled from a stored list without human intervention. *See Johnson*, 2014 WL 7005102, at *3 (citing 18 F.C.C. Rcd. 14014, 14091–93 (2003); 23 F.C.C. Rcd. 559, 566–67 (2008); 27 F.C.C. Rcd. 15391, 15392 n.5 (2012)). At the time, I didn't agree with the FCC's reading of the statute, but I was bound by it. *See id.* at *3 & n.7 (citing *CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 450 (7th Cir. 2010)). The statute defines an ATDS to be equipment that has the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1). If the equipment pulls numbers from a stored list that was not generated by a random or

sequential number generator (and does not have the capacity to generate random or sequential numbers), the equipment does not fit the statutory definition. But the FCC had a more expansive interpretation, and I followed it.

In 2015, the FCC issued another decision interpreting automatic telephone dialing systems. 30 F.C.C. Rcd. 7961 (2015). The Commission reaffirmed its previous statements that "dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of 'autodialer') even if it is not presently used for that purpose, including when the caller is calling a set list of consumers." 30 F.C.C. Rcd. 7961, 7971–74 (2015) (citing the 2003 and 2008 TCPA Orders).

In *ACA International v. FCC*, 885 F.3d 687, 695 (D.C. Cir. 2018), the court "set aside the Commission's explanation of which devices qualify as an ATDS." The notion that the definition of ATDS includes a device that "can call from a database of telephone numbers generated elsewhere" was incompatible with a definition that required an ATDS to generate random or sequential numbers to be dialed. *Id.* at 701–03. The Commission's lack of clarity about the qualifying functions of an ATDS, in addition to its unreasonably expansive understanding of "capacity,"[1] led the court to "set aside the Commission's treatment of those matters." *Id.* at 703.

Based on *ACA International*, Yahoo! asks me to reconsider summary judgment. A non-final ruling may be revised at any time before entry of a judgment. Fed. R. Civ. P. 54(b). A clarification of law that makes clear that a ruling was erroneous provides a compelling reason to reconsider an earlier decision. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006). If the premise of my earlier ruling—that PC2SMS might be an ATDS—depended on the FCC's interpretation, and if that interpretation is no longer controlling, then there has been a significant change in the law justifying reconsideration.

Johnson says nothing has changed. When I denied summary judgment in 2014, the FCC had not issued its 2015 order—the only order *ACA International* set aside. So, Johnson argues, the 2003, 2008, and 2012 orders remain in effect, and I remain bound by them. Johnson is correct that I must apply the FCC's definition of ATDS. *Blow v. Bijora*, 855 F.3d 793, 802 (7th Cir. 2017).[2] And it is also true that the petitions

---

[1] The FCC understood "capacity" to include dialing functions added through software changes or updates, even if those functions did not exist on the equipment at the time of the uninvited call. *See ACA Internat'l*, 885 F.3d at 696. This meant that all smartphones were automatic telephone dialing systems, and the court thought this would give the statute an "eye-popping sweep." *Id.* at 697.

[2] This might change. *See Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, 883 F.3d 459 (4th Cir. 2018), *cert. granted in part*, —S.Ct.—, 2018 WL 3127423 (U.S. Nov. 13, 2018)

in *ACA International* sought review only of the 2015 order. *ACA International*, 885 F.3d at 693. Although its jurisdiction was based on direct-review petitions from the 2015 order, the court's ruling encompassed a review of all "pertinent pronouncements" by the FCC. *Id.* at 701. In the end, the court set aside the agency's "treatment" of the qualifying functions of an ATDS, *id.* at 703, and it wiped the slate clean. The 2015 FCC order "reaffirmed" its earlier orders, and while that word choice is different than "reopening" or "reinstating," its import is the same—the FCC reviewed its past treatment of ATDS functionality, and the agency understood its option to revisit its definitions when confronted with arguments about the statutory text. *See* 30 F.C.C. Rcd. 7961, 7971–76 (2015). It reaffirmed and reiterated its approach, which brought the entire agency definition of ATDS up for review in the D.C. Circuit. *See Kennecott Utah Copper Corp. v. U.S. Dep't of Interior*, 88 F.3d 1191, 1214 (D.C. Cir. 1996); *Pub. Citizen v. Nuclear Regulatory Comm'n*, 901 F.2d 147, 152 (D.C. Cir. 1990). I agree with those courts that have concluded that the FCC's prior orders are no longer binding. *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1049 (9th Cir. 2018); *Pinkus v. Sirius XM Radio*, 319 F.Supp.3d 927, 935 (N.D. Ill. 2018).[3]

I denied summary judgment to Yahoo! because I was bound by the FCC's definition of an ATDS. *Johnson*, 2014 WL 7005102, at *3. *ACA International* changed that premise, and reconsideration is appropriate. The PC2SMS system did not have the capacity to generate random or sequential numbers to be dialed—it dialed numbers from a stored list. *See id.* at *3–4. According to the TCPA, an automatic telephone dialing system has the capacity to store or produce telephone numbers, using a random or sequential number generator. 47 U.S.C. § 227(a)(1). A device that stores or produces numbers without any use of a random or sequential number generator is a different device. Some courts think the statutory language is ambiguous enough to include a device that dials numbers from a stored list (without random or sequential number generation). *See ACA International*, 88 F.3d at 703; *Marks*, 904 F.3d at 1051–1052. But I read the statute differently, and it is not ambiguous. The phrase "using a random or sequential number generator" applies to the numbers to be called and an ATDS must either store or produce those numbers

---

(No. 17-1705) (granting certiorari on whether the Hobbs Act required the district court to accept the FCC's legal interpretation of the TCPA).

[3] Other courts disagree. *See, e.g., Maes v. Charter Communication d/b/a Spectrum Cable & Does 1-10*, No. 18-CV-124-JDP, 2018 WL 5619199, at *3–5 (W.D. Wis. Oct. 30, 2018). But I am not persuaded by a narrow reading of *ACA International*. Although the D.C. Circuit said that "it might be permissible for the Commission to adopt" an interpretation of automatic telephone dialing systems that encompassed devices that could not generate random or sequential numbers to be dialed, 885 F.3d at 703, and did not announce its own interpretation, it "set aside" the FCC's approach. The court's language is not consistent with a belief that it was leaving the 2003 and 2008 orders alone—it was telling the agency to start over.

3

(and then dial them). Curated lists developed without random or sequential number generation capacity fall outside the statute's scope.[4]

      PC2SMS is not an ATDS, and Yahoo! is entitled to judgment as a matter of law. Its motion to reconsider is granted, and the clerk shall enter judgment in favor of Yahoo!.

ENTER:

Manish S. Shah
United States District Judge

Date: November 29, 2018

---

[4] This does not make the term "store" superfluous. The word "store" ensures that a system that generated random numbers and did not dial them immediately, but instead stored them for later automatic dialing (after, for example, some human intervention in activating the stored list for dialing) is an ATDS. This is consistent with the problem, including database marketing, Congress addressed in the TCPA.