# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| RACHEL JOHNSON, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| YAHOO!, INC., | ) ) |
| Defendant. | ) |

Case No. 14-cv-2028

U.S. District Judge Manish S. Shah

Magistrate Judge Jeffrey Cole

## NOTICE OF APPEAL

Rachel Johnson, the plaintiff and former class representative in this class action, hereby appeals on behalf of herself and all others similarly situated to the United States Court of Appeals for the Seventh Circuit from the final judgment entered on the 29th day of November 2018; from the order entered on the 29th day of November 2018 granting Defendant's motion for reconsideration; from the order entered on February 13, 2018 granting Defendant's motion to decertify the class; from the order entered on January 4, 2016 granting in part and denying in part Plaintiff's motion for class certification; and from any other orders relating to the entry of judgment. Rachel Johnson is qualified to bring the appeal as the representative of the formerly certified class.

Dated: December 28, 2018

Respectfully submitted,

By: /s/ Timothy J. Sostrin
Timothy J. Sostrin
Keith J. Keogh
Keogh Law, Ltd.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
312.726.1092 (office)

312.726.1093 (fax)
TSostrin@KeoghLaw.com

Attorneys for Plaintiff Rachel Johnson

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RACHEL JOHNSON and
ZENAIDA CALDERIN,

               Plaintiffs,

      v.

YAHOO!, INC.,

               Defendant.

Nos. 14 CV 2028
      14 CV 2753

Judge Manish S. Shah

## MEMORANDUM OPINION AND ORDER

Plaintiffs are cell phone subscribers who each received at least two text messages transmitted by defendant Yahoo!. The first: personalized text messages originally sent to plaintiffs by some non-party. The second: Yahoo!'s explanation for why plaintiffs received the first. While plaintiffs take no issue with the former, they contend Yahoo!'s sending of the latter violated the Telephone Consumer Protection Act.

Plaintiffs have moved for class certification, seeking to represent certain individuals who similarly received text messages from defendant during a defined two-month period of time. For the following reasons, plaintiffs' motion is granted in part, and denied in part.

## I.    Legal Standard

A plaintiff seeking to certify a class under Rule 23 of the Federal Rules of Civil Procedure must show that her proposed class is "sufficiently definite [such]

that its members are ascertainable." *Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481, 493 (7th Cir. 2012). Once that hurdle is cleared, the plaintiff must satisfy the four requirements of Rule 23(a)—commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *Harper v. Sheriff of Cook County*, 581 F.3d 511, 513 (7th Cir. 2009). The plaintiff must also satisfy the requirements of at least one subsection of Rule 23(b). *Id.* Plaintiffs seek to certify a class under Rule 23(b)(3), so they must show that issues common to the class members predominate over questions affecting only individual members, and that a class action is superior to other available adjudication methods. Fed. R. Civ. P. 23(b)(3); *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012).

A putative class representative must "affirmatively demonstrate" compliance with Rule 23 through "evidentiary proof"—mere allegations are insufficient. *Comcast Corp. v. Behrend*, — U.S. —, 133 S.Ct. 1426, 1432 (2013); *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). Compliance with each requirement must be shown by a preponderance of the evidence. *Messner*, 669 F.3d at 811. A class may be certified only if a district court is "satisfied, after a rigorous analysis," that compliance with Rule 23 has been shown, even if the analysis entails some overlap with the merits. *Wal–Mart Stores, Inc. v. Dukes*, — U.S. —, 131 S.Ct. 2541, 2551 (2011); *see also Am. Honda Motor Co., Inc. v. Allen*, 600 F.3d 813, 815 (7th Cir. 2010).

## II.     Background

Defendant Yahoo! is widely known for its free online consumer services. One such service is an instant messaging client called Yahoo! Messenger, which allows registered users to send online messages to others. Of primary importance to this case, Yahoo! Messenger also allows users to send personalized messages to people's cell phones through a feature called Mobile SMS[1] Messenger Service, or PC2SMS. PC2SMS bridges the gap between the online and SMS worlds by converting the Yahoo! user's online instant message into a text message that is sent to a recipient's cell phone number. The details of this system are set forth in the prior order denying summary judgment, *see* [89], but suffice it to say for present purposes that the first time a given cell phone number receives a text message from the PC2SMS system, the number is also sent a text message stating: "A Yahoo! user has sent you a message. Reply to that SMS to respond. Reply INFO to this SMS for help or go to y.ahoo.it/imsms." The parties refer to this stock message as the "Welcome Message."

Plaintiff Rachel Johnson received the Welcome Message on March 19, 2013. It was sent in connection with a spam text message Johnson received via PC2SMS, which stated: "Do you want to be freed from of [sic] your payday advance loans call _888.9064165." Neither party has determined who sent this underlying message, but defendant hypothesizes that the sender was a payday lender Johnson previously borrowed money from. Plaintiff Zenaida Calderin received the Welcome

---

[1] SMS, which stands for "short message service," is another name for a text message.

3

Message on April 7, 2014, in connection with a text message sent by Calderin's co-worker.

Plaintiffs contend that in sending them these Welcome Messages, defendant violated the Telephone Consumer Protection Act, which makes it unlawful "to make any call (other than a call made . . . with the prior express consent of the called party) using any automatic telephone dialing system . . . to any cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiffs have moved for class certification under Rules 23(a) and 23(b)(3). They seek to represent a class they define as follows:

> All persons within the United States to whose cellular telephone number Yahoo! sent the Welcome Message during the period: (i) commencing March 1, 2013 through March 31, 2013, and while such cellular number was assigned to Sprint or (ii) commencing April 1, 2014 through April 30, 2014 and while such cellular number was assigned to T-Mobile.

In addition, plaintiffs seek certification of two subclasses:

> *Subclass A*
> All persons within the United States to whose cellular telephone number Yahoo! sent the Welcome Message during the period commencing March 1, 2013 through March 31, 2013, while such cellular number was assigned to Sprint, and whose cellular telephone number is not associated with a Yahoo! user in Yahoo!'s records.
>
> *Subclass B*
> All persons within the United States to whose cellular telephone number Yahoo! sent the Welcome Message during the period commencing April 1, 2014 through April 30, 2014, while such cellular number was assigned to T-Mobile, and whose cellular telephone number is associated with a Yahoo! user in Yahoo!'s records.

Defendant opposes class certification.

4

## III. Analysis

### A. Ascertainability

Although not explicitly listed under Rule 23, a class may be certified only if its members can be ascertained. *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015). To show that a class is ascertainable, a plaintiff must begin by offering a definition that is (1) precise, (2) defined by objective criteria, and (3) not defined in terms of success on the merits. *Id.* at 659–60. In *Mullins*, the Seventh Circuit made clear that, at this stage of the litigation, a plaintiff need not prove there is a reliable and administratively feasible way to identify all who fall within the class definition. *Id.* at 657–58.

Defendant filed its brief opposing class certification before *Mullins* was decided. Accordingly, its arguments about whether there is a reliable and administratively feasible way to identify those who fall within the class definition are no longer persuasive. In its post-*Mullins* supplemental brief, defendant appears to concede that the proposed classes are ascertainable. *See* [163] at 4 n. 3.

Plaintiffs' proposed classes—both the primary one and the two subclasses—are ascertainable because they are defined precisely, defined by objective criteria, and are not defined in terms of success on the merits. *Mullins*, 795 F.3d at 659. Nothing more is required.

### B. Rule 23(a)

"All class actions, no matter what type, must meet the four explicit requirements of Federal Rule of Civil Procedure 23(a): (1) the class is so numerous

that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy of representation)." *Chicago Teachers Union, Local No. 1 v. Board of Educ. of City of Chicago*, 797 F.3d 426, 433 (7th Cir. 2015).

### 1. Numerosity and Commonality

Defendant does not argue that numerosity or commonality is missing. And plaintiffs make a sufficient showing that both are met—the proposed class could contain more than 500,000 members, for whom common questions would include, among others, whether the PC2SMS platform constitutes an "automatic telephone dialing system." These two factors under Rule 23(a) are therefore satisfied.

### 2. Typicality and Adequacy

Defendant combines its discussion of typicality and adequacy, though they are distinct concepts. For typicality, "there must be enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group." *Spano v. The Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011). The typicality requirement addresses the separate concerns that (1) the representative's claim may fail on unique grounds, dooming meritorious claims of absent class members; or (2) the representative's claims may prevail on unique grounds, and the representative may therefore fail to adequately present alternative grounds under which the unnamed

class members could prevail on their own claims. *See CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 724 (7th Cir. 2011).

As for adequacy, a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "[A]dequacy of representation is composed of two parts: the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest of the class members." *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) (quotation omitted).

Defendant says plaintiff Calderin is not typical or adequate because she "participated in, or at least had knowledge of, a plan to manufacture this lawsuit by triggering her receipt of the Welcome Message," and therefore her "relationship with her counsel, her credibility, and the propriety of her conduct, will be at issue." [133] at 31. Defendant's evidentiary support for this claim consists of records showing that Calderin received the Welcome Message shortly after her co-worker (the sender of the underlying text message) spoke with Calderin's now-attorney. The co-worker testified, however, that the attorney did not cause him to send Calderin a message via PC2SMS. Instead, as the co-worker explained, the communications between him and the attorney concerned another case in which the attorney represented the co-worker and for which there was an upcoming hearing. Further, none of the co-worker's emails, which were produced, contained any discussion of the Welcome Message. Finally, Calderin testified that she was not

aware of the attorney until a couple days after she received the Welcome Message, and that she has never spoken with her co-worker about this lawsuit.

The Seventh Circuit has said that "[f]or an assault on the class representative's credibility to succeed, the party mounting the assault must demonstrate that there exists admissible evidence so severely undermining plaintiff's credibility that a fact finder might reasonably focus on plaintiff's credibility, to the detriment of the absent class members' claims." *CE Design*, 637 F.3d at 728. The evidence in this record does not suffice to call Calderin's typicality or adequacy into question—her motive for bringing suit (of marginal relevance in the first place) is not so obviously improper or antagonistic to the class that she could not be its representative.

Defendant next argues that Calderin is atypical or inadequate because her claim is subject to the defense of prior consent. *See id.* at 726 ("The presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation. The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer.") (internal quotation omitted). Defendant contends Calderin consented to receiving the Welcome Message when she agreed in March 2012 to defendant's Universal Terms of Service ("uTOS") and to its Communications Additional Terms of Service

8

("Comms ATOS"). At the time Calderin assented to defendant's uTOS, the relevant provision read:

> 24.  NOTICE
>
> Yahoo! may provide you with notices, including those regarding changes to the [Terms of Service], including by but not limited to email, regular mail, SMS, MMS, text message, postings on the Service, or other reasonable means now known or hereinafter developed.

[134-5] at 45. The relevant provision of the Comms ATOS said the following:

> *Communications from Yahoo!.* You also understand and agree that the Services [i.e., Yahoo! Mail and Yahoo! Messenger] may include certain communications from Yahoo!, such as service announcements and administrative messages and that you will not be able to opt out of receiving such communications.

[134-5] at 10.

Plaintiffs say neither of these provisions constituted express consent under the TCPA because neither specifically stated that notice would be given via an "automatic telephone dialing system." Plaintiffs primarily rely on *Thrasher-Lyon v. CCS Commercial, LLC*, which interpreted the TCPA to require just that. *See* 2012 WL 3835089, *5 (N.D. Ill. Sept. 4, 2012). This interpretation, however, represents the minority view. Many more courts have held that, in order for "prior express consent" to exist, a person need not consent to be contacted via an "autodialer" or the like. *See Ebling v. ClearSpring Loan Services, Inc.*, — F.Supp.3d —, 2015 WL 3439161, *2 (D. Minn. April 14, 2015) (collecting cases). The majority view generally relies on Federal Communications Commission declaratory rulings holding that a person can give express consent simply by providing her cell phone number to another. *See* 2008 FCC Declaratory Ruling, CG Docket No. 02–278, FCC 07–232, 23

F.C.C.R. 559 (Jan. 4, 2008); 1992 FCC Report and Order, CC Docket No. 92–90, FCC 92–44, 7 F.C.C.R. 8752 (Oct. 16, 1992). Since the act of giving one's number does not also include communicating permissible or impermissible modes of communication with the giver—yet such an act still constitutes prior express consent—it stands to reason that the TCPA does not require a consenter to specify that an automatic telephone dialing system may be used. I agree with this majority interpretation.

Plaintiffs next say uTOS and Comms ATOS were ineffective because "the scope of these terms of service is limited to communication concerning the Yahoo user's account." [139] at 19. Plaintiffs similarly argue that, specifically with regard to the uTOS, the word "notice" refers only to that term of art that is synonymous with "legal notification." [172] at 6–8. I disagree with both of these points. The language of paragraph 24 of the uTOS is plain, and it is broad enough to have had the effect of consenting to receive the Welcome Message at issue in this case.[2]

Because Calderin agreed to the uTOS, defendant did not violate the TCPA when it sent her the Welcome Message. As such, her claim is not typical of the three proposed classes, and I am not assured that she would adequately represent their interests. The requirements of Rule 23(a) cannot be met with Calderin serving as a representative.

---

[2] However, the Welcome Message did not fall within the scope of the Comms ATOS, which only obtained a user's consent to be exposed to communications *from within Yahoo! Mail and Yahoo! Messenger*. This interpretation is reinforced by the fact that a recipient of a Welcome Message could have opted out of receiving such communications, which defendant forbade for communications falling within the scope of the Comms ATOS.

Turning to Johnson, defendant says she is not typical or adequate either because she too consented to receiving the Welcome Message. Unlike Calderin, though, Johnson never agreed to defendant's uTOS. Instead, defendant contends Johnson consented through an intermediary. In 2008, Johnson filled out online applications for personal loans from the website CashCall.com. In signing the CashCall.com promissory notes, Johnson expressly agreed to receive phone calls and text messages using an automatic telephone dialing system. Because the underlying message Johnson received in this case related to these types of loans ("Do you want to be freed from of [sic] your payday advance loans"), defendant maintains that Johnson received the Welcome Message pursuant to a grant of prior express consent.

Intermediary consent under the TCPA is articulated in the FCC's decision, *In the Matter of GroupMe*, in which the FCC said a text-based social network could obtain consent to send administrative text messages to consumers by having a third-party organizer obtain the consumer's consent on the network's behalf. *See* 29 F.C.C.R. 3442 ¶ 1 (F.C.C. 2014). Crucial to this ruling, however, was the fact that the third party conveyed the individual recipient's consent to the network. *See id.* ¶ 3 (group creator represented to GroupMe that each individual consented to receiving text messages). The FCC's rule on intermediary consent has two necessary parts: (1) consent given by the recipient to the intermediary, and (2) consent conveyed by the intermediary to the sender. *See, e.g., id.* ¶ 9 ("Thus, we see nothing in the record or our present complaints that warrants requiring GroupMe to get

11

consent directly from each called party, rather than indirectly through the group organizer, *who conveys each party's consent*, in order to meaningfully ensure the protections of the TCPA are extended to the recipients of these GroupMe messages.") (emphasis added); *see also id.* ¶¶ 1, 6, 11, 14.

Here, defendant has put forth no evidence to suggest that—during the time in question—any third party conveyed any recipient's consent to defendant. With no such proof, there is no basis to conclude that Johnson or any other recipient gave effective consent through an intermediary.

Next, defendant says Johnson is not typical or adequate because she failed to retain the cell phone on which she received the Welcome Message. This prejudiced defendant, it says, because it cannot determine "whether Johnson regularly received other text messages concerning personal loans." As just explained, though, this information would be irrelevant.

Defendant also complains about not being able to see if Johnson ever downloaded a Yahoo! application to her phone, which would have required her assent to terms of service agreements that provide consent for Yahoo! to send text messages. As plaintiffs note, though, the only evidence on the matter is that the 68-year-old Johnson owned a Sanyo flip phone, she never owned a smartphone, she never sent a text message, and she never "download[ed] a game or something on" her flip phone. *See* [139] at 28. In other words, defendant's contention that Johnson may have downloaded one of its applications is nothing but a shot in the dark. As

such, the mere fact that Johnson got rid of her phone after the case was filed does not persuade me that she would be atypical or inadequate.

At the same time, plaintiffs demonstrate that Johnson is typical of the class she is offered for (Subclass A), and that she would adequately represent the absent members. Defendant sent Johnson an unsolicited text message using its PC2SMS system, which she did not consent to receive. Johnson's claim is not subject to unique defenses, or premised on unique facts. Johnson has prosecuted this action to date, participated in discovery, and she has no interest in an outcome adverse to the other members. She satisfies typicality and adequacy.

Finally, defendant says plaintiffs' counsel is not adequate because, in offering the revised proposed classes, they "cast aside more than 96% of the purported class . . . in an apparent attempt to preserve the viability of the named plaintiffs . . . ." [133] at 33. For the reasons given below in the discussion of superiority, I do not agree that class counsel's strategic decisions make them inadequate. In addition, class counsel has demonstrated their competence through their submissions, *see* [125-15] and [125-16], and also through their prosecution of this case to date.

### C.    Rule 23(b)(3)

In addition to the requirements of Rule 23(a), a plaintiff seeking class certification must satisfy one of Rule 23(b)'s three subsections. Here, plaintiffs proceed under subsection (3), which allows for certification upon a finding that "questions of law or fact common to members of the class predominate over any

questions affecting only individual members," and also that "a class action is superior to other available methods for resolving the controversy." Fed. R. Civ. P. 23(b)(3).

### 1. Predominance

"There is no mathematical or mechanical test for evaluating predominance." *Messner*, 669 F.3d at 814. This "'inquiry trains on the legal or factual questions that qualify each class member's case as a genuine controversy,' with the purpose being to determine whether a proposed class is 'sufficiently cohesive to warrant adjudication by representation.'" *Id.* (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). "Rule 23(b)(3)'s predominance requirement is satisfied when common questions represent a significant aspect of a case and can be resolved for all members of a class in a single adjudication." *Messner*, 669 F.3d at 815 (quotation omitted). "Or, to put it another way, common questions can predominate if a common nucleus of operative facts and issues underlies the claims brought by the proposed class." *Id.* "If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question." *Id.* (quotation omitted).

It bears repeating that, at this point, the only proposed class with a potentially viable representative consists of:

> All persons within the United States to whose cellular telephone number Yahoo! sent the Welcome Message during the period

commencing March 1, 2013 through March 31, 2013, while such cellular number was assigned to Sprint, and whose cellular telephone number is not associated with a Yahoo! user in Yahoo!'s records.

Plaintiffs say common questions, including whether the PC2SMS system is an automatic telephone dialing system, would predominate over individual ones. Defendant disagrees and contends the individual issue of consent will overwhelm the common issues.

Defendant says a given class member could have consented to receive the Welcome Message in any of the following ways: (1) through an intermediary, (2) by agreeing to defendant's uTOS when creating a Yahoo account post-August 9, 2007,[3] (3) by agreeing to defendant's uTOS when migrating to the new email platform in 2012 (even if the account was opened pre-August 9, 2007), (4) by providing defendant a telephone number, or (5) by agreeing to defendant's uTOS when installing one of defendant's applications.

As previously discussed, defendant's intermediary consent theory is not supported by evidence such that it appears likely to be a significant issue. Whether consent was given by providing defendant a phone number would not be a predominant issue for the remaining proposed class because it specifically excludes anyone whose cellular telephone number was associated with a Yahoo! user.[4]

---

[3] Before August 10, 2007, paragraph 24 of defendant's uTOS stated that defendant "may provide you with notices, including those regarding changes to the [Terms of Service], by email, regular mail, or postings on the Service." [134-5] at 4. This earlier language did not grant defendant express consent to send users the Welcome Message via the PC2SMS platform. As a result, uTOS is a channel of express consent for only those users who agreed to it on or after August 10, 2007.

[4] Defendant suggests there may be some class members who gave their phone numbers to defendant but do not have a number associated with an account (meaning they arguably

There is a split of opinion in TCPA cases on whether issues of individualized consent predominate over commons questions of law or fact so as to prevent class certification. *See Jamison v. First Credit Services, Inc.*, 290 F.R.D. 92, 106 (N.D. Ill. 2013) (collecting cases). In *Jamison*, Judge Kendall synthesized the legal landscape on this question, arriving at a statement of the law with which I agree:

> The rule that can be extracted from these cases is that issues of individualized consent predominate when a defendant sets forth specific evidence showing that a significant percentage of the putative class consented to receiving calls on their cellphone. However, if the defendants fail to set forth this specific evidence and instead only make vague assertions about consent, then individualized issues regarding consent will not predominate over common questions of law or fact so as to prevent class certification.

*Id.* While it is plaintiff's burden to meet the predominance test, an opposition based on theory, not evidence, is not a weighty objection. Defendant has not presented specific evidence showing that a significant percentage of the putative class agreed to the uTOS by downloading and using one of defendant's applications. Defendant says it does not keep records of individuals who downloaded and installed defendant's applications. [134-5] at 5. Fair enough, but defendant could have endeavored to obtain some evidence that members of the proposed class downloaded and used its applications. For example, defendant states that many of its applications are available for download through Google Play and Apple's App Store. [134-5] at 6. Yet the record contains no indication that defendant attempted to obtain a record of anyone who downloaded its program in the months leading up to

---

consented but will not be shown to have done so). However, consistent with the reasons discussed below, defendant has not provided enough evidence of this phenomenon to show that this individual issue would predominate.

16

March 2013. In any event, defendant may not rely on its own failure to obtain and retain records of who agreed to its uTOS to defeat class certification in this matter. *Mullins*, 795 F.3d at 668 ("[R]efusing to certify on this basis effectively immunizes defendants from liability because they chose not to maintain records of the relevant transactions.").

The remaining channels of consent are all amenable to class-wide evidence. Defendant admits it can identify when a Yahoo user registered his or her account, and also whether a user agreed to uTOS as part of the email migration. [134-2] 8–9. This information could be verified or supplemented by making use of an affidavit as part of claims administration process. *Mullins*, 795 F.3d at 669 ("[W]e believe a district judge has discretion to allow class members to identify themselves with their own testimony and to establish mechanisms to test those affidavits as needed.").

Defendant argues that individual issues also predominate because any number of the would-be class members could have revoked any consent they gave, say by cancelling their accounts or by calling defendant and revoking consent verbally. Defendant laments the fact that there is no way to asses either occurrence on a class-wide basis. Once more, though, defendant has not presented specific evidence showing that a significant percentage of the putative class actually revoked its consent. Defendant admits that it "has not been able to develop evidence of verified instances of revoked consent[.]" [163] at 6. It blames this on the fact that "discovery has been limited to the two named plaintiffs and this was not an issue in

this case or the California case prior to the [FCC ruling of July 10, 2015]." *Id.* at 5–6. But as defendant also acknowledges, even before the recent FCC ruling, legal support existed for the position that consent to receive otherwise prohibited calls can be revoked. *Id.* at 5 n. 6. Further, at no point since the FCC made its recent ruling has defendant sought leave to take additional discovery. The responsibility for this lack of evidence, therefore, lies with defendant. What is more, defendant admits that it lacks data about the issue even on an individualized basis. *Id.* at 6 n. 7. Defendant offers revocation data from October 2015: 1,058 accounts out of the 56,257 that received the Welcome Message had already been deleted or were marked as deactivated and for future deletion. *Id.* at 7. This is not specific evidence showing that a significant percentage of the putative class revoked consent.

In sum, plaintiffs have demonstrated that common issues will predominate.

### 2. Superiority

In addition to requiring that common issues predominate, Rule 23(b)(3) requires that a class action be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id.*

Plaintiffs say the class device is superior in this case because "each class member has a claim likely worth no more than $500," and the TCPA is not a fee-shifting statute.

Defendant offers several arguments in response. First, it says this proposed class is not superior because, being for only one month out of the permissible four-year statute-of-limitations period, it amounts to piecemeal litigation and not a "true class action." Defendant notes that it would face potentially dozens of class actions for each month and each phone carrier.

Plaintiffs reply that they have no obligation to bring the broadest class action possible. *See Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) ("we know of no authority requiring the participation of the broadest possible class. On the contrary, the class requirements found in the Federal Rules of Civil Procedure encourage rather specific and limited classes."). As plaintiffs see it, obtaining a remedy for one month's worth of class members is superior to obtaining it for no months' worth. I agree.

Second, defendant says Congress contemplated that TCPA claims could be brought as small-claims court actions. However, "Congress did not make a clear expression of an intent to preclude application of Fed. R. Civ. P. 23 to the TCPA, and the Court will not read one into the statute." *Green v. Service Master on Location Services Corp.*, 2009 WL 1810769, *3 (N.D. Ill. June 22, 2009); *see also Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006).

19

Third, defendant offers an expert report for the proposition that the PC2SMS service offers tremendous benefit to many categories of consumers, and as a result, many would not want to participate in this class action. Defendant fails to cite any authority, however, suggesting that this is a proper reason to find that the class action device is not otherwise superior.

Fourth, defendant says a class action is not superior because of the financial impact it would have on Yahoo! and the disproportionality of a damage award that has little relation to the harm actually suffered by the class. Certifying a class action, however, does not necessarily mean defendant will be found liable. And complaints of disproportionality are better taken up with Congress. *Cf. Murray*, 434 F.3d at 953 ("The reason that damages can be substantial, however, does not lie in an 'abuse' of Rule 23; it lies in the legislative decision to authorize awards as high as $1,000 per person . . . .").

Finally, for the same reasons defendant originally said no class was ascertainable, it says the class action device is not superior.

In the recent decision, *Mullins v. Direct Digital, LLC*, the Seventh Circuit advised:

> At bottom, the district court was correct not to let a quest for perfect treatment of one issue become a reason to deny class certification and with it the hope of any effective relief at all. . . . [A] district judge has discretion to (and we think normally should) wait and see how serious the problem may turn out to be after settlement or judgment, when much more may be known about available records, response rates, and other relevant factors. And if a problem is truly insoluble, the court may decertify the class at a later stage of the litigation. . . . Due process simply does not require the ability to identify all members of the class at the certification stage.

795 F.3d at 664–65. Consistent with this guidance, I find class treatment to be the superior way to proceed in this case. Defendant's concerns are not unreasonable, and there is a prospect that significant management difficulties could arise as the case moves forward. If plaintiff and her counsel cannot provide a manageable, cost-effective plan for identifying and communicating with the class, and resolving issues of consent, then decertification may follow. But without more concrete evidentiary support, defendant's fears are not sufficient to defeat class certification.[5]

## IV. Conclusion

Plaintiffs' motion for class certification [125] is granted in part, and denied in part. The following class is certified: "All persons within the United States to whose cellular telephone number Yahoo! sent the Welcome Message during the period commencing March 1, 2013 through March 31, 2013, while such cellular number was assigned to Sprint, and whose cellular telephone number is not associated with a Yahoo! user in Yahoo!'s records." Plaintiff Johnson is designated the representative of this class. Plaintiffs' motions to strike, [141] and [144], are denied.

ENTER:

Date: 1/4/16

Manish S. Shah
United States District Judge

---

[5] Plaintiffs moved to strike two expert declarations submitted by defendant. [141], [144]. The content of these declarations was taken into consideration in this decision, but ultimately they did not affect its outcome.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RACHEL JOHNSON,

        Plaintiff,

    v.

YAHOO! INC.,

        Defendant.

No. 14 CV 2028

Judge Manish S. Shah

MEMORANDUM OPINION AND ORDER

Plaintiff Rachel Johnson received a text message written by a non-party via a service provided by defendant Yahoo! Inc. A second text message soon followed, containing defendant's explanation of why plaintiff received the first. Plaintiff, pursuing a claim that the second text violated the Telephone Consumer Protection Act, represents a class of certain individuals who received similar text messages from defendant. Defendant moves to decertify the class, arguing that the class is unmanageable in light of information recently provided by a cellular telephone service provider. For the following reasons, the motion is granted.

## I.    Legal Standards

Under Federal Rule of Civil Procedure 23(c)(1)(C), "[a]n order that grants or denies class certification may be altered or amended before final judgment." "If the certification of the class is later deemed to be improvident, the court may decertify." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 896 (7th Cir. 1981); *see also Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160

(1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation.").

The class must meet the four requirements of Rule 23(a)—numerosity, typicality, commonality, and adequacy of representation—and at least one of the three alternatives provided in Rule 23(b). *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1059 (7th Cir. 2016). Under Rule 23(b)(3), certification is proper when questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members, and a class action is superior to other methods of resolving the controversy. *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012).

## II.  Background

As explained in earlier orders, defendant Yahoo! Inc. provided an instant messaging client called Yahoo! Messenger, which allowed registered users to send online messages to others. Yahoo! Messenger also allowed users to send personalized messages to people's cellular telephones through a feature called PC2SMS. PC2SMS converted Yahoo! users' instant messages into text messages, which were sent to recipients' cellular telephone numbers.[1] The first time a given cellular telephone number received a text message from the PC2SMS system, the number was sent an additional text message stating: "A Yahoo! user has sent you a

---

[1] The system is discussed in greater detail in the order denying summary judgment. *See* [89]; *Johnson v. Yahoo!, Inc.*, No. 14 CV 2028, 2014 WL 7005102, *1–2 (N.D. Ill. Dec. 11, 2014). Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings.

message. Reply to that SMS to respond. Reply INFO to this SMS for help or go to y.ahoo.it/imsms." The parties refer to this stock message as the "Welcome Message."

On March 19, 2013, plaintiff Rachel Johnson received a text message from an unknown sender via PC2SMS, and she received the Welcome Message soon after. According to plaintiff, the transmission of the Welcome Message was a violation of the Telephone Consumer Protection Act, which makes it unlawful "to make any call (other than a call made . . . with the prior express consent of the called party) using any automatic telephone dialing system . . . to any cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

Plaintiff moved for class certification under Rules 23(a) and 23(b)(3), and on January 4, 2016, I certified the following class:

> All persons within the United States to whose cellular telephone number Yahoo! sent the Welcome Message during the period commencing March 1, 2013 through March 31, 2013, while such cellular number was assigned to Sprint, and whose cellular telephone number is not associated with a Yahoo! user in Yahoo!'s records.

[177] at 21; *Johnson v. Yahoo!, Inc.*, No. 14 CV 2028, 2016 WL 25711, at *9 (N.D. Ill. Jan. 4, 2016). That definition was later clarified to specify that membership in the class was limited to the users—not the subscribers—of the cellular telephone numbers. [209]. The clarification aligned with plaintiff's approach to class certification, and plaintiff's own status as the user, but not subscriber, of a cellular telephone number.

Fact discovery closed on June 26, 2015. [94]. In August 2016, in response to a subpoena, Sprint produced previously undisclosed information related to the

3

identities of the users and subscribers of the cellular telephone numbers assigned to Sprint and that received the Welcome Message. The parties deposed Sprint's corporate representative the following month. Defendant then sought to reopen discovery to develop additional evidence to support its affirmative defense of prior express consent. That request was denied because defendant had sufficient opportunity to pursue that evidence during the discovery phase of the case. [277]. Defendant now moves to decertify the class.

## III. Analysis

Defendant argues that the class should be decertified due to manageability concerns. As noted above, Rule 23(b)(3) requires a showing that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." According to defendant, individualized issues related to prior express consent overwhelm any class-wide common questions of law or fact. Defendant picks up on a warning in my opinion certifying the class: "If plaintiff and her counsel cannot provide a manageable, cost-effective plan for . . . resolving issues of consent, then decertification may follow." [177] at 21; *Johnson*, 2016 WL 25711 at *9.

The parties agree that "prior express consent" under the TCPA is an affirmative defense, and affirmative defenses can predominate such that a class should be decertified. *See Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 327 (5th Cir. 2008) ("We have noted that the 'predominance of individual issues

necessary to decide an affirmative defense may preclude class certification.'" (citation omitted)); *Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 438 (4th Cir. 2003) ("[L]ike other considerations, affirmative defenses must be factored into the calculus of whether common issues predominate."); *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 295 (1st Cir. 2000) ("[W]e regard the law as settled that affirmative defenses should be considered in making class certification decisions."). In certifying the class, I acknowledged that a defendant could defeat class certification if it presented specific evidence showing that a significant percentage of the class consented. [177] at 16; *Johnson*, 2016 WL 25711 at *7. But defendant's vague assertions about consent were insufficient. *Id.*

Defendant focuses on consent in the acceptance of its Universal Terms of Service ("uTos"). The relevant provision of the uTos states:

> Yahoo! may provide you with notices, including those regarding changes to the [Terms of Service], including by but not limited to email, regular mail, SMS, MMS, text message, postings on the Service, or other reasonable means now known or hereinafter developed.

[177] at 9; *Johnson*, 2016 WL 25711 at *4. Those who agreed to the uTOS consented to the Welcome Message. [177] at 10; *Johnson*, 2016 WL 25711 at *4. The parties agree that both the subscriber—"the consumer assigned the telephone number dialed and billed for the call"—and the "non-subscriber customary user of a telephone number included in a family or business calling plan" can give prior express consent to be called at a number. *In re Rules & Regs Implementing the TCPA,* 30 FCC Rcd 7961, 8000–01 (2015). Here, if defendant sent the Welcome

5

Message to a number that belongs to someone (either a subscriber or user of the number) who accepted the uTOS, then the Welcome Message was sent with appropriate consent.[2]

The production of records from Sprint after the close of discovery gave defendants the missing evidentiary foundation for their consent-predominance argument. Defendant searched its accountholder database for the names of subscribers and users provided by Sprint. Certain common names matched with thousands of Yahoo! user accounts, and even limiting the results to less common names (using a somewhat arbitrary measure), defendant can now show that tens of thousands of potential class members may have consented. For example, defendant found that 47,672 unique names from the Sprint data matched five or fewer Yahoo! accounts (indicating that, with further inquiry into the Yahoo! accounts, a more precise match between Sprint user and uTos acceptance is possible). [281-1] ¶ 18. Defendant also searched its accountholder database for the associated telephone numbers provided by Sprint. It found that in 65,061 cases, a number that received a Welcome Message matched a number that was provided to defendant in registering a Yahoo! account. [281-1] ¶ 27. Excluding large group plans (e.g., a corporate account with thousands of users) results in 47,109 instances, according to defendant. *See* [294] at 9. The association of thousands of potential class members to a Yahoo! account (and therefore, in turn, an accepted uTos) is a concrete showing

---

[2] This is not intermediary consent, where the consent of one person is transmitted to the sender of messages through an intermediary. This is simply a direct act of consent by someone with authority to consent to messages sent to a device.

that individual consent issues will predominate the case moving forward. To drill down on whether these class members accepted the uTOS, and thereby provided consent, the facts surrounding each person associated with a matching number would have to be explored. This could not be done in a single proceeding through records and an expert witness because the requisite identity-match may be dependent on class member testimony. Defendant now has evidence sufficient to justify an individual consent inquiry for a significant percentage of the class (perhaps between 20 to 25%, maybe more). *See* [294] at 8–9.[3]

Plaintiff says that the evidence of consent identified by defendant is inconclusive and does not prove that a significant percentage of the class members consented. While it is true that more would need to be done to prove consent, defendant does not need to prove consent to decertify the class. It just needs to show that proving consent requires individualized analysis such that the class does not meet the predominance requirement. It has done that much. When the class was certified, it appeared that determination of consent was susceptible to class-wide proof based on the information then available to the parties—by analyzing user information in defendant's records to identify individuals who had agreed to the

---

[3] In addition to the consent issue presented by defendant's showing that individual Sprint subscribers can now be associated to an executed uTOS, there is a separate manageability concern. The class is defined to exclude people whose cellular phone numbers are "associated with a Yahoo! user in Yahoo!'s records." If the Sprint record for an individual is associated with a Yahoo! user, then the individual is not a class member at all. While the class definition is objective and theoretically ascertainable, the carve-out for Yahoo! users would require the exercise of pairing Sprint numbers and Yahoo! records to ensure that a person is a member of the class. Even if done as a matter of claims administration, this would be unwieldy and require an individualized check of class membership. It would not be easy to identify who is bound by the judgment in the case.

uTOS, and deferring further inquiry until a claims administration process. But the information disclosed by Sprint gives defendant an opportunity to present its defense on an individualized basis at a trial, and I will not exclude that evidence.

Plaintiff requested defendant's evidence of prior express consent during discovery, and defendant never produced this data. In fact, defendant did not pursue evidence of consent in discovery, and I denied its request to reopen discovery to pursue consent evidence. [277]. The Sprint data came into the litigants' hands as a result of plaintiff's efforts to identify class members and issue notice. Defendant took that data and, using custom scripts, conducted an analysis that was not readily available during fact discovery. [281-1] ¶ 10. Parties have a continuing obligation to supplement discovery responses, and perhaps defendant should have conducted and disclosed its analysis sooner. But excluding the analysis would be too harsh a sanction. Defendant did not seek out information related to associated telephone numbers in discovery, and, as plaintiff points out, neither party requested it from Sprint. This development is not attributable to some discovery misconduct by defendant. Ultimately, the truth-seeking function of litigation would be better served by testing the evidence, not pretending it doesn't exist.

Plaintiff proposes that the class be redefined to exclude class members who might have consented. Jettisoning people who consented would not create an impermissible fail-safe class (because whether the PC2SMS system is a prohibited automatic telephone dialing system is still a contested issue unresolved by the class definition), but plaintiff does not propose a new class definition. Without a specific

definition that has been tested against all the Rule 23 requirements, I decline to adjust the class further. Moreover, counsel's idea to exclude potential class members based on defendant's investigation invites concerns over adequacy of representation and loyalty to the class. Decertification, not redefinition, is the appropriate step in light of defendant's showing that individualized consent inquiries will predominate.[4]

## IV. Conclusion

Defendant's motion to decertify the class, [281], is granted. The parties shall appear for a status hearing on February 28, 2018, at 9:30 a.m.

ENTER:

Manish S. Shah
United States District Judge

Date: February 13, 2018

---

[4] Defendant raises two other arguments for decertification. First, it argues that whether its PC2SMS system amounts to an ATDS is an individualized question. Although there are factual questions about how the Address Book and PC2SMS worked together to send the Welcome Message, *see* [89] at 13; *Johnson*, 2014 WL 7005102 at *6, I am not persuaded that these questions are necessarily individualized. Even now, defendant seems to argue that the Address Book was completely independent of the PC2SMS system and human intervention was necessary to send the text. This argument would apply across the class without individual inquiry. Second, defendant argues that the statutory damages award sought by plaintiff is unconstitutionally excessive, and that an excessiveness determination cannot be conducted on a class-wide basis. Because the motion to decertify is granted for other reasons, I need not reach this issue.

**United States District Court**
**For The Northern District Of Illinois**
**Eastern Division**

| | |
|---|---|
| Rachel Johnson, | |
| Plaintiff, | |
| v. | No. 14 CV 2028 |
| Yahoo!, Inc., | Judge Manish S. Shah |
| Defendant. | |

**Order**

Defendant's motion for reconsideration [318] is granted.

**Statement**

Yahoo!'s PC2SMS service caused a text message to be sent to Rachel Johnson by pulling her number from a database of stored numbers—an address book—and then automatically sending that number a text message. *See Johnson v. Yahoo!, Inc.*, No. 14 CV 2028, 2014 WL 7005102, at *1–2 (N.D. Ill. Dec. 11, 2014); *Johnson v. Yahoo!, Inc.*, No. 14 CV 2028, 2016 WL 25711, at *1–2 (N.D. Ill. Jan. 4, 2016). Johnson sued Yahoo! for violating the Telephone Consumer Protection Act. 47 U.S.C. § 227(b)(1)(A)(iii). Johnson's theory is that Yahoo!'s service was an automatic telephone dialing system and using an ATDS to text her violated the TCPA. In an earlier order, I denied Yahoo!'s motion for summary judgment because of disputes over whether PC2SMS was an ATDS under the authoritative agency interpretation of the TCPA. *See Johnson*, 2014 WL 7005102, at *6. Yahoo! asks for reconsideration and for entry of summary judgment based on recent interpretations of the definition of an ATDS.

In my first ruling, I relied on FCC decisions from 2003, 2008, and 2012 that interpreted ATDS to include systems that dialed numbers pulled from a stored list without human intervention. *See Johnson*, 2014 WL 7005102, at *3 (citing 18 F.C.C. Rcd. 14014, 14091–93 (2003); 23 F.C.C. Rcd. 559, 566–67 (2008); 27 F.C.C. Rcd. 15391, 15392 n.5 (2012)). At the time, I didn't agree with the FCC's reading of the statute, but I was bound by it. *See id.* at *3 & n.7 (citing *CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 450 (7th Cir. 2010)). The statute defines an ATDS to be equipment that has the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1). If the equipment pulls numbers from a stored list that was not generated by a random or

sequential number generator (and does not have the capacity to generate random or sequential numbers), the equipment does not fit the statutory definition. But the FCC had a more expansive interpretation, and I followed it.

In 2015, the FCC issued another decision interpreting automatic telephone dialing systems. 30 F.C.C. Rcd. 7961 (2015). The Commission reaffirmed its previous statements that "dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of 'autodialer') even if it is not presently used for that purpose, including when the caller is calling a set list of consumers." 30 F.C.C. Rcd. 7961, 7971–74 (2015) (citing the 2003 and 2008 TCPA Orders).

In *ACA International v. FCC*, 885 F.3d 687, 695 (D.C. Cir. 2018), the court "set aside the Commission's explanation of which devices qualify as an ATDS." The notion that the definition of ATDS includes a device that "can call from a database of telephone numbers generated elsewhere" was incompatible with a definition that required an ATDS to generate random or sequential numbers to be dialed. *Id.* at 701–03. The Commission's lack of clarity about the qualifying functions of an ATDS, in addition to its unreasonably expansive understanding of "capacity,"[1] led the court to "set aside the Commission's treatment of those matters." *Id.* at 703.

Based on *ACA International*, Yahoo! asks me to reconsider summary judgment. A non-final ruling may be revised at any time before entry of a judgment. Fed. R. Civ. P. 54(b). A clarification of law that makes clear that a ruling was erroneous provides a compelling reason to reconsider an earlier decision. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006). If the premise of my earlier ruling—that PC2SMS might be an ATDS—depended on the FCC's interpretation, and if that interpretation is no longer controlling, then there has been a significant change in the law justifying reconsideration.

Johnson says nothing has changed. When I denied summary judgment in 2014, the FCC had not issued its 2015 order—the only order *ACA International* set aside. So, Johnson argues, the 2003, 2008, and 2012 orders remain in effect, and I remain bound by them. Johnson is correct that I must apply the FCC's definition of ATDS. *Blow v. Bijora*, 855 F.3d 793, 802 (7th Cir. 2017).[2] And it is also true that the petitions

---

[1] The FCC understood "capacity" to include dialing functions added through software changes or updates, even if those functions did not exist on the equipment at the time of the uninvited call. *See ACA Internat'l*, 885 F.3d at 696. This meant that all smartphones were automatic telephone dialing systems, and the court thought this would give the statute an "eye-popping sweep." *Id.* at 697.

[2] This might change. *See Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, 883 F.3d 459 (4th Cir. 2018), *cert. granted in part*, —S.Ct.—, 2018 WL 3127423 (U.S. Nov. 13, 2018)

in *ACA International* sought review only of the 2015 order. *ACA International*, 885 F.3d at 693. Although its jurisdiction was based on direct-review petitions from the 2015 order, the court's ruling encompassed a review of all "pertinent pronouncements" by the FCC. *Id.* at 701. In the end, the court set aside the agency's "treatment" of the qualifying functions of an ATDS, *id.* at 703, and it wiped the slate clean. The 2015 FCC order "reaffirmed" its earlier orders, and while that word choice is different than "reopening" or "reinstating," its import is the same—the FCC reviewed its past treatment of ATDS functionality, and the agency understood its option to revisit its definitions when confronted with arguments about the statutory text. *See* 30 F.C.C. Rcd. 7961, 7971–76 (2015). It reaffirmed and reiterated its approach, which brought the entire agency definition of ATDS up for review in the D.C. Circuit. *See Kennecott Utah Copper Corp. v. U.S. Dep't of Interior*, 88 F.3d 1191, 1214 (D.C. Cir. 1996); *Pub. Citizen v. Nuclear Regulatory Comm'n*, 901 F.2d 147, 152 (D.C. Cir. 1990). I agree with those courts that have concluded that the FCC's prior orders are no longer binding. *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1049 (9th Cir. 2018); *Pinkus v. Sirius XM Radio*, 319 F.Supp.3d 927, 935 (N.D. Ill. 2018).[3]

I denied summary judgment to Yahoo! because I was bound by the FCC's definition of an ATDS. *Johnson*, 2014 WL 7005102, at *3. *ACA International* changed that premise, and reconsideration is appropriate. The PC2SMS system did not have the capacity to generate random or sequential numbers to be dialed—it dialed numbers from a stored list. *See id.* at *3–4. According to the TCPA, an automatic telephone dialing system has the capacity to store or produce telephone numbers, using a random or sequential number generator. 47 U.S.C. § 227(a)(1). A device that stores or produces numbers without any use of a random or sequential number generator is a different device. Some courts think the statutory language is ambiguous enough to include a device that dials numbers from a stored list (without random or sequential number generation). *See ACA International*, 88 F.3d at 703; *Marks*, 904 F.3d at 1051–1052. But I read the statute differently, and it is not ambiguous. The phrase "using a random or sequential number generator" applies to the numbers to be called and an ATDS must either store or produce those numbers

---

(No. 17-1705) (granting certiorari on whether the Hobbs Act required the district court to accept the FCC's legal interpretation of the TCPA).

[3] Other courts disagree. *See, e.g., Maes v. Charter Communication d/b/a Spectrum Cable & Does 1-10*, No. 18-CV-124-JDP, 2018 WL 5619199, at *3–5 (W.D. Wis. Oct. 30, 2018). But I am not persuaded by a narrow reading of *ACA International*. Although the D.C. Circuit said that "it might be permissible for the Commission to adopt" an interpretation of automatic telephone dialing systems that encompassed devices that could not generate random or sequential numbers to be dialed, 885 F.3d at 703, and did not announce its own interpretation, it "set aside" the FCC's approach. The court's language is not consistent with a belief that it was leaving the 2003 and 2008 orders alone—it was telling the agency to start over.

(and then dial them). Curated lists developed without random or sequential number generation capacity fall outside the statute's scope.[4]

PC2SMS is not an ATDS, and Yahoo! is entitled to judgment as a matter of law. Its motion to reconsider is granted, and the clerk shall enter judgment in favor of Yahoo!.

ENTER:

Manish S. Shah
United States District Judge

Date: November 29, 2018

---

[4] This does not make the term "store" superfluous. The word "store" ensures that a system that generated random numbers and did not dial them immediately, but instead stored them for later automatic dialing (after, for example, some human intervention in activating the stored list for dialing) is an ATDS. This is consistent with the problem, including database marketing, Congress addressed in the TCPA.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Rachel Johnson,

Plaintiff,

v.

Yahoo! Inc.,

Defendant

Case No.  14-cv-02028
Judge Manish Shah

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐    in favor of plaintiff(s)
and against defendant(s)
in the amount of $    ,

    which ☐ includes    pre–judgment interest.
    ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☒    in favor of defendant Yahoo! Inc.,  and
against plaintiff Rachel Johnson.

Defendant shall recover costs from plaintiff.

---

☐    other:

---

This action was *(check one)*:

☐ tried by a jury with Judge Manish Shah presiding, and the jury has rendered a verdict.
☐ tried by Judge    without a jury and the above decision was reached.
☒ decided by Judge Manish Shah on a motion.

Date:  11/29/2018        Thomas G. Bruton, Clerk of Court

                          /s/Susan McClintic , Deputy Clerk

APPEAL,COLE,CONSALL,PROTO,TERMED

# United States District Court
# Northern District of Illinois - CM/ECF LIVE, Ver 6.2.2 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:14-cv-02028
# Internal Use Only

Johnson v. Yahoo! Inc.
Assigned to: Honorable Manish S. Shah
Member case:
    1:14-cv-02753
Cause: 28:1331 Federal Question

Date Filed: 03/21/2014
Date Terminated: 11/29/2018
Jury Demand: Both
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

## **Plaintiff**

**Rachel Johnson**        represented by    **Keith James Keogh**
Keogh Law, Ltd.
55 W. Monroe
Suite 3390
Chicago, IL 60603
(312) 726-1092
Email: Keith@Keoghlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seyed Abbas Kazerounian**
Kazerouni Law Group, Apc
245 Fischer Avenue
Suite D1
Costa Mesa, CA 92626
(800) 400-6808
Email: ak@kazlg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy J. Sostrin**
Keogh Law, LTD.
55 W. Monroe
Suite 3390
Chicago, IL 60603
312 726 1092
Email: tsostrin@keoghlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Charles Murphy**
DiTommaso Lubin Austermuehle P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
Email: acm@ditommasolaw.com
*TERMINATED: 09/27/2018*

**David J McGlothlin**
Hyde & Swigart
2633 E. Indian School Road
Suite 460
Phoenix, AZ 85016
602-265-3332
Email: david@westcoastlitigation.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua Branden Swigart**
Hyde & Swigart
2221 Camino Del Rio South
Suite 101
San Diego, CA 92108
(619) 233-7770
Email: josh@westcoastlitigation.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Marie Bowen**
Consumer Advocacy Center, P.C.
180 W. Washington Street
Ste 700
Chicago, IL 60602
312 782-5808
Email: kate@caclawyers.com
*TERMINATED: 09/03/2015*
*ATTORNEY TO BE NOTICED*

**Michael S. Hilicki**
Keogh Law, LTD
55 W. Monroe St.
Suite 3390
Chicago, IL 60603
312-726-1092
Email: MHilicki@KeoghLaw.com
*ATTORNEY TO BE NOTICED*

**Patrick Doyle Austermuehle**
DiTommaso Lubin, P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
Email:
paustermuehle@ditommasolaw.com
*ATTORNEY TO BE NOTICED*

**Peter Scott Lubin**
DiTommaso Lubin Austermuehle
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
Email: psl@ditommasolaw.com
*ATTORNEY TO BE NOTICED*

**Vincent Louis DiTommaso**
DiTommaso Lubin, P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
Email: vdt@ditommasolaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Yahoo! Inc.**                    represented by  **Francis A Citera**
Greenberg Traurig, LLP.
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
(312) 456-8400
Email: citeraf@gtlaw.com
*TERMINATED: 08/19/2016*
*LEAD ATTORNEY*

**Brett Michael Doran**
Greenbert Traurig LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
312 457 8400
Email: doranb@gtlaw.com
*TERMINATED: 08/19/2016*

**Christopher Chorba**
Gibson, Dunn & Crutcher Llp
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7396
Email: cchorba@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David A. Wheeler**
Chapman Spingola, LLP
190 S LaSalle
Suite 3850
Chicago, IL 60603
United Sta
(312) 606-8657
Email: dwheeler@chapmanspingola.com
*ATTORNEY TO BE NOTICED*

**Ian Charles Ballon**
Greenberg Traurig Llp
1840 Century Park East
Suite 1900
Los Angeles, CA 90067
(310) 586-6575
Email: ballon@gtlaw.com
*TERMINATED: 08/19/2016*
*PRO HAC VICE*

**Justin Alexander Barton**
Greenberg Traurig, Llp
1840 Century Park East
Suite 1900
Los Angeles, CA 90067
(310) 586-7700
Email: bartonju@gtlaw.com
*TERMINATED: 08/19/2016*
*PRO HAC VICE*

**Lori Chang**
Greenberg Traurig Llp
1840 Century Park East
Suite 1900
Los Angeles, CA 90067
(310) 586-7700
Email: changl@gtlaw.com
*TERMINATED: 08/19/2016*

*PRO HAC VICE*

**Lucia Lynn Marker-Moore**
Greenberg Traurig, Llp
77 W. Wacker Dr.
#3100
Chicago, IL 60601
(312) 456-8400
Email: markermoorel@gtlaw.com
*TERMINATED: 08/19/2016*

**Nina D. Boyajian**
Greenberg Traurig, LLP
1840 Century Park East, # 1900
Los Angeles, CA 90067-2121
(310) 586-7700
Email: boyajiann@gtlaw.com
*TERMINATED: 08/19/2016*
*PRO HAC VICE*

**Robert Andrew Chapman**
Chapman & Spingola LLP
190 South LaSalle Street
Suite 3850
Chicago, IL 60603
(312) 630-9202
Email: rchapman@chapmanspingola.com
*ATTORNEY TO BE NOTICED*

**Scott Alan Edelman**
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 557-8061
Email: sedelman@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy William Loose**
Gibson, Dunn & Crutcher Llp
333 S. Grand Avenue
47th Floor
Los Angeles, CA 90071
(213) 229-7746
Email: tloose@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Service List**             represented by **Alexander I. Arezina**
1504 North Dearborn
Apartment 210
Chicago, IL 60610
312-787-2998
Email: alex@arezinalaw.com
*ATTORNEY TO BE NOTICED*

**Andrew Charles Murphy**
(See above for address)
*TERMINATED: 09/27/2018*

**John Auchter**
DiTommaso Lubin, P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
Email: jauchter@ditommasolaw.com
*TERMINATED: 06/29/2016*

**John Robert McInerney**
Sanchez Daniels & Hoffman LLP
333 W Wacker Dr.
Suite 500
Chicago, IL 60606
(312) 641-1555
Email: JMcInerney@sanchezdh.com
*TERMINATED: 06/29/2016*

**Patrick Doyle Austermuehle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Scott Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Vincent Louis DiTommaso**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/21/2014 | 1 | COMPLAINT filed by Rachel Johnson; Jury Demand. Filing fee $ 400, receipt number 0752-9317656.(Keogh, Keith) (Entered: 03/21/2014) |
| 03/21/2014 | 2 | CIVIL COVER Sheet (Keogh, Keith) (Entered: 03/21/2014) |

| 03/21/2014 | 3 | ATTORNEY Appearance for Plaintiff Rachel Johnson by Keith James Keogh (Keogh, Keith) (Entered: 03/21/2014) |
|---|---|---|
| 03/21/2014 | 4 | MOTION by Plaintiff Rachel Johnson to certify class (Attachments: # 1 Exhibit 1)(Keogh, Keith) (Entered: 03/21/2014) |
| 03/21/2014 | 5 | ATTORNEY Appearance for Plaintiff Rachel Johnson by Timothy J. Sostrin (Sostrin, Timothy) (Entered: 03/21/2014) |
| 03/21/2014 | 6 | ATTORNEY Appearance for Plaintiff Rachel Johnson by Katherine Marie Bowen (Bowen, Katherine) (Entered: 03/21/2014) |
| 03/21/2014 | | CASE ASSIGNED to the Honorable Matthew F. Kennelly. Designated as Magistrate Judge the Honorable Jeffrey Cole. (daj, ) (Entered: 03/21/2014) |
| 03/21/2014 | 7 | NOTICE of Motion by Keith James Keogh for presentment of motion to certify class 4 before Honorable Matthew F. Kennelly on 4/3/2014 at 09:30 AM. (Keogh, Keith) (Entered: 03/21/2014) |
| 03/24/2014 | | SUMMONS Issued as to Defendant Yahoo! Inc. (jp, ) (Entered: 03/24/2014) |
| 03/24/2014 | 8 | SUMMONS Returned Executed by Rachel Johnson as to Yahoo! Inc. on 3/24/2014, answer due 4/14/2014. (Keogh, Keith) (Entered: 03/24/2014) |
| 04/01/2014 | 9 | ATTORNEY Appearance for Plaintiff Rachel Johnson by Michael S. Hilicki (Hilicki, Michael) (Entered: 04/01/2014) |
| 04/02/2014 | 10 | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion for class certfication 4 is entered and continued to the initial status hearing, which will be set by later order. (mk) (Entered: 04/02/2014) |
| 04/10/2014 | 11 | ATTORNEY Appearance for Defendant Yahoo! Inc. by Francis A Citera (Citera, Francis) (Entered: 04/10/2014) |
| 04/10/2014 | 12 | MOTION by Defendant Yahoo! Inc. for extension of time to file answer regarding complaint 1 *(UNOPPOSED)* (Citera, Francis) (Entered: 04/10/2014) |
| 04/10/2014 | 13 | NOTICE of Motion by Francis A Citera for presentment of motion for extension of time to file answer, motion for relief 12 before Honorable Matthew F. Kennelly on 4/15/2014 at 09:30 AM. (Citera, Francis) (Entered: 04/10/2014) |
| 04/10/2014 | 14 | ATTORNEY Appearance for Defendant Yahoo! Inc. by Lucia Lynn Marker-moore (Marker-moore, Lucia) (Entered: 04/10/2014) |
| 04/11/2014 | 15 | MINUTE entry before the Honorable Matthew F. Kennelly: Defendant's unopposed motion for extension of time 12 is granted; response to complaint is to be filed by 5/23/2014. (mk) (Entered: 04/11/2014) |
| 04/15/2014 | 16 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-9393876. (Chang, Lori) (Entered: 04/15/2014) |
| 04/15/2014 | 17 | NOTICE of Motion by Lori Chang for presentment of motion to appear pro hac vice 16 before Honorable Matthew F. Kennelly on 4/22/2014 at 09:30 AM. (Chang, Lori) (Entered: 04/15/2014) |

| 04/15/2014 | 18 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-9393975. (Ballon, Ian) (Entered: 04/15/2014) |
| 04/15/2014 | 19 | NOTICE of Motion by Ian Charles Ballon for presentment of motion to appear pro hac vice 18 before Honorable Matthew F. Kennelly on 4/22/2014 at 09:30 AM. (Ballon, Ian) (Entered: 04/15/2014) |
| 04/21/2014 | 20 | ORDER: The motions of Lori Chang and Ian Ballon to appear pro hac vice are both granted [dkt. nos. 16 & 18]. The motion hearing date of 4/22/2014 is vacated. Counsel are directed to promptly contact the Clerk of Court to establish e-filing accounts in this district. Signed by the Honorable Matthew F. Kennelly on 4/21/2014. Mailed notice(vcf, ) (Entered: 04/21/2014) |
| 04/27/2014 | 21 | MINUTE entry before the Honorable Matthew F. Kennelly: Initial status hearing is set to 9:00 a.m. on 5/27/2014 before Judge Kennelly, in Chambers, Room 2188. Parties are to review and comply with Judge Kennelly's standing initial order, which may be found on his web page, located at http://www.ilnd.uscourts.gov/home/Judges.aspx. (mk) (Entered: 04/27/2014) |
| 05/02/2014 | 22 | MOTION by Defendant Yahoo! Inc. to reassign case *14 CV 2753 Calderin Vs. Yahoo! Based on Relatedness* (Attachments: # 1 Exhibit A-B)(Citera, Francis) (Entered: 05/02/2014) |
| 05/02/2014 | 23 | NOTICE of Motion by Francis A Citera for presentment of motion to reassign case 22 before Honorable Matthew F. Kennelly on 5/8/2014 at 09:30 AM. (Citera, Francis) (Entered: 05/02/2014) |
| 05/08/2014 | 24 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion hearing held on 5/8/2014. Motion to reassign case 22 is granted as the Court finds Case No. 14-cv-2753, Calderin v. Yahoo! Inc., is related. The initial status hearing set for 5/27/2014 at 9:00 a.m. set for this case remains as scheduled. A status hearing for the same date to be set in the related case. Mailed notice. (pjg, ) (Entered: 05/08/2014) |
| 05/13/2014 | 25 | ANSWER to Complaint with Jury Demand by Yahoo! Inc.(Ballon, Ian) (Entered: 05/13/2014) |
| 05/13/2014 | 26 | MOTION by Defendant Yahoo! Inc. for summary judgment (Ballon, Ian) (Entered: 05/13/2014) |
| 05/13/2014 | 27 | MEMORANDUM by Yahoo! Inc. in support of motion for summary judgment 26 (Citera, Francis) (Entered: 05/13/2014) |
| 05/13/2014 | 28 | RULE 56.1 Statement by Yahoo! Inc. regarding motion for summary judgment 26 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Citera, Francis) (Entered: 05/13/2014) |
| 05/13/2014 | 29 | DECLARATION of of Lori Chang regarding motion for summary judgment 26 (Chang, Lori) (Entered: 05/13/2014) |
| 05/13/2014 | 30 | NOTICE of Motion by Ian Charles Ballon for presentment of motion for summary judgment 26 before Honorable Matthew F. Kennelly on 5/21/2014 at 09:30 AM. (Ballon, Ian) (Entered: 05/13/2014) |

| 05/13/2014 | 31 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Yahoo! Inc. (Citera, Francis) (Entered: 05/13/2014) |
|---|---|---|
| 05/15/2014 | 32 | NOTICE by Yahoo! Inc. *of filing, Letter to Judge Kennelly* (Citera, Francis) (Entered: 05/15/2014) |
| 05/20/2014 | 33 | MINUTE entry before the Honorable Matthew F. Kennelly: At the request of the parties, the motion hearing regarding motion for summary judgment 26 set for 5/21/2014 and the status hearing set for 5/27/2014 are vacated and reset for 6/5/2014 at 09:00 AM. Mailed notice. (pjg, ) (Entered: 05/20/2014) |
| 06/05/2014 | 34 | MINUTE entry before the Honorable Matthew F. Kennelly: Rule 16(b) status hearing held on 6/5/2014 with attorneys for all parties. Telephone status hearing, to be initiated by the parties, is set for 7/2/2014 at 9:00 a.m. for the purpose of discussing status of discovery and the Court's proposal to consolidate the cases for all purposes. Mailed notice. (pjg, ) (Entered: 06/05/2014) |
| 06/05/2014 | 35 | AGREED ORDER regarding discovery and briefing schedule concerning defendant's motion for summary judgment, signed by the Honorable Matthew F. Kennelly on 6/5/2014. Response to motion for summary judgment is due by 8/8/14; reply to response is due by 8/22/14. Further details are contained within the accompanying order. (mk) (Entered: 06/05/2014) |
| 06/06/2014 | 36 | STIPULATION *to withdraw Motions for Class Certification without prejudice* (Sostrin, Timothy) (Entered: 06/06/2014) |
| 06/09/2014 | 37 | MINUTE entry before the Honorable Matthew F. Kennelly: Pursuant to the parties' stipulation, plaintiff's motion to certify class 4 is withdrawn without prejudice. (mk) (Entered: 06/09/2014) |
| 06/11/2014 | 38 | AGREED CONFIDENTIALITY ORDER signed by the Honorable Matthew F. Kennelly on 6/11/2014. (mk) (Entered: 06/11/2014) |
| 06/26/2014 | 39 | MOTION by Defendant Yahoo! Inc. to stay *Discovery* (Citera, Francis) (Entered: 06/26/2014) |
| 06/26/2014 | 40 | NOTICE of Motion by Francis A Citera for presentment of motion to stay 39 before Honorable Matthew F. Kennelly on 7/1/2014 at 09:30 AM. (Citera, Francis) (Entered: 06/26/2014) |
| 06/26/2014 | 41 | MEMORANDUM by Yahoo! Inc. in support of motion to stay 39 *Discovery* (Attachments: # 1 Exhibit A)(Citera, Francis) (Entered: 06/26/2014) |
| 06/26/2014 | 42 | EXECUTIVE COMMITTEE ORDER: It appearing that, pursuant to the Executive Committee Order entered on June 26, 2014, the civil cases on the attached list have been selected for reassignment to form the initial calendar of the Honorable Manish S. Shah, therefore IT IS HEREBY ORDERED That the attached list of 283 cases be reassigned to the Honorable Manish S. Shah. IT IS FURTHER ORDERED that this order shall become effective on June 27, 2014. Signed by Executive Committee on June 26, 2014. Mailed notices.(rp, ) (Entered: 06/27/2014) |

| 06/30/2014 | 43 | MINUTE entry before the Honorable Matthew F. Kennelly: Due to the recent reassignment of this case to Judge Shah, the motion hearing date of 7/1/2014 and the status hearing set for 7/2/2014 before Judge Kennelly are vacated. Mailed notice. (pjg, ) (Entered: 06/30/2014) |
| --- | --- | --- |
| 06/30/2014 | 44 | MINUTE entry before the Honorable Manish S. Shah: Defendant's Motion to Stay Discovery 39 is set for hearing before Judge Manish S. Shah on 7/3/14 at 9:45 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 06/30/2014) |
| 07/01/2014 | 45 | RESPONSE by Rachel Johnson in Opposition to MOTION by Defendant Yahoo! Inc. to stay Discovery 39 (Attachments: # 1 Exhibit 1)(Sostrin, Timothy) (Entered: 07/01/2014) |
| 07/03/2014 | 46 | MINUTE entry before the Honorable Manish S. Shah: Motion hearing held. For the reasons stated on the record, Defendant's Motion to Stay Discovery 39 is denied. The parties' oral motion for consolidation of the cases (14 C 2028 and 14 C 2753) is granted. The Clerk of Court is ordered to consolidate these cases for all purposes. Counsel for the parties shall confer and then prepare and file a joint Reassignment Status Report, not to exceed five pages, within 14 days. A template for the Reassignment Status Report, setting forth the information required, may be found at http://www.ilnd.uscourts.gov/home/JudgeInfo.aspx by clicking on Judge Shah's name and then again on the link entitled 'Cases Reassigned to Judge Shah.' In addition to the required materials for the report, the parties shall propose a discovery schedule and a new briefing schedule on defendant's motion for summary judgment. A status hearing date shall be set after the court has reviewed the parties' reassignment status report. Notices mailed by Judicial Staff. (psm, ) (Entered: 07/03/2014) |
| 07/08/2014 | 47 | TRANSCRIPT OF PROCEEDINGS held on 07/03/14 before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 7/29/2014. Redacted Transcript Deadline set for 8/8/2014. Release of Transcript Restriction set for 10/6/2014. (Conway, Colleen) (Entered: 07/08/2014) |
| 07/17/2014 | 48 | STATUS Report *(Joint)* by Rachel Johnson (Sostrin, Timothy) (Entered: 07/17/2014) |
| 07/18/2014 | 49 | MINUTE entry before the Honorable Manish S. Shah: At the parties' request, the briefing schedule on defendant's motion for summary judgment 26 is revised as follows: consolidated response due 9/26/14, reply due 10/10/2014. Status hearing before Judge Shah set for 10/17/14 at 9:30 a.m. At the next status |

| | | |
|---|---|---|
| | | hearing, a further schedule on discovery and its scope will be set. Notices mailed by Judicial Staff. (psm, ) (Entered: 07/18/2014) |
| 07/23/2014 | 50 | MOTION by Defendant Yahoo! Inc. for protective order *[Agreed Motion for Entry of Agreed Supplemental Protective Order]* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Citera, Francis) (Entered: 07/23/2014) |
| 07/23/2014 | 51 | NOTICE of Motion by Francis A Citera for presentment of motion for protective order 50 before Honorable Manish S. Shah on 7/29/2014 at 09:45 AM. (Citera, Francis) (Entered: 07/23/2014) |
| 07/24/2014 | 52 | MINUTE entry before the Honorable Manish S. Shah: Parties' Agreed Motion for Entry of Agreed Supplemental Protective Order to Govern the Production/Inspection of Source Code 50 is granted. Enter Agreed Supplemental Protective Order to Govern the Production/Inspection of Source Code. Motion hearing previously set for 7/29/14 at 9:45 a.m. is hereby stricken and no appearance shall be necessary. Notices mailed by Judicial Staff. (psm, ) (Entered: 07/24/2014) |
| 07/24/2014 | 53 | AGREED Supplemental Protective Order to Govern the Production/Inspection of Source Code. Signed by the Honorable Manish S. Shah on 7/24/2014.(psm, ) (Entered: 07/24/2014) |
| 09/12/2014 | 54 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-9855228. (Barton, Justin) (Entered: 09/12/2014) |
| 09/19/2014 | 55 | MINUTE entry before the Honorable Manish S. Shah: Motion for Leave to Appear Pro Hac Vice 54 is granted. Justin A. Barton may file his appearance on behalf of Yahoo! Inc. and is added as counsel of record. Notices mailed by Judicial Staff. (psm, ) (Entered: 09/19/2014) |
| 09/26/2014 | 56 | SEALED DOCUMENT by Plaintiff Rachel Johnson , *Plaintiffs' Consolidated Response in Opposition to Yahoo's Motion for Summary Judgment* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Sostrin, Timothy) (Entered: 09/26/2014) |
| 09/26/2014 | 57 | SEALED DOCUMENT by Plaintiff Rachel Johnson , *Plaintiffs' Combined Response to Defendant's Local Rule 56.1 Statement of Material Facts and Statement of Additional Facts* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Sostrin, Timothy) (Entered: 09/26/2014) |
| 09/26/2014 | 58 | MOTION by Plaintiff Rachel Johnson for leave to file *Plaintiffs' Consolidated Response to Yahoo's Motion for Summary Judgment and Plaintiffs' Rule 56.1 Statement UNDER SEAL, Unopposed Motion* (Sostrin, Timothy) (Entered: 09/26/2014) |
| 09/26/2014 | 59 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for leave to file 58 before Honorable Manish S. Shah on 10/2/2014 at 09:45 AM. (Sostrin, Timothy) (Entered: 09/26/2014) |
| 09/26/2014 | 60 | MOTION by Plaintiff Rachel Johnson to Exclude Monica S. Desai's Expert Report (Sostrin, Timothy) (Entered: 09/26/2014) |

| 09/26/2014 | 61 | MEMORANDUM by Rachel Johnson in support of motion for miscellaneous relief 60 *To Exclude Monica S. Desai's Expert Report* (Attachments: # 1 Exhibit 1)(Sostrin, Timothy) (Entered: 09/26/2014) |
| 09/26/2014 | 62 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for miscellaneous relief 60 before Honorable Manish S. Shah on 10/2/2014 at 09:45 AM. (Sostrin, Timothy) (Entered: 09/26/2014) |
| 09/29/2014 | 63 | MINUTE entry before the Honorable Manish S. Shah: Plaintiff's Unopposed Motion for Leave to File Plaintiff's Consolidated Response and Plaintiff's Rule 56.1 Statement Under Seal 58 is granted. The court notes that after it resolves the summary judgment motion, it will unseal any document that was material to its decision making. See City of Greenville v. Syngenta Crop Protection, LLC, -- F.3d --, 2014 WL 4092255, *1 (7th Cir. Aug. 20, 2014). Plaintiff's Motion to Exclude Expert Report 60 is taken under advisement along with the pending summary judgment motion. Defendant is directed to respond to the motion to exclude expert report in its reply memorandum due 10/10/2014. Motion hearing previously set for 10/2/14 at 9:45 a.m. is hereby stricken and no appearance is necessary. Status hearing remains set for 10/17/14 at 9:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 09/29/2014) |
| 10/02/2014 | 64 | MOTION by Defendant Yahoo! Inc. for extension of time to file response/reply as to motion for summary judgment 26 *(Unopposed)* (Citera, Francis) (Entered: 10/02/2014) |
| 10/02/2014 | 65 | NOTICE of Motion by Francis A Citera for presentment of motion for extension of time to file response/reply, motion for relief 64 before Honorable Manish S. Shah on 10/7/2014 at 09:45 AM. (Citera, Francis) (Entered: 10/02/2014) |
| 10/03/2014 | 66 | MINUTE entry before the Honorable Manish S. Shah: Yahoo! Inc.'s Unopposed Motion for an Extension of Time to File Its Reply in Support of Motion for Summary Judgment 64 is granted. Yahoo! Inc.'s reply shall be filed by 10/24/14. Motion hearing previously set for 10/7/14 at 9:45 a.m. is hereby stricken and no appearance is necessary. Status hearing previously set for 10/17/14 at 9:30 a.m. is hereby stricken and reset to 10/27/14 at 10:00 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 10/03/2014) |
| 10/08/2014 | 67 | MOTION by Plaintiff Rachel Johnson to transfer case *to the Southern District of California* (Attachments: # 1 Certificate of Service)(Auchter, John) (Entered: 10/08/2014) |
| 10/08/2014 | 68 | MEMORANDUM by Rachel Johnson in support of motion to transfer case 67 (Auchter, John) (Entered: 10/08/2014) |
| 10/08/2014 | 69 | NOTICE of Motion by John Auchter for presentment of motion to transfer case 67 before Honorable Manish S. Shah on 10/14/2014 at 09:45 AM. (Auchter, John) (Entered: 10/08/2014) |
| 10/08/2014 | 70 | MINUTE entry before the Honorable Manish S. Shah: Motion hearing previously set for 10/14/14 at 9:45 a.m. on the Plaintiffs' Motion to Transfer to |

|  |  | the Southern District of California 67 is hereby stricken and reset to 10/27/14 at 10:00 a.m. Defendant may file a written response to the motion 67 by 10/24/14. Notices mailed by Judicial Staff. (psm, ) (Entered: 10/08/2014) |
|---|---|---|
| 10/17/2014 | 71 | MOTION by Defendant Yahoo! Inc. to strike *and Exclude Expert Witness Testimony and Report of Randall Snyder* (Citera, Francis) (Entered: 10/17/2014) |
| 10/17/2014 | 72 | MEMORANDUM by Yahoo! Inc. in support of motion to strike 71 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Citera, Francis) (Entered: 10/17/2014) |
| 10/17/2014 | 73 | DECLARATION of Justin A. Barton regarding motion to strike 71 (Attachments: # 1 Exhibit A)(Citera, Francis) (Entered: 10/17/2014) |
| 10/17/2014 | 74 | NOTICE of Motion by Francis A Citera for presentment of motion to strike 71 before Honorable Manish S. Shah on 10/22/2014 at 09:45 AM. (Citera, Francis) (Entered: 10/17/2014) |
| 10/20/2014 | 75 | MINUTE entry before the Honorable Manish S. Shah: Defendant's motion to strike 71 is denied. Noticed motion hearing for 10/22/14 at 9:45 a.m. is stricken. The arguments raised in the motion will be considered as part of the summary judgment motion being briefed, and the court will explain whether it finds witness Snyder's testimony admissible in that context. At the status hearing scheduled for 10/27/14, Plaintiff may make an oral response to defendant's argument (focused on whether witness Snyder's testimony is a legal opinion). No written response is permitted. Notices mailed by Judicial Staff. (psm, ) (Entered: 10/20/2014) |
| 10/24/2014 | 76 | RESPONSE by Yahoo! Inc.in Opposition to MOTION by Plaintiff Rachel Johnson to transfer case *to the Southern District of California* 67 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Citera, Francis) (Entered: 10/24/2014) |
| 10/24/2014 | 77 | MOTION by Defendant Yahoo! Inc. for leave to file excess pages *[Unopposed, Instanter]* (Attachments: # 1 Certificate of Service)(Citera, Francis) (Entered: 10/24/2014) |
| 10/24/2014 | 78 | MOTION by Defendant Yahoo! Inc. to seal *[Unopposed, Instanter]* (Attachments: # 1 Certificate of Service)(Citera, Francis) (Entered: 10/24/2014) |
| 10/24/2014 | 79 | NOTICE of Motion by Francis A Citera for presentment of motion to seal 78 , motion for leave to file excess pages 77 before Honorable Manish S. Shah on 10/30/2014 at 09:45 AM. (Attachments: # 1 Certificate of Service)(Citera, Francis) (Entered: 10/24/2014) |
| 10/24/2014 | 80 | REPLY by Defendant Yahoo! Inc. to motion for summary judgment 26 (Attachments: # 1 Certificate of Service)(Citera, Francis) (Entered: 10/24/2014) |
| 10/24/2014 | 81 | DECLARATION of Monica Desai *in Support of Yahoo! Inc.s Opposition to Plaintiffs Motion to Exclude Monica S. Desais Expert Report* (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Citera, Francis) (Entered: 10/24/2014) |

| 10/24/2014 | 82 | REPLY by Defendant Yahoo! Inc. to sealed document, 57 *Plaintiffs Combined Response to Local Rule 56.1 Statement of Material Facts and Responses to Statement of Additional Fact* (Attachments: # 1 Exhibit A: Declaration of Lori Chang, # 2 Certificate of Service)(Citera, Francis) (Entered: 10/24/2014) |
|---|---|---|
| 10/27/2014 | 83 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. Motion hearing held. Defendant Yahoo! Inc.'s Unopposed Motion Instanter for Leave to File Under Seal 78 is granted. Defendant Yahoo! Inc.'s Unopposed Motion Instanter for Leave to File Oversize Reply Brief in Support of Yahoo's Motions for Summary Judgment 77 is granted. Motion hearing previously set for 10/30/14 at 9:45 a.m. is hereby stricken and no appearance is necessary. For the reasons stated in open court, Plaintiff's Motion to Transfer the Case to the Southern District of California 67 is denied. Counsel for the parties shall submit a proposed discovery schedule to this court's proposed order email inbox at proposed_order_shah@ilnd.uscourts.gov by 11/7/14. If the parties cannot submit an agreed schedule, they may submit competing schedules. The court advises counsel to attempt to reach an agreement on Plaintiff's oral request to modify the protective order to allow Plaintiff's counsel to confer with Plaintiff's counsel in the California case. If no agreement is possible, Plaintiff may then bring that issue to the court. Continued status hearing is set for 1/23/15 at 9:30 a.m. The court will likely issue a ruling on the Defendant's Motion for Summary Judgment 26 before that status hearing. Notices mailed by Judicial Staff. (psm, ) (Entered: 10/27/2014) |
| 10/27/2014 | 84 | SEALED DOCUMENT by Defendant Yahoo! Inc. (Citera, Francis) (Entered: 10/27/2014) |
| 10/27/2014 | 85 | SEALED RESPONSE by Yahoo! Inc. to Rule 56 statement 28 (Attachments: # 1 Exhibit A: DECLARATION OF LORI CHANG)(Citera, Francis) (Entered: 10/27/2014) |
| 10/28/2014 | 86 | NOTICE by Yahoo! Inc. *Of Filing Corrected Exhibit A To Defendants Reply To Plaintiffs Combined Response To Local Rule 56.1 Statement Of Material Facts And Responses To Statement Of Additional Facts* (Attachments: # 1 Exhibit Corrected Exhibit A)(Citera, Francis) (Entered: 10/28/2014) |
| 12/03/2014 | 87 | MINUTE entry before the Honorable Manish S. Shah: The parties submitted a proposed discovery schedule to chambers as directed. The court adopts the parties' submission. Plaintiff's additional expert disclosures are due 02/27/15; deposition of plaintiff's additional expert shall be conducted by 03/20/15; defendant's additional expert disclosures are due 04/03/15, and deposition of defendant's additional expert shall be conducted by 04/24/15. All remaining fact and expert discovery shall be noticed in time for completion by 04/30/15. The court will set the briefing schedule on the plaintiff's amended class certification motion at the next status hearing. Notices mailed by Judicial Staff. (psm, ) (Entered: 12/03/2014) |
| 12/05/2014 | 88 | STIPULATION *RE: DISCOVERY* (Citera, Francis) (Entered: 12/05/2014) |

| 12/11/2014 | 89 | MEMORANDUM Opinion and Order. Signed by the Honorable Manish S. Shah on 12/11/2014: In case no. 14-cv-02028, Yahoo!'s motion for summary judgment 26 is denied. Johnson's motion to exclude the expert report of Monica Desai 60 is denied. In case no. 14-cv-02753, Yahoo!'s motion for summary judgment 21 is denied. [For further detail see attached order.] (psm, ) (Entered: 12/11/2014) |
|---|---|---|
| 12/17/2014 | 90 | TRANSCRIPT OF PROCEEDINGS held on 10/27/14 before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 1/7/2015. Redacted Transcript Deadline set for 1/19/2015. Release of Transcript Restriction set for 3/17/2015. (Conway, Colleen) (Entered: 12/17/2014) |
| 12/31/2014 | 91 | ATTORNEY Appearance for Plaintiff Rachel Johnson by Seyed Abbas Kazerounian (Attachments: # 1 Certificate of Service)(Kazerounian, Seyed) (Entered: 12/31/2014) |
| 01/16/2015 | 92 | MOTION by Plaintiff Rachel Johnson, Service List to amend/correct protective order 38 *Joint Motion to Amend Agreed Confidentiality Order* (Attachments: # 1 Exhibit 1)(Sostrin, Timothy) (Entered: 01/16/2015) |
| 01/16/2015 | 93 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion to amend/correct, motion for relief 92 before Honorable Manish S. Shah on 1/27/2015 at 09:45 AM. (Sostrin, Timothy) (Entered: 01/16/2015) |
| 01/23/2015 | 94 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. Motion hearing held. For the reasons stated in open court, the Joint Motion to Amend Agreed Confidentiality Order 92 is granted. Enter Amended Agreed Confidentiality Order. Motion hearing previously set for 1/27/15 at 9:45 a.m. is hereby stricken and no appearance is necessary. The parties' joint oral request to reset the discovery schedule entered on 12/3/15 87 is granted. Plaintiff's additional expert disclosures are due 04/30/15; deposition of plaintiff's additional expert shall be conducted by 05/21/15; defendant's additional expert disclosures are due 06/04/15, and deposition of defendant's additional expert shall be conducted by 06/25/15. All remaining fact and expert discovery shall be noticed in time for completion by 06/26/15. The expert discovery schedule may be shortened after plaintiff files the opening brief in support of class certification, and the parties can be more specific about the nature of necessary expert discovery. Plaintiff's motion and opening memorandum in support of class certification shall be filed by 04/30/15. Continued status hearing is set for 5/1/15 at 9:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: |

| | | |
|---|---|---|
| | | 01/23/2015) |
| 01/23/2015 | 95 | AMENDED Agreed Confidentiality Order. Signed by the Honorable Manish S. Shah on 1/23/2015. (psm, ) (Entered: 01/23/2015) |
| 02/13/2015 | 96 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-10346607. (Attachments: # 1 Exhibit A, # 2 Certificate of Service) (Swigart, Joshua) (Entered: 02/13/2015) |
| 02/17/2015 | 97 | MINUTE entry before the Honorable Manish S. Shah: Motion for Leave to Appear Pro Hac Vice 96 is granted. Joshua B. Swigart may file his appearance on behalf of Rachel Johnson and is added as counsel of record. Notices mailed by Judicial Staff. notice (psm, ) (Entered: 02/17/2015) |
| 04/28/2015 | 98 | MOTION by Defendant Yahoo! Inc. for order to show cause (Attachments: # 1 Exhibit A-L)(Citera, Francis) (Entered: 04/28/2015) |
| 04/28/2015 | 99 | NOTICE of Motion by Francis A Citera for presentment of motion for order to show cause 98 before Honorable Manish S. Shah on 5/1/2015 at 09:30 AM. (Citera, Francis) (Entered: 04/28/2015) |
| 04/30/2015 | 🔒 100 | MOTION by Plaintiff Rachel Johnson to certify class (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, Placeholder for Exhibit to be Filed Under Seal, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, Placeholder for Exhibit to be Filed Under Seal, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, Placeholder for Exhibit to be Filed Under Seal, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Sostrin, Timothy) (Entered: 04/30/2015) |
| 04/30/2015 | 101 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion to certify class,, 100 before Honorable Manish S. Shah on 5/7/2015 at 09:45 AM. (Sostrin, Timothy) (Entered: 04/30/2015) |
| 04/30/2015 | 102 | MOTION by Plaintiff Rachel Johnson for leave to file *Exhibits to Plaintiffs' Motion for Class Certification Under Seal* (Sostrin, Timothy) (Entered: 04/30/2015) |
| 04/30/2015 | 103 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for leave to file 102 before Honorable Manish S. Shah on 5/7/2015 at 09:45 AM. (Sostrin, Timothy) (Entered: 04/30/2015) |
| 05/01/2015 | 104 | MINUTE entry before the Honorable Manish S. Shah: Status and motion hearing held. Defendant, Yahoo! Inc.'s motion for rule to show cause as to why Andrew E. Jimenez should not be held in contempt 98 is entered and continued. Plaintiffs' unopposed motion for leave to file exhibits to plaintiffs' motion for class certification under seal 102 is granted. Plaintiffs are directed to file public versions with redactions. Briefing schedule for Plaintiffs' consolidated motion for class certification 100 is as follows: Defendant's response shall be filed by 7/10/2015. Plaintiff's reply shall be filed by 7/31/2015. Motion hearing date of 5/7/2015 is stricken. Status hearing set for 8/7/2015 at 9:30 a.m. Mailed notice. (mgh, ) (Entered: 05/01/2015) |

| | | | |
|---|---|---|---|
| 05/01/2015 | 🔒 | | (Court only) Deadlines terminated. (am) (Entered: 05/06/2015) |
| 05/07/2015 | | 105 | EXHIBIT by Plaintiff Rachel Johnson regarding MOTION by Plaintiff Rachel Johnson to certify class 100 (Attachments: # 1 Exhibit 3, # 2 Exhibit 7, Redacted, # 3 Exhibit 10, Redacted)(Sostrin, Timothy) (Entered: 05/07/2015) |
| 05/07/2015 | | 106 | SEALED EXHIBIT by Plaintiff Rachel Johnson regarding MOTION by Plaintiff Rachel Johnson to certify class 100 (Attachments: # 1 Exhibit 7, # 2 Exhibit 10)(Sostrin, Timothy) (Entered: 05/07/2015) |
| 05/08/2015 | | 107 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-10624860. (Boyajian, Nina) (Entered: 05/08/2015) |
| 05/13/2015 | | 108 | MOTION by Plaintiff Rachel Johnson to seal , *Unopposed Motion to Keep Exhibit No. 12 to Plaintiffs' Motion for Class Certification Under Seal* (Sostrin, Timothy) (Entered: 05/13/2015) |
| 05/13/2015 | | 109 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion to seal 108 before Honorable Manish S. Shah on 5/26/2015 at 09:45 AM. (Sostrin, Timothy) (Entered: 05/13/2015) |
| 05/13/2015 | | 110 | MINUTE entry before the Honorable Manish S. Shah: Plaintiff's Unopposed Motion to Keep Exhibit No. 12 to Plaintiffs' Motion for Class Certification Under Seal 108 is granted. Hearing set for 5/26/15 is stricken and no appearance is necessary. The court notes, as it has on prior occasions, that any material relevant to its decisions will be made public absent a showing of trade secret or other legal privilege. Confidentiality during discovery is not a basis to permanently seal court records. Mailed notice (ep, ) (Entered: 05/13/2015) |
| 05/13/2015 | | 111 | EXHIBIT by Plaintiff Rachel Johnson , *Exhibit 12, Redacted,* regarding MOTION by Plaintiff Rachel Johnson to certify class 100 (Attachments: # 1 Exhibit 12, Redacted)(Sostrin, Timothy) (Entered: 05/13/2015) |
| 05/27/2015 | | 112 | MINUTE entry before the Honorable Manish S. Shah: Motion for leave to appear pro hac vice 107 is granted. Nina D. Boyajian may file her appearance on behalf of Yahoo! Inc. and is added as counsel of record. Notices mailed by Judicial Staff. (psm, ) (Entered: 05/27/2015) |
| 05/27/2015 | | 113 | ATTORNEY Appearance for Defendant Yahoo! Inc. by Nina D. Boyajian (Boyajian, Nina) (Entered: 05/27/2015) |
| 05/28/2015 | 🔓 | 114 | TRANSCRIPT OF PROCEEDINGS held on 05/01/15 before the Honorable Manish S. Shah. Court Reporter Contact Information: 05/01/15. <br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br>Redaction Request due 6/18/2015. Redacted Transcript Deadline set for |

|  |  | 6/29/2015. Release of Transcript Restriction set for 8/26/2015. (Conway, Colleen) (Entered: 05/28/2015) |
|---|---|---|
| 06/10/2015 | 115 | MOTION by Plaintiff Rachel Johnson to compel *T-Mobile, inc. to Comply with Subpoena to Produce Documents* (Auchter, John) (Entered: 06/10/2015) |
| 06/10/2015 | 116 | NOTICE of Motion by John Auchter for presentment of motion to compel 115 before Honorable Manish S. Shah on 6/18/2015 at 09:45 AM. (Auchter, John) (Entered: 06/10/2015) |
| 06/10/2015 | 117 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-10740662. (Mcglothlin, David) (Entered: 06/10/2015) |
| 06/11/2015 | 118 | MOTION by Plaintiff Rachel Johnson to seal *Motion to Compel T-Mobile, Inc. to Comply with Subpoena to Produce Documents (Unopposed)* (Auchter, John) (Entered: 06/11/2015) |
| 06/11/2015 | 119 | NOTICE of Motion by John Auchter for presentment of motion to seal 118 before Honorable Manish S. Shah on 6/24/2015 at 09:45 AM. (Auchter, John) (Entered: 06/11/2015) |
| 06/11/2015 | 120 | *AMENDED* NOTICE of Motion by John Auchter for presentment of motion to compel 115 before Honorable Manish S. Shah on 6/24/2015 at 09:45 AM. (Auchter, John) (Entered: 06/11/2015) |
| 06/19/2015 | 121 | MOTION by Plaintiff Rachel Johnson for leave to file *Corrected Consolidated Motion for Class Certification and to File Certain Exhibits Thereto Under Seal, Unopposed Motion* (Sostrin, Timothy) (Entered: 06/19/2015) |
| 06/19/2015 | 122 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for leave to file 121 before Honorable Manish S. Shah on 6/24/2015 at 09:45 AM. (Sostrin, Timothy) (Entered: 06/19/2015) |
| 06/24/2015 | 123 | MINUTE entry before the Honorable Manish S. Shah: Motion hearing held. Motion to Appear Pro Hac Vice 117 is granted. David J. McGlothlin may file an appearance on behalf of Plaintiff Rachel Johnson and is added as counsel of record. Plaintiff's Motion for Leave to File Corrected Consolidated Motion for Class Certification and to File Certain Exhibits Thereto Under Seal 121 is granted. For the reasons stated in open court, Plaintiffs' Unopposed Motion to Seal 118 is denied. The declaration of Jeffrey A. Hansen does not need to be filed under seal. The court will issue a ruling on Plaintiffs' Motion to Compel T-Mobile, Inc. to Comply with Subpoena to Produce Documents 115 via CM/ECF. Status hearing remains set for 8/7/15 at 9:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 06/24/2015) |
| 06/24/2015 | 124 | ORDER. Signed by the Honorable Manish S. Shah on 6/24/2015: Plaintiffs' motion to compel 115 is granted in part, denied in part. No later than June 30, 2015, T-Mobile, Inc. shall provide an affidavit (to the parties) attesting to the existence of historical subscriber information for the numbers and time period at issue, as well as T-Mobile's capacity to generate that data. [For further detail see attached order.] Notices mailed by Judicial Staff. (psm, ) (Entered: 06/24/2015) |

| | | |
|---|---|---|
| 06/24/2015 | 125 | MOTION by Plaintiff Rachel Johnson to certify class *Corrected Consolidated Motion for Class Certification* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Sostrin, Timothy) (Entered: 06/24/2015) |
| 06/24/2015 | 126 | SEALED DOCUMENT by Plaintiff Rachel Johnson , *Confidential Exhibits for Motion for Class Certification,* (Attachments: # 1 Exhibit 3, # 2 Exhibit 7, # 3 Exhibit 10)(Sostrin, Timothy) (Entered: 06/24/2015) |
| 07/02/2015 | 127 | MOTION by Defendant Yahoo! Inc. for extension of time *to File its Response in Opposition to Plaintiffs' Consolidated Motion for Class Certification*, MOTION by Defendant Yahoo! Inc. for leave to file *Oversized Briefs Relating to Plaintiffs' Consolidated Motion for Class Certification* (Citera, Francis) (Entered: 07/02/2015) |
| 07/02/2015 | 128 | NOTICE of Motion by Francis A Citera for presentment of extension of time, motion for leave to file,, 127 before Honorable Manish S. Shah on 7/7/2015 at 09:45 AM. (Citera, Francis) (Entered: 07/02/2015) |
| 07/06/2015 | 129 | MINUTE entry before the Honorable Manish S. Shah: Defendant's unopposed motion for extension of time 127 is granted. Defendant's response to Plaintiff's motion for class certification 125 shall be filed by 7/21/15. Plaintiff's reply shall be filed by 8/11/15. Motion hearing previously set for 7/7/15 at 9:45 a.m. is hereby stricken and no appearance is necessary. Status hearing previously set for 8/7/15 at 9:30 a.m. is hereby stricken and reset to 8/27/15 at 9:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 07/06/2015) |
| 07/21/2015 | 130 | ATTORNEY Appearance for Defendant Yahoo! Inc. by Brett Michael Doran (Doran, Brett) (Entered: 07/21/2015) |
| 07/21/2015 | 131 | MOTION by Defendant Yahoo! Inc. to seal *Instanter* (Doran, Brett) (Entered: 07/21/2015) |
| 07/21/2015 | 132 | NOTICE of Motion by Brett Michael Doran for presentment of motion to seal 131 before Honorable Manish S. Shah on 8/4/2015 at 09:45 AM. (Doran, Brett) (Entered: 07/21/2015) |
| 07/21/2015 | 133 | SEALED RESPONSE by Yahoo! Inc. to MOTION by Plaintiff Rachel Johnson to certify class *Corrected Consolidated Motion for Class Certification* 125 (Attachments: # 1 Declaration Boyajian, # 2 Declaration Doron, # 3 Declaration Aron)(Citera, Francis) (Entered: 07/21/2015) |
| 07/22/2015 | 134 | RESPONSE by Yahoo! Inc.in Opposition to MOTION by Plaintiff Rachel Johnson to certify class *Corrected Consolidated Motion for Class Certification* 125 *(Public)* (Attachments: # 1 Declaration of Boyajian, # 2 Declaration of Doran, # 3 Declaration of Aron, # 4 Declaration of Boyd, # 5 Declaration of Andrews)(Citera, Francis) (Entered: 07/22/2015) |

| 07/31/2015 | 135 | MINUTE entry before the Honorable Manish S. Shah: Defendant's motion for leave to file under seal 131 is granted. Motion hearing previously set for 8/4/15 at 9:45 a.m. is hereby stricken and no appearance is necessary. Notices mailed by Judicial Staff. (psm, ) (Entered: 07/31/2015) |
|---|---|---|
| 08/05/2015 | 136 | MOTION by Plaintiff Rachel Johnson for extension of time to file response/reply as to motion to certify class, 125 , *Unopposed Motion* (Sostrin, Timothy) (Entered: 08/05/2015) |
| 08/05/2015 | 137 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for extension of time to file response/reply, motion for relief 136 before Honorable Manish S. Shah on 8/11/2015 at 09:45 AM. (Sostrin, Timothy) (Entered: 08/05/2015) |
| 08/07/2015 | 138 | MINUTE entry before the Honorable Manish S. Shah: Plaintiff's motion for extension of time 136 is granted. Plaintiffs' reply is due by 8/24/15. The motion for an order to show cause 98 is terminated as moot without prejudice (the court assumes the witness issue has been resolved as Yahoo! has not pursued the matter further). Motion hearing previously set for 8/11/15 at 9:45 a.m. is hereby stricken and no appearance is necessary/ Status hearing remains set for 8/27/15 at 9:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 08/07/2015) |
| 08/24/2015 | 139 | REPLY by Plaintiff Rachel Johnson to motion to certify class, 125 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Sostrin, Timothy) (Entered: 08/24/2015) |
| 08/24/2015 | 140 | MOTION by Plaintiff Rachel Johnson for leave to file *REPLY BRIEF IN SUPPORT OF CLASS CERTIFICATION UNDER SEAL* (Sostrin, Timothy) (Entered: 08/24/2015) |
| 08/24/2015 | 141 | MOTION by Plaintiff Rachel Johnson to strike response in opposition to motion, 134 , *Supplemental Expert Declaration of Debra Aron [134-3]* (Attachments: # 1 Exhibit 1)(Sostrin, Timothy) (Entered: 08/24/2015) |
| 08/24/2015 | 142 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for leave to file 140 before Honorable Manish S. Shah on 8/27/2015 at 09:45 AM. (Sostrin, Timothy) (Entered: 08/24/2015) |
| 08/24/2015 | 143 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion to strike, motion for relief 141 before Honorable Manish S. Shah on 8/27/2015 at 09:45 AM. (Sostrin, Timothy) (Entered: 08/24/2015) |
| 08/24/2015 | 144 | MOTION by Plaintiff Rachel Johnson to strike *and exclude proposed expert testimony of Danah Boyd* (Attachments: # 1 Exhibit 1)(Sostrin, Timothy) (Entered: 08/24/2015) |
| 08/24/2015 | 145 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion to strike 144 before Honorable Manish S. Shah on 8/27/2015 at 09:45 AM. (Sostrin, Timothy) (Entered: 08/24/2015) |

| 08/26/2015 | 146 | MINUTE entry before the Honorable Manish S. Shah: Status hearing previously set for 8/27/15 at 9:30 a.m. is reset to 9:45 a.m. to coincide with the hearing on Plaintiff's motions 140 , 141 , 144 . Please note, this is only a change of time. Notices mailed by Judicial Staff. (psm, ) (Entered: 08/26/2015) |
| --- | --- | --- |
| 08/27/2015 | 147 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. Motion hearing held. For the reasons stated in open court, Plaintiff's Motion for Leave to File Under Seal 140 is granted. The briefing schedule on Plaintiff's Motion to Strike Supplemental Declaration of Dr. Debra J. Aron 141 and Plaintiff's Motion to Strike and Exclude Proposed Expert Testimony of Danah Boyd 144 is as follows: Defendant's consolidated response shall be filed by 9/10/15. Plaintiff's consolidated reply shall be filed by 9/17/15. The court will advise the parties if any further briefing or argument on plaintiff's motion for class certification is necessary. Continued status hearing is set for 10/29/15 at 9:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 08/27/2015) |
| 09/02/2015 | 148 | MOTION by Attorney Katherine Bowen to withdraw as attorney for Rachel Johnson. No party information provided (Bowen, Katherine) (Entered: 09/02/2015) |
| 09/02/2015 | 149 | NOTICE of Motion by Katherine Marie Bowen for presentment of motion to withdraw as attorney 148 before Honorable Manish S. Shah on 9/8/2015 at 09:45 AM. (Bowen, Katherine) (Entered: 09/02/2015) |
| 09/03/2015 | 150 | MINUTE entry before the Honorable Manish S. Shah: The motion to withdraw as attorney 148 is granted, and no appearance on the motion is necessary. Attorney Katherine Marie Bowen's appearance on behalf of plaintiff is withdrawn and terminated. Mailed notice. (mss) (Entered: 09/03/2015) |
| 09/10/2015 | 151 | RESPONSE by Yahoo! Inc.in Opposition to MOTION by Plaintiff Rachel Johnson to strike *and exclude proposed expert testimony of Danah Boyd* 144 (Attachments: # 1 Exhibit 1-6)(Citera, Francis) (Entered: 09/10/2015) |
| 09/17/2015 | 152 | REPLY by Plaintiff Rachel Johnson to motion to strike, motion for relief 141 , motion to strike 144 (Attachments: # 1 Exhibit 1)(Sostrin, Timothy) (Entered: 09/17/2015) |
| 09/25/2015 | 153 | MOTION by Defendant Yahoo! Inc. for leave to file *Instanter Supplemental Authority in Support of Response in Opposition to Plaintiffs Corrected Consolidated Motion for Class Certification* (Attachments: # 1 Exhibit A)(Citera, Francis) (Entered: 09/25/2015) |
| 09/25/2015 | 154 | NOTICE of Motion by Francis A Citera for presentment of motion for leave to file 153 before Honorable Manish S. Shah on 9/30/2015 at 09:45 AM. (Citera, Francis) (Entered: 09/25/2015) |
| 09/28/2015 | 155 | MINUTE entry before the Honorable Manish S. Shah: The motion for leave to file 153 is granted. The court will take the decision in Sherman v. Yahoo! (S.D. Cal.) under advisement along with the fully briefed motion for class certification. No appearance on the motion is necessary. Notices mailed by Judicial Staff. (psm, ) (Entered: 09/28/2015) |

| | | |
|---|---|---|
| 09/30/2015 | [156](#) | MOTION by Plaintiff Rachel Johnson for leave to file *Instanter Response to Yahoo's Motion for Leave to File Supplemental Authority* (Sostrin, Timothy) (Entered: 09/30/2015) |
| 09/30/2015 | [157](#) | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for leave to file [156](#) before Honorable Manish S. Shah on 10/6/2015 at 09:45 AM. (Sostrin, Timothy) (Entered: 09/30/2015) |
| 10/01/2015 | [158](#) | MINUTE entry before the Honorable Manish S. Shah: Plaintiffs' motion for leave to file instanter response [156](#) is granted. No reply from Yahoo! is permitted. If the court has any questions concerning the Sherman case (or any other issue raised in the briefs), the court will advise counsel. No appearance on the motion is necessary. Notices mailed by Judicial Staff. (psm, ) (Entered: 10/01/2015) |
| 10/29/2015 | [159](#) | MINUTE entry before the Honorable Manish S. Shah: Status hearing held on 10/29/15. The Court requests additional briefing on the class certification motion. Yahoo's supplemental memorandum regarding the motion for class certification is due by 11/19/15; Plaintiffs response is due by 12/10/15. Status hearing set for 1/28/16 at 9:30 a.m.Mailed notice (ca, ) (Entered: 10/29/2015) |
| 11/05/2015 | [160](#) | TRANSCRIPT OF PROCEEDINGS held on 10/29/15 before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 11/27/2015. Redacted Transcript Deadline set for 12/7/2015. Release of Transcript Restriction set for 2/3/2016. (Conway, Colleen) (Entered: 11/05/2015) |
| 11/19/2015 | [161](#) | MOTION by Defendant Yahoo! Inc. to seal - *Defendant Yahoo Inc's Motion Instanter to File Under Seal* (Doran, Brett) (Entered: 11/19/2015) |
| 11/19/2015 | [162](#) | NOTICE of Motion by Brett Michael Doran for presentment of motion to seal [161](#) before Honorable Manish S. Shah on 12/1/2015 at 09:45 AM. (Doran, Brett) (Entered: 11/19/2015) |
| 11/19/2015 | [163](#) | SEALED DOCUMENT by Defendant Yahoo! Inc. - *Defendant Yahoo! Inc.'s Supplemental Brief on Plaintiffs Corrected Motion for Class Certification* (Doran, Brett) (Entered: 11/19/2015) |
| 11/19/2015 | [164](#) | SEALED DOCUMENT by Defendant Yahoo! Inc. - *Declaration of Edgar Whipple* (Doran, Brett) (Entered: 11/19/2015) |

| | | |
|---|---|---|
| 11/19/2015 | 165 | MEMORANDUM by Yahoo! Inc. in Opposition to motion to seal 161 - *Defendant Yahoo! Inc.'s Supplemental Brief on Plaintiffs Corrected Motion for Class Certification* (Attachments: # 1 Exhibit 1-3)(Doran, Brett) (Entered: 11/19/2015) |
| 11/19/2015 | 166 | DECLARATION of Edgar Whipple regarding memorandum in opposition to motion 165 (Doran, Brett) (Entered: 11/19/2015) |
| 11/20/2015 | 167 | MINUTE entry before the Honorable Manish S. Shah: The motion to seal 161 is granted. As the parties know, any seals in this case are likely only temporary. No appearance on the motion is granted. Notices mailed by Judicial Staff. (psm, ) (Entered: 11/20/2015) |
| 12/10/2015 | 168 | RESPONSE by Plaintiff Rachel Johnson to sealed document 163 , memorandum in opposition to motion 165 *Redacted* (Sostrin, Timothy) (Entered: 12/10/2015) |
| 12/10/2015 | 169 | MOTION by Plaintiff Rachel Johnson for leave to file *PLAINTIFFS' RESPONSE TO YAHOO! INC.S SUPPLEMENTAL BRIEF ON PLAINTIFFS CONSOLIDATED MOTION FOR CLASS CERTIFICATION UNDER SEAL* (Sostrin, Timothy) (Entered: 12/10/2015) |
| 12/10/2015 | 170 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for leave to file 169 before Honorable Manish S. Shah on 12/17/2015 at 09:45 AM. (Sostrin, Timothy) (Entered: 12/10/2015) |
| 12/11/2015 | 171 | MINUTE entry before the Honorable Manish S. Shah: The motion for leave to file under seal 169 is granted. No appearance on the motion is necessary. Notices mailed by Judicial Staff. (psm, ) (Entered: 12/11/2015) |
| 12/11/2015 | 172 | SEALED DOCUMENT by Plaintiff Rachel Johnson *PLAINTIFFS RESPONSE TO YAHOO! INC.S SUPPLEMENTAL BRIEF ON PLAINTIFFS CONSOLIDATED MOTION FOR CLASS CERTIFICATION* (Sostrin, Timothy) (Entered: 12/11/2015) |
| 12/22/2015 | 173 | MOTION by Defendant Yahoo! Inc. to strike Response 168 - *Defendant Yahoo! Inc.'s Motion to Strike Plaintiffs' Waiver Argument in Plaintiffs' Response to Yahoo! Inc.'s Supplemental Brief in Opposition to Plaintiffs' Corrected Consolidated Motion for Class Certification* (Doran, Brett) (Entered: 12/22/2015) |
| 12/22/2015 | 174 | NOTICE of Motion by Brett Michael Doran for presentment of motion to strike,, motion for relief, 173 before Honorable Manish S. Shah on 1/5/2016 at 09:45 AM. (Doran, Brett) (Entered: 12/22/2015) |
| 12/23/2015 | 175 | RESPONSE by Rachel Johnsonin Opposition to MOTION by Defendant Yahoo! Inc. to strike Response 168 - *Defendant Yahoo! Inc.'s Motion to Strike Plaintiffs' Waiver Argument in Plaintiffs' Response to Yahoo! Inc.'s Supplemental Brief in Opposition to Plaintiffs' Cor 173 (Sostrin, Timothy) (Entered: 12/23/2015)* |

| | | |
|---|---|---|
| 12/30/2015 | 176 | MINUTE entry before the Honorable Manish S. Shah: Defendant's motion to strike 173 is denied. Motions to strike are disfavored, and the court requested plaintiffs' supplemental brief. There is no compelling reason to strike an argument raised in a brief when the court can evaluate the parties' arguments on the merits. No appearance on the motion is necessary. Notices mailed by Judicial Staff. (psm, ) (Entered: 12/30/2015) |
| 01/04/2016 | 177 | MEMORANDUM Opinion and Order. Signed by the Honorable Manish S. Shah on 1/4/2016: Plaintiffs' motion for class certification 125 is granted in part, and denied in part. The following class is certified: "All persons within the United States to whose cellular telephone number Yahoo! sent the Welcome Message during the period commencing March 1, 2013 through March 31, 2013, while such cellular number was assigned to Sprint, and whose cellular telephone number is not associated with a Yahoo! user in Yahoo!s records." Plaintiff Johnson is designated the representative of this class. Plaintiffs' motions to strike, 141 and 144 , are denied. [For further detail see attached order.] Mailed notice. (psm, ) (Entered: 01/04/2016) |
| 01/15/2016 | 178 | PETITION by Defendant Yahoo! Inc. for permission to appeal pursuant to federal rule of civil procedure 23(F). (sxn, ) (Entered: 01/20/2016) |
| 01/20/2016 | 179 | MOTION by Defendant Yahoo! Inc. to continue *Status Hearing.* (Citera, Francis) (Entered: 01/20/2016) |
| 01/20/2016 | 180 | *Unopposed* NOTICE of Motion by Brett Michael Doran for presentment of motion to continue 179 before Honorable Manish S. Shah on 1/27/2016 at 09:45 AM. (Doran, Brett) (Entered: 01/20/2016) |
| 01/21/2016 | 181 | MINUTE entry before the Honorable Manish S. Shah: The motion to continue 179 is granted. Status hearing is reset to 2/4/16 at 9:30 a.m. No appearance on the motion is necessary. Notices mailed by Judicial Staff. (psm, ) (Entered: 01/21/2016) |
| 02/01/2016 | 182 | MOTION by Plaintiff Rachel Johnson to compel *SPRINTS IDENITFICATION OF CALIFORNIA SUBSCRIBERS* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Sostrin, Timothy) (Entered: 02/01/2016) |
| 02/01/2016 | 183 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion to compel 182 before Honorable Manish S. Shah on 2/4/2016 at 09:30 AM. (Sostrin, Timothy) (Entered: 02/01/2016) |
| 02/03/2016 | 184 | USCA ORDER dated 2/3/2016, from the Seventh Circuit; Appellate case no. 16-8001. IT IS ORDERED that the petition for permission to appeal is DENIED. (sxn, ) (Entered: 02/04/2016) |
| 02/04/2016 | 185 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. Motion hearing held. For the reasons stated in open court, Plaintiff's Motion to Compel Sprint's Identification of California Subscribers 182 is granted. Plaintiff is directed to submit a proposed order to proposed_order_shah@ilnd.uscourts.gov. The parties are directed to meet and confer on the class notice. Defendant reports an offer of judgment has been |

| | | |
|---|---|---|
| | | made to plaintiff Calderin. Continued status hearing is set for 3/8/16 at 9:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 02/04/2016) |
| 02/08/2016 | 186 | ORDER. Signed by the Honorable Manish S. Shah on 2/8/2016. Notices mailed by Judicial Staff. (psm, ) (Entered: 02/08/2016) |
| 02/09/2016 | 187 | ATTORNEY Appearance for Plaintiff Rachel Johnson by Vincent Louis DiTommaso (DiTommaso, Vincent) (Entered: 02/09/2016) |
| 02/09/2016 | 188 | ATTORNEY Appearance for Plaintiff Rachel Johnson by Peter Scott Lubin (Lubin, Peter) (Entered: 02/09/2016) |
| 02/09/2016 | 189 | ATTORNEY Appearance for Plaintiff Rachel Johnson by Patrick Doyle Austermuehle (Austermuehle, Patrick) (Entered: 02/09/2016) |
| 02/09/2016 | 190 | ATTORNEY Appearance for Plaintiff Rachel Johnson by Andrew Charles Murphy (Murphy, Andrew) (Entered: 02/09/2016) |
| 02/10/2016 | 191 | ENTERED in error. (Entered: 02/10/2016) |
| 02/10/2016 | 192 | MOTION by Plaintiff Rachel Johnson to withdraw notice of acceptance with offer of judgment 191 *for Zenaida Calderin* (Lubin, Peter) (Entered: 02/10/2016) |
| 02/10/2016 | 193 | NOTICE of Motion by Peter Scott Lubin for presentment of motion to withdraw, motion for relief 192 before Honorable Manish S. Shah on 2/18/2016 at 09:45 AM. (Lubin, Peter) (Entered: 02/10/2016) |
| 02/11/2016 | 194 | MINUTE entry before the Honorable Manish S. Shah: Plaintiff's motion to withdraw notice of acceptance of Rule 68 offer 192 is granted. The notice of acceptance was mistakenly filed in the wrong case and the Clerk is directed to remove document 191 from the docket in 14-cv-2028. Plaintiff Calderin has accepted the Rule 68 offer in case 14-cv-2753, and judgment will be entered in that case. Notices mailed by Judicial Staff. (psm, ) (Entered: 02/11/2016) |
| 02/22/2016 | 195 | TRANSCRIPT OF PROCEEDINGS held on 02/04/16 before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/14/2016. Redacted Transcript Deadline set for 3/24/2016. Release of Transcript Restriction set for 5/23/2016. (Conway, Colleen) (Entered: 02/22/2016) |
| 03/01/2016 | 196 | MINUTE entry before the Honorable Manish S. Shah: The status hearing on 3/8/16 is reset to 9:15 a.m. Please note, this is only a change of time. Notices mailed by Judicial Staff. (psm, ) (Entered: 03/01/2016) |

| 03/08/2016 | 197 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. The parties report they are exchanging drafts of a summary notice and form notice for the website. Continued status hearing is set for 3/21/16 at 9:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 03/08/2016) |
| --- | --- | --- |
| 03/21/2016 | 198 | MINUTE entry before the Honorable Manish S. Shah: Status Hearing held on 3/21/2016. Plaintiffs shall file a motion seeking approval of class notice with a description of the different proposals in that motion by 4/4/16. The Court will rule by cm/ecf on said motion. Status hearing is set for 4/21/16 at 9:30 a.m. Notices mailed by Judicial Staff (lp, ) (Entered: 03/21/2016) |
| 04/04/2016 | 199 | MOTION by Plaintiff Rachel Johnson for extension of time to file *Motion for Approval of Class Notice (unopposed)* (Sostrin, Timothy) (Entered: 04/04/2016) |
| 04/04/2016 | 200 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for extension of time to file 199 before Honorable Manish S. Shah on 4/7/2016 at 09:45 AM. (Sostrin, Timothy) (Entered: 04/04/2016) |
| 04/05/2016 | 201 | MINUTE entry before the Honorable Manish S. Shah: The motion for extension of time to file 199 is granted. Plaintiffs shall file a motion seeking approval of class notice with a description of the different proposals in that motion by 4/11/16. No appearance on the motion is necessary. Notices mailed by Judicial Staff. (psm, ) (Entered: 04/05/2016) |
| 04/11/2016 | 202 | MOTION by Plaintiff Rachel Johnson to Approve Class Notice (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Sostrin, Timothy) (Entered: 04/11/2016) |
| 04/15/2016 | 203 | MINUTE entry before the Honorable Manish S. Shah: Plaintiff's motion to approve class notice 202 is granted. The court approves the form notice proposed by plaintiff as Exhibit 1 to the motion. Defendant's proposal to include language that carves out certain potential class members is not necessary at this time. The purpose of the notice is to alert the class, as defined by the class certification order, that this action exists. Defendant's proposed language strays too far from the language defining the certified class, with no corresponding benefit to case management. It may be that the class definition includes individuals who do not have a claim because they consented (by agreeing to the universal terms of service) or because they were not "called parties" within the meaning of the TCPA, but the class certification order attempted to address that potential over-inclusiveness in the class definition. To the extent some over-inclusiveness remains, that is a manageability issue that will not be solved at this stage. Plaintiff's proposed notice accomplishes the requirements of Rule 23(c)(2)(B), and a summary postcard along with a long form posting on a website is the best notice that is practicable under the circumstances. Status hearing remains set for 4/21/17 at 9:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 04/15/2016) |
| 04/21/2016 | 204 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. Class notice shall issue on 5/24/16. For the reasons stated in open court, defendant's objection to the use of Yahoo! in the URL included in the class |

| | | | |
|---|---|---|---|
| | | | notice is overruled. Defendants are free to use the discovery process to explore the information provided by Sprint. Continued status hearing is set for 5/17/16 at 10:45 a.m. No later than 5/13/16, the parties shall file any submissions on case management issues. Notices mailed by Judicial Staff. (psm, ) (Entered: 04/21/2016) |
| 04/22/2016 | | 205 | TRANSCRIPT OF PROCEEDINGS held on 04/21/16 before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 5/13/2016. Redacted Transcript Deadline set for 5/23/2016. Release of Transcript Restriction set for 7/21/2016. (Conway, Colleen) (Entered: 04/22/2016) |
| 05/13/2016 | | 206 | Defendant Yahoo! Inc.'s Case Management Submission by Yahoo! Inc. (Citera, Francis) (Entered: 05/13/2016) |
| 05/13/2016 | | 207 | Plaintiff's Case Management Submission and Trial Plan by Rachel Johnson (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Sostrin, Timothy) (Entered: 05/13/2016) |
| 05/17/2016 | | 208 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. The court will issue a ruling clarifying the class definition via cm/ecf. The class notice is stayed pending the ruling. Jury trial is tentatively set for 11/1/16 at 9:30 a.m. The court will reserve two weeks for trial of this case. Continued status hearing is set for 6/7/16 at 10:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 05/17/2016) |
| 05/17/2016 | | | (Court only) Set/Reset Hearings: Jury Trial set for 11/1/2016 at 09:30 AM. (psm, ) (Entered: 05/17/2016) |
| 05/20/2016 | | 209 | ORDER. Signed by the Honorable Manish S. Shah on 5/20/2016: The definition of the certified class is clarified to specify that the term "persons" is limited to the users of the cellular telephone numbers further described in the class definition. This is consistent with the court's understanding of plaintiff's approach to class certification as well as named plaintiff Johnson's status as the user, but not the subscriber, of a cellular phone number. In addition, the possessive "whose," while arguably encompassing the subscriber of a number, is also commonly understood to refer to the user of a number (whether or not the user is the subscriber). That the parties do not have a complete list of users is not fatal to the manageability of the class because knowing every name of every class member is not required, and there is no reason to suspect that a user of the number that was sent the Welcome Message does not exist. The court's |

| | | |
|---|---|---|
| | | assessment of the suitability and superiority of a class action is not changed by clarifying that users, not mere subscribers, are the class members. But plaintiff is directed to propose revisions to the language of the class notice and the method of notice (to include publication in some manner) so that the court can be confident that communication with the class is feasible. Status hearing remains set for 6/7/16 at 10:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 05/20/2016) |
| 06/06/2016 | 210 | SUPPLEMENT to other 206 /Supplement Case Management Submission (Doran, Brett) (Entered: 06/06/2016) |
| 06/07/2016 | 211 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. Simultaneous submissions on subject matter jurisdiction are due 6/28/16; responses are due 7/12/16. Continued status hearing is set for 7/22/16 at 10:00 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 06/07/2016) |
| 06/28/2016 | 212 | Plaintiff's Submission on Article III Standing by Rachel Johnson (Attachments: # 1 Exhibit 1)(Sostrin, Timothy) (Entered: 06/28/2016) |
| 06/28/2016 | 213 | MOTION by Defendant Yahoo! Inc. to dismiss for lack of jurisdiction (Attachments: # 1 Exhibit A-H)(Citera, Francis) (Entered: 06/28/2016) |
| 06/28/2016 | 214 | MEMORANDUM by Yahoo! Inc. in support of motion to dismiss/lack of jurisdiction 213 (Citera, Francis) (Entered: 06/28/2016) |
| 06/29/2016 | 215 | MOTION by Plaintiff Rachel Johnson to withdraw *Appearances of John R. McInerney and John Auchter* (Lubin, Peter) (Entered: 06/29/2016) |
| 06/29/2016 | 216 | NOTICE of Motion by Peter Scott Lubin for presentment of motion to withdraw 215 before Honorable Manish S. Shah on 7/5/2016 at 09:45 AM. (Lubin, Peter) (Entered: 06/29/2016) |
| 06/29/2016 | 217 | MINUTE entry before the Honorable Manish S. Shah: The motion to withdraw 215 is granted. John Auchter and John Robert McInerney are terminated as counsel of record for plaintiff. No appearance on the motion is necessary. Notices mailed by Judicial Staff. (psm, ) (Entered: 06/29/2016) |
| 06/30/2016 | 218 | MOTION by Plaintiff Rachel Johnson to compel *SPRINT'S RESPONSE TO SUBPOENA* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Sostrin, Timothy) (Entered: 06/30/2016) |
| 06/30/2016 | 219 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion to compel 218 before Honorable Manish S. Shah on 7/12/2016 at 09:45 AM. (Sostrin, Timothy) (Entered: 06/30/2016) |
| 07/11/2016 | 220 | MOTION by Defendant Yahoo! Inc. for extension of time to file response/reply as to status hearing,, set deadlines,, set motion and R&R deadlines/hearings, 211 *Subject Matter Jurisdiction,[Unopposed]* (Doran, Brett) (Entered: 07/11/2016) |
| 07/11/2016 | 221 | NOTICE of Motion by Brett Michael Doran for presentment of motion for extension of time to file response/reply, motion for relief,, 220 before Honorable Manish S. Shah on 7/14/2016 at 09:45 AM. (Doran, Brett) (Entered: |

| | | |
|---|---|---|
| | | 07/11/2016) |
| 07/12/2016 | 222 | MINUTE entry before the Honorable Manish S. Shah: Motion hearing held. Defendant's motion for extension of time 220 is granted. Responses to submissions on subject matter jurisdiction are now due 7/15/16. For the reasons stated in open court, plaintiff's motion to compel Sprint's response to subpoena 218 is entered and continued, along with the status hearing, to 7/25/16 at 10:00 a.m. No appearance on 7/14/16 or 7/22/16 is necessary. Notices mailed by Judicial Staff. (psm, ) (Entered: 07/12/2016) |
| 07/15/2016 | 223 | RESPONSE by Rachel Johnsonin Opposition to MOTION by Defendant Yahoo! Inc. to dismiss for lack of jurisdiction 213 (Sostrin, Timothy) (Entered: 07/15/2016) |
| 07/15/2016 | 224 | REPLY by Defendant Yahoo! Inc. to motion to dismiss/lack of jurisdiction 213 , other 212 - *Defendant's Brief in Further Support of Its Rule 12(b)(1) Motion to Dismiss and Opposition to Plaintiff's Submission on Article III Standing* (Citera, Francis) (Entered: 07/15/2016) |
| 07/25/2016 | 225 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. Motion hearing held. Counsel for Sprint reports that the materials will be produced to plaintiff today. Plaintiff's motion to compel Sprint to respond to subpoena 218 is entered and continued. The parties shall submit a revised proposed class notice by 8/8/16. For the reasons stated in open court, defendant's motion to dismiss 213 is denied. Continued status hearing is set for 8/17/16 at 10:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 07/25/2016) |
| 07/26/2016 | 226 | TRANSCRIPT OF PROCEEDINGS held on 07/25/16 before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 8/16/2016. Redacted Transcript Deadline set for 8/26/2016. Release of Transcript Restriction set for 10/24/2016. (Conway, Colleen) (Entered: 07/26/2016) |
| 08/08/2016 | 227 | MOTION by Plaintiff Rachel Johnson to Approve Class Notice (Attachments: # 1 Exhibit 1)(Sostrin, Timothy) (Entered: 08/08/2016) |
| 08/08/2016 | 228 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for miscellaneous relief 227 before Honorable Manish S. Shah on 8/17/2016 at 10:30 AM. (Sostrin, Timothy) (Entered: 08/08/2016) |

| | | |
|---|---|---|
| 08/10/2016 | 229 | MOTION by Defendant Yahoo! Inc. to continue *Status Hearing*, MOTION by Defendant Yahoo! Inc. for leave to file *a Response to Plaintiffs Motion to Approve Class Notice* (Doran, Brett) (Entered: 08/10/2016) |
| 08/10/2016 | 230 | NOTICE of Motion by Brett Michael Doran for presentment of motion to continue, motion for leave to file 229 before Honorable Manish S. Shah on 8/16/2016 at 09:45 AM. (Doran, Brett) (Entered: 08/10/2016) |
| 08/11/2016 | 231 | MINUTE entry before the Honorable Manish S. Shah: Defendant's motion to continue status hearing and for leave to file a response 229 is granted. Defendant's response to the motion to approve class notice 227 is due 8/19/16. Status hearing and hearing on the motion 227 is reset to 8/22/16 at 10:30 a.m. No appearance on 8/16/16 nor 8/17/16 is necessary. Notices mailed by Judicial Staff. (psm, ) (Entered: 08/11/2016) |
| 08/11/2016 | 232 | MINUTE entry before the Honorable Manish S. Shah: Status hearing and hearing on the motion to approve class notice 227 is reset to 8/23/16 at 10:30 a.m., at the parties' request. Notices mailed by Judicial Staff. (psm, ) (Entered: 08/11/2016) |
| 08/18/2016 | 233 | MOTION by Defendant Yahoo! Inc. to substitute attorney (Citera, Francis) (Entered: 08/18/2016) |
| 08/18/2016 | 234 | NOTICE of Motion by Francis A Citera for presentment of motion to substitute attorney 233 before Honorable Manish S. Shah on 8/23/2016 at 09:45 AM. (Citera, Francis) (Entered: 08/18/2016) |
| 08/18/2016 | 235 | ATTORNEY Appearance for Defendant Yahoo! Inc. by Robert Andrew Chapman (Chapman, Robert) (Entered: 08/18/2016) |
| 08/18/2016 | 236 | ATTORNEY Appearance for Defendant Yahoo! Inc. by David A. Wheeler (Wheeler, David) (Entered: 08/18/2016) |
| 08/19/2016 | 237 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12269203. (Edelman, Scott) (Entered: 08/19/2016) |
| 08/19/2016 | 238 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12269204. (Chorba, Christopher) (Entered: 08/19/2016) |
| 08/19/2016 | 239 | MINUTE entry before the Honorable Manish S. Shah: Defendant's motion to substitute attorney 233 is granted. Nina D. Boyajian; Lori Chang; Francis A Citera; Brett Michael Doran; Lucia Lynn Marker-Moore; Ian Charles Ballon and Justin Alexander Barton are terminated as counsel of record. Robert A. Chapman and David A. Wheeler are added as counsel of record for defendant. No appearance at 9:45 a.m. on 8/23/16 is necessary. Notices mailed by Judicial Staff. (psm, ) (Entered: 08/19/2016) |
| 08/19/2016 | 240 | MINUTE entry before the Honorable Manish S. Shah: The motions for leave to appear pro hac vice 237 238 are granted. Scott Edelman and Christopher Chorba are added as counsel of record for defendant. Notices mailed by Judicial Staff. (psm, ) (Entered: 08/19/2016) |

| | | |
|---|---|---|
| 08/19/2016 | 241 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-12272481. (Loose, Timothy) (Entered: 08/19/2016) |
| 08/19/2016 | 242 | RESPONSE by Yahoo! Inc.in Opposition to MOTION by Plaintiff Rachel Johnson to Approve Class Notice 227 (Attachments: # 1 Exhibit A)(Wheeler, David) (Entered: 08/19/2016) |
| 08/23/2016 | 243 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. Motion hearing held. For the reasons stated in open court, the motion to compel Sprint 218 is denied as moot, without prejudice. The 11/1/16 trial date is stricken. The Sprint deposition must be completed by 9/14/16. Plaintiff's reply in support of her motion to approve class notice 227 is due 9/28/16. Continued status hearing is set for 10/7/16 at 9:45 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 08/23/2016) |
| 08/23/2016 | 🔒 | (Court only) ***Deadlines and hearings Terminated. (psm, ) (Entered: 08/23/2016) |
| 09/02/2016 | 244 | MINUTE entry before the Honorable Manish S. Shah: The motion for leave to appear pro hac vice 241 is granted. Timothy Loose is added as counsel for Yahoo! Inc. Notices mailed by Judicial Staff. (psm, ) (Entered: 09/02/2016) |
| 09/13/2016 | 🔓 245 | TRANSCRIPT OF PROCEEDINGS held on 08/23/16 before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/4/2016. Redacted Transcript Deadline set for 10/14/2016. Release of Transcript Restriction set for 12/12/2016. (Conway, Colleen) (Entered: 09/13/2016) |
| 09/26/2016 | 246 | MOTION by Plaintiff Rachel Johnson for leave to file *AMENDED MOTION TO APPROVE CLASS NOTICE, SET BRIEFING SCHEDULE, AND VACATE STATUS HEARING* (Sostrin, Timothy) (Entered: 09/26/2016) |
| 09/26/2016 | 247 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for leave to file 246 before Honorable Manish S. Shah on 9/29/2016 at 09:45 AM. (Sostrin, Timothy) (Entered: 09/26/2016) |
| 09/27/2016 | 248 | MINUTE entry before the Honorable Manish S. Shah: The motion for leave to file 246 is granted. The amended motion to approve class notice is due 10/5/16. Defendant's response is due 10/19/16; plaintiff's reply is due 11/2/16. No appearance on the motion is necessary. Plaintiff's prior motion to approve class notice 227 is terminated as withdrawn. Status hearing is reset to 12/1/16 at 9:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 09/27/2016) |

| | | |
|---|---|---|
| 10/05/2016 | 249 | MOTION by Plaintiff Rachel Johnson for extension of time *TO FILE AMENDED MOTION TO APPROVE CLASS NOTICE* (Sostrin, Timothy) (Entered: 10/05/2016) |
| 10/05/2016 | 250 | NOTICE of Motion by Timothy J. Sostrin for presentment of extension of time 249 before Honorable Manish S. Shah on 10/11/2016 at 09:45 AM. (Sostrin, Timothy) (Entered: 10/05/2016) |
| 10/06/2016 | 251 | MINUTE entry before the Honorable Manish S. Shah: The motion for extension of time 249 is granted. The amended motion to approve class notice is due 10/12/16. Defendant's response is due 11/2/16; plaintiff's reply is due 11/16/16. No appearance on the motion is necessary. Status hearing remains set for 12/1/16 at 9:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 10/06/2016) |
| 10/12/2016 | 252 | SEALED MOTION by Plaintiff Rachel Johnson *, Amended Motion to Approve Class Notice* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Sostrin, Timothy) (Entered: 10/12/2016) |
| 10/12/2016 | 253 | MOTION by Plaintiff Rachel Johnson to seal *Plaintiff's Amended Motion to Approve Class Notice* (Attachments: # 1 Exhibit 1)(Sostrin, Timothy) (Entered: 10/12/2016) |
| 10/12/2016 | 254 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion to seal 253 before Honorable Manish S. Shah on 10/18/2016 at 09:45 AM. (Sostrin, Timothy) (Entered: 10/12/2016) |
| 10/14/2016 | 255 | MINUTE entry before the Honorable Manish S. Shah: The motion for leave to file under seal 253 is granted. No appearance on the motion is necessary. Notices mailed by Judicial Staff. (psm, ) (Entered: 10/14/2016) |
| 11/02/2016 | 256 | MOTION by Defendant Yahoo! Inc. to seal *Response to Plaintiff's Amended Motion to Approve Class Notice and Exhibits Thereto* (Wheeler, David) (Entered: 11/02/2016) |
| 11/02/2016 | 257 | NOTICE of Motion by David A. Wheeler for presentment of motion to seal 256 before Honorable Manish S. Shah on 11/9/2016 at 09:45 AM. (Wheeler, David) (Entered: 11/02/2016) |
| 11/02/2016 | 258 | RESPONSE by Yahoo! Inc. to SEALED MOTION by Plaintiff Rachel Johnson *, Amended Motion to Approve Class Notice* 252 (Attachments: # 1 Appendix, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Certificate of Service)(Wheeler, David) (Entered: 11/02/2016) |
| 11/03/2016 | 259 | SEALED RESPONSE by Yahoo! Inc. to SEALED MOTION by Plaintiff Rachel Johnson *, Amended Motion to Approve Class Notice* 252 (Attachments: # 1 Appendix, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit D, # 5 Certificate of Service)(Wheeler, David) (Entered: 11/03/2016) |
| 11/03/2016 | 260 | MINUTE entry before the Honorable Manish S. Shah: Defendant's motion to seal 256 is granted. The court notes that information that was labeled confidential for purposes of discovery but does not include a person's name, |

| | | |
|---|---|---|
| | | home address, SSN, or financial account number, will be unsealed at a later date. Notices mailed by Judicial Staff. (psm, ) (Entered: 11/03/2016) |
| 11/16/2016 | 261 | SEALED REPLY by Rachel Johnson to SEALED MOTION by Plaintiff Rachel Johnson , *Amended Motion to Approve Class Notice* 252 (Sostrin, Timothy) (Entered: 11/16/2016) |
| 11/16/2016 | 262 | REPLY by Plaintiff Rachel Johnson to Sealed motion 252 *Amended Motion to Approve Class Notice* (Sostrin, Timothy) (Entered: 11/16/2016) |
| 11/16/2016 | 263 | MOTION by Plaintiff Rachel Johnson for leave to file *Reply in Support of Amended Motion to Approve Class Notice Under Seal* (Attachments: # 1 Exhibit 1)(Sostrin, Timothy) (Entered: 11/16/2016) |
| 11/16/2016 | 264 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for leave to file 263 before Honorable Manish S. Shah on 11/29/2016 at 09:45 AM. (Sostrin, Timothy) (Entered: 11/16/2016) |
| 11/28/2016 | 265 | MINUTE entry before the Honorable Manish S. Shah: Motion for leave to file Reply in Support of Amended Motion to Approve Class Notice Under Seal 263 is granted. No appearance on the motion is necessary. Notices mailed by Judicial Staff. (psm, ) (Entered: 11/28/2016) |
| 12/01/2016 | 266 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. For the reasons stated in open court, the amended motion to approve class notice 252 is granted. Plaintiff is directed to submit a revised proposed order to proposed_order_shah@ilnd.uscourts.gov. The parties may conduct discovery by agreement only. Continued status hearing is set for 1/31/17 at 10:00 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 12/01/2016) |
| 12/07/2016 | 267 | OBJECTIONS *to Plaintiff's Proposed Order Approving Class Notice* (Wheeler, David) (Entered: 12/07/2016) |
| 12/07/2016 | 268 | RESPONSE by Plaintiff Rachel Johnson to objections 267 (Sostrin, Timothy) (Entered: 12/07/2016) |
| 12/12/2016 | 269 | MINUTE entry before the Honorable Manish S. Shah: Defendant's objections to plaintiff's proposed order approving class notice are sustained in part, overruled in part. The court understands the value of an "attention-grabbing" headline in a press release, but a court-approved headline should avoid potentially misleading terminology. The pejorative word "spam" shall be deleted from the headline. The reference to damages is not misleading and accurately describes the potential statutory damages applicable. Defendant's request to direct the claims administrator to retain all correspondence regarding the notice is denied. Retaining correspondence in response to the notice is appropriate for purposes of communication with the class--one purpose of the notice. Defendant's request does not advance that goal and is overbroad. Enter revised order. Notices mailed by Judicial Staff. (psm, ) (Entered: 12/12/2016) |
| 12/12/2016 | 270 | ORDER Approving Class Notice. Signed by the Honorable Manish S. Shah on 12/12/2016. Notices mailed by Judicial Staff. (psm, ) (Entered: 12/12/2016) |

| | | | |
|---|---|---|---|
| 12/14/2016 | 🔓 | 271 | TRANSCRIPT OF PROCEEDINGS held on 12/01/16 before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 1/4/2017. Redacted Transcript Deadline set for 1/17/2017. Release of Transcript Restriction set for 3/14/2017. (Conway, Colleen) (Entered: 12/14/2016) |
| 01/30/2017 | | 272 | STATUS Report by Yahoo! Inc. (Attachments: # 1 Exhibit A)(Wheeler, David) (Entered: 01/30/2017) |
| 01/30/2017 | | 273 | NOTICE by Yahoo! Inc. (Wheeler, David) (Entered: 01/30/2017) |
| 01/30/2017 | | 274 | STATUS Report by Rachel Johnson (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Keogh, Keith) (Entered: 01/30/2017) |
| 01/31/2017 | | 275 | SUPPLEMENT to status report 272 *by Yahoo!, Inc.* (Attachments: # 1 Certificate of Service)(Wheeler, David) (Entered: 01/31/2017) |
| 01/31/2017 | | 276 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. Defendant's decertification motion is due 3/1/17. Plaintiff's response is due 3/29/17; defendant's reply is due 4/19/17. Continued status hearing is set for 5/25/17 at 9:30 a.m. The court will issue a ruling via cm/ecf regarding defendant's discovery requests. Notices mailed. (psm, ) (Entered: 01/31/2017) |
| 02/02/2017 | | 277 | MINUTE entry before the Honorable Manish S. Shah: Defendant's request to reopen discovery is denied. While defendant learned of potential sources of evidence to support its consent defense relatively recently (and somewhat fortuitously), that is not good cause to reopen discovery in this case. Nothing prevented defendant from investigating and pursuing evidence of consent during the discovery phase of the case. The breadth of plaintiffs' initial, proposed class definition likely did make the cost-benefit analysis of affirmative-defense discovery different than it would have been had the plaintiffs offered a narrower class. But that does not mean that defendant should be permitted to revisit its strategic choices. Consent was always going to be a merits issue if any class were certified, and sophisticated parties must take into account the risk that a court will certify a class that is different than the one that was proposed. The clarification that users, not merely subscribers, are the class members was not a significant change from the perspective of the consent defense. Defendant has not shown that, had it known the users were the class members, it would have conducted discovery on consent differently. The court finds it more likely that defendant's strategy would have remained the same. Defendant argues that the requested discovery will not be time-consuming, and |

| | | |
|---|---|---|
| | | given that no trial date has been set, it should be given the opportunity to keep searching for evidence of consent. There is some force to this argument, but in the end, it is not sufficient to provide the good cause necessary to deviate from the discovery schedule that was in place and has closed. Plaintiffs were entitled to base their trial strategy on defendant's approach to discovery, and reopening discovery now would only be an invitation to more costs being imposed on all sides. It would not be a just, speedy, and inexpensive approach to managing this case. See Fed. R. Civ. P. 1. Notices mailed. (psm, ) (Entered: 02/02/2017) |
| 02/17/2017 | 278 | TRANSCRIPT OF PROCEEDINGS held on 01/31/17 before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway, 312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/10/2017. Redacted Transcript Deadline set for 3/20/2017. Release of Transcript Restriction set for 5/18/2017. (Conway, Colleen) (Entered: 02/17/2017) |
| 03/01/2017 | 279 | MOTION by Defendant Yahoo! Inc. to seal *Yahoo! Inc.'s Motion for Decertification of the Class and Exhibits thereto* (Wheeler, David) (Entered: 03/01/2017) |
| 03/01/2017 | 280 | NOTICE of Motion by David A. Wheeler for presentment of motion to seal 279 before Honorable Manish S. Shah on 3/9/2017 at 09:45 AM. (Wheeler, David) (Entered: 03/01/2017) |
| 03/01/2017 | 281 | MOTION by Defendant Yahoo! Inc. for Decertification of the Class (Attachments: # 1 Declaration of Dr. Edgar Whipple, # 2 Declaration of Timothy W. Loose, # 3 Declaration of Amir Doron, # 4 Certificate of Service) (Wheeler, David) (Entered: 03/01/2017) |
| 03/01/2017 | 282 | SEALED MOTION by Defendant Yahoo! Inc. *for Decertification of the Class* (Attachments: # 1 Declaration of Dr. Edgar Whipple, # 2 Exhibit A to Declaration of Dr. Whipple, # 3 Exhibit B to Declaration of Dr. Whipple, # 4 Declaration of Timothy W. Loose)(Wheeler, David) (Entered: 03/01/2017) |
| 03/02/2017 | 283 | MINUTE entry before the Honorable Manish S. Shah: The motion for leave to file under seal 279 is granted. The court acknowledges that business confidentiality is not a basis to seal information that is relevant to the court's decisionmaking, and will unseal material that the court consults as part of the motion (unless defendant demonstrates, in more than conclusory fashion, that the information qualifies as a trade secret protected by statute). Temporary sealing, while the motion is under advisement, is permitted. No appearance on the motion is necessary. Notices mailed. (psm, ) (Entered: 03/02/2017) |

| | | |
|---|---|---|
| 03/23/2017 | 284 | MOTION by Plaintiff Rachel Johnson for extension of time to file response/reply as to motion for miscellaneous relief, 281 , Sealed motion, 282 *UNOPPOSED MOTION FOR A SEVEN DAY EXTENSION OF TIME TO FILE RESPONSE TO MOTION FOR DECERTIFICATION OF THE CLASS* (Sostrin, Timothy) (Entered: 03/23/2017) |
| 03/23/2017 | 285 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for extension of time to file response/reply,, motion for relief,,, 284 before Honorable Manish S. Shah on 3/28/2017 at 09:45 AM. (Sostrin, Timothy) (Entered: 03/23/2017) |
| 03/24/2017 | 286 | MINUTE entry before the Honorable Manish S. Shah: The motion for extension of time to file response/reply 284 is granted. Plaintiff's response is now due 4/5/17; defendant's reply 4/26/17. No appearance on the motion is necessary. Notices mailed. (psm, ) (Entered: 03/24/2017) |
| 04/04/2017 | 287 | MOTION by Plaintiff Rachel Johnson for extension of time to file response/reply as to motion for miscellaneous relief, 281 , Sealed motion, 282 , *Unopposed,* (Keogh, Keith) (Entered: 04/04/2017) |
| 04/04/2017 | 288 | NOTICE of Motion by Keith James Keogh for presentment of motion for extension of time to file response/reply, motion for relief, 287 before Honorable Manish S. Shah on 4/11/2017 at 09:45 AM. (Keogh, Keith) (Entered: 04/04/2017) |
| 04/04/2017 | 289 | MOTION by Plaintiff Rachel Johnson for extension of time to file response/reply as to motion for miscellaneous relief, 281 , Sealed motion, 282 *corrected motion* (Keogh, Keith) (Entered: 04/04/2017) |
| 04/05/2017 | 290 | MINUTE entry before the Honorable Manish S. Shah: The motion for extension of time to file response/reply 287 289 is granted. Plaintiff's response is due 4/12/17; defendant's reply is due 5/3/17. No appearance on the motion is necessary. Notices mailed. (psm, ) (Entered: 04/05/2017) |
| 04/12/2017 | 291 | RESPONSE by Rachel Johnsonin Opposition to MOTION by Defendant Yahoo! Inc. for Decertification of the Class 281 , SEALED MOTION by Defendant Yahoo! Inc. *for Decertification of the Class* 282 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Sostrin, Timothy) (Entered: 04/12/2017) |
| 05/03/2017 | 292 | MOTION by Defendant Yahoo! Inc. to seal *Yahoo! Inc.'s Reply in Support of Motion for Decertification of the Class and Certain Exhibits thereto* (Attachments: # 1 Certificate of Service)(Wheeler, David) (Entered: 05/03/2017) |
| 05/03/2017 | 293 | NOTICE of Motion by David A. Wheeler for presentment of motion to seal 292 before Honorable Manish S. Shah on 5/10/2017 at 09:45 AM. (Wheeler, David) (Entered: 05/03/2017) |
| 05/03/2017 | 294 | REPLY by Defendant Yahoo! Inc. *in Support of Motion for Decertification of the Class* (Attachments: # 1 Declaration of Timothy W. Loose, # 2 Exhibit C to Loose Declaration, # 3 Exhibit D to Loose Declaration, # 4 Certificate of Service)(Wheeler, David) (Entered: 05/03/2017) |

| | | |
|---|---|---|
| 05/03/2017 | 295 | SEALED DOCUMENT by Defendant Yahoo! Inc. *Reply in Support of Motion for Decertification of the Class* (Attachments: # 1 Exhibit C to Declaration of Timothy W. Loose, # 2 Exhibit D to Declaration of Timothy W. Loose) (Wheeler, David) (Entered: 05/03/2017) |
| 05/04/2017 | 296 | MINUTE entry before the Honorable Manish S. Shah: the motion for leave to file under seal 292 is granted. No appearance on the motion is necessary. Notices mailed. (psm, ) (Entered: 05/04/2017) |
| 05/25/2017 | 297 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. The court will issue a ruling on defendant's motion for decertification of the class [281, 282] via cm/ecf in which any further dates will be set. Notices mailed. (psm, ) (Entered: 05/25/2017) |
| 06/21/2017 | 298 | TRANSCRIPT OF PROCEEDINGS held on 05/25/17 before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway, 312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 7/12/2017. Redacted Transcript Deadline set for 7/24/2017. Release of Transcript Restriction set for 9/19/2017. (Conway, Colleen) (Entered: 06/21/2017) |
| 02/13/2018 | 299 | MEMORANDUM Opinion and Order. Signed by the Honorable Manish S. Shah on 2/13/2018: Defendant's motion to decertify the class, 281 , is granted. The parties shall appear for a status hearing on February 28, 2018, at 9:30 a.m. [For further detail see attached order.] Notices mailed. (psm, ) (Entered: 02/13/2018) |
| 02/27/2018 | 300 | MOTION by Plaintiff Rachel Johnson for leave to file *Under Seal Plaintiff's Motion for Reconsideration, or in the Alternative, Motion to Certify Amended Classes*, MOTION by Plaintiff Rachel Johnson for leave to file excess pages (Sostrin, Timothy) (Entered: 02/27/2018) |
| 02/27/2018 | 301 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for leave to file,, motion for leave to file excess pages, 300 before Honorable Manish S. Shah on 3/7/2018 at 09:45 AM. (Sostrin, Timothy) (Entered: 02/27/2018) |
| 02/27/2018 | 302 | SEALED MOTION by Plaintiff Rachel Johnson *Motion for Reconsideration, or in the Alternative, Motion to Certify Amended Classes* (Attachments: # 1 Exhibit 1)(Sostrin, Timothy) (Entered: 02/27/2018) |
| 02/27/2018 | 303 | MOTION by Plaintiff Rachel Johnson for reconsideration regarding order on motion for miscellaneous relief,, order on sealed motion,, memorandum opinion and order,, terminate motions,, set/reset hearings, 299 , MOTION by Plaintiff |

| | | |
|---|---|---|
| | | Rachel Johnson to certify class (Attachments: # 1 Exhibit 1)(Sostrin, Timothy) (Entered: 02/27/2018) |
| 02/27/2018 | 304 | NOTICE of Motion by Timothy J. Sostrin for presentment of Sealed motion 302 , motion for reconsideration,, motion to certify class, 303 before Honorable Manish S. Shah on 3/7/2018 at 09:45 AM. (Sostrin, Timothy) (Entered: 02/27/2018) |
| 02/28/2018 | 305 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. Plaintiff's motion for leave to file under seal and for excess pages 300 is granted. The briefing schedule on the plaintiff's motion for reconsideration 302 303 is as follows: defendant's response is due 3/21/18; plaintiff's reply 4/11/18. No appearance on 3/17/18 is necessary. Continued status hearing is set for 6/14/18 at 9:30 a.m. Notices mailed. (psm, ) (Entered: 02/28/2018) |
| 03/15/2018 | 306 | TRANSCRIPT OF PROCEEDINGS held on 02/28/18 before the Honorable Manish S. Shah. Order Number: 30128. Court Reporter Contact Information: Colleen Conway, 312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/5/2018. Redacted Transcript Deadline set for 4/16/2018. Release of Transcript Restriction set for 6/13/2018. (Conway, Colleen) (Entered: 03/15/2018) |
| 03/21/2018 | 307 | MOTION by Defendant Yahoo! Inc. for leave to file *its Opposition to Plaintiff's Motion for Reconsideration, or in the Alternative, Motion to Certify Amended Classes and Exhibits thereto Under Seal Instanter* (Attachments: # 1 Certificate of Service)(Wheeler, David) (Entered: 03/21/2018) |
| 03/21/2018 | 308 | NOTICE of Motion by David A. Wheeler for presentment of motion for leave to file, 307 before Honorable Manish S. Shah on 3/27/2018 at 09:45 AM. (Wheeler, David) (Entered: 03/21/2018) |
| 03/21/2018 | 309 | RESPONSE by Yahoo! Inc.in Opposition to MOTION by Plaintiff Rachel Johnson for reconsideration regarding order on motion for miscellaneous relief,, order on sealed motion,, memorandum opinion and order,, terminate motions,, set/reset hearings, 299 MOTION by Plaintiff Rachel Johnson to certify class 303 (Attachments: # 1 Declaration of Timothy W. Loose, # 2 Certificate of Service)(Wheeler, David) (Entered: 03/21/2018) |
| 03/21/2018 | 310 | SEALED RESPONSE by Yahoo! Inc. to MOTION by Plaintiff Rachel Johnson for reconsideration regarding order on motion for miscellaneous relief,, order on sealed motion,, memorandum opinion and order,, terminate motions,, set/reset hearings, 299 MOTION by Plaintiff Rachel Johnson to certify class 303 (Attachments: # 1 Declaration of Timothy W. Loose, # 2 Certificate of |

| | | Service)(Wheeler, David) (Entered: 03/21/2018) |
|---|---|---|
| 03/21/2018 | | MOTION by Defendant Yahoo! Inc. to certify amended classes and exhibits thereto under seal instanter (Omitted from motion 307 ). (yap, ) (ENTERED IN ERROR on 3/22/2018 (yap, ). (Entered: 03/22/2018) |
| 03/22/2018 | 🔒 | (Court only) ***Motion terminated: MOTION by Defendant Yahoo! Inc. to certify class. (yap, ) (Entered: 03/22/2018) |
| 03/22/2018 | 311 | NOTICE of Correction regarding MOTION by Defendant Yahoo! Inc. to certify class (yap, ) (Entered: 03/22/2018) |
| 03/23/2018 | 312 | MINUTE entry before the Honorable Manish S. Shah: The motion for leave to file under seal 307 is granted. No appearance on the motion is necessary. Notices mailed. (psm, ) (Entered: 03/23/2018) |
| 04/11/2018 | 313 | REPLY by Rachel Johnson to MOTION by Plaintiff Rachel Johnson for reconsideration regarding order on motion for miscellaneous relief,, order on sealed motion,, memorandum opinion and order,, terminate motions,, set/reset hearings, 299 MOTION by Plaintiff Rachel Johnson to certify class 303 , SEALED MOTION by Plaintiff Rachel Johnson *Motion for Reconsideration, or in the Alternative, Motion to Certify Amended Classes* 302 (Sostrin, Timothy) (Entered: 04/11/2018) |
| 06/06/2018 | 314 | NOTICE by Rachel Johnson re SEALED MOTION by Plaintiff Rachel Johnson *Motion for Reconsideration, or in the Alternative, Motion to Certify Amended Classes* 302 *of Supplemental Authority* (Attachments: # 1 Exhibit 1 - Lavigne Opinion)(Sostrin, Timothy) (Entered: 06/06/2018) |
| 06/07/2018 | 315 | ORDER. Signed by the Honorable Manish S. Shah on 6/7/2018: Plaintiff's motion for reconsideration, or in the alternative, to certify amended classes 302 303 is denied. A status hearing remains set for 6/14/18 at 9:30 a.m., and the parties should be prepared to discuss whether to brief the application of ACA Int'l v. FCC, 885 F.3d 687 (D.C. Cir. 2018), to the preexisting summary judgment record. [For further detail see attached order.] Notices mailed.(psm, ) (Entered: 06/07/2018) |
| 06/14/2018 | 316 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. Defendant's motion to reconsider based on ACA Int'l v. FCC, 885 F.3d 687 (D.C. Cir. 2018) is due 7/12/18. Plaintiff's response is due 8/2/18; defendant's reply 8/23/18. Continued status hearing is set for 9/27/18 at 9:30 a.m. Notices mailed. (psm, ) (Entered: 06/15/2018) |
| 06/25/2018 | 🔓 317 | TRANSCRIPT OF PROCEEDINGS held on 06/14/18 before the Honorable Manish S. Shah. Order Number: 31196. Court Reporter Contact Information: Colleen Conway, 312.435.5594 or colleen_conway@ilnd.uscourts.gov.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction |

| | | |
|---|---|---|
| | | process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 7/16/2018. Redacted Transcript Deadline set for 7/26/2018. Release of Transcript Restriction set for 9/24/2018. (Conway, Colleen) (Entered: 06/25/2018) |
| 07/12/2018 | 318 | MOTION by Defendant Yahoo! Inc. for reconsideration regarding order on motion for miscellaneous relief,, order on motion for summary judgment,, memorandum opinion and order,, terminate motions, 89 (Attachments: # 1 Certificate of Service)(Wheeler, David) (Entered: 07/12/2018) |
| 07/12/2018 | 319 | MEMORANDUM by Yahoo! Inc. in support of motion for reconsideration, 318 (Attachments: # 1 Certificate of Service)(Wheeler, David) (Entered: 07/12/2018) |
| 08/01/2018 | 320 | MOTION by Plaintiff Rachel Johnson for leave to file excess pages *in response to Yahoo's Motion for Reconsideration* (Sostrin, Timothy) (Entered: 08/01/2018) |
| 08/01/2018 | 321 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for leave to file excess pages 320 before Honorable Manish S. Shah on 8/7/2018 at 09:45 AM. (Sostrin, Timothy) (Entered: 08/01/2018) |
| 08/02/2018 | 322 | RESPONSE by Rachel Johnsonin Opposition to MOTION by Defendant Yahoo! Inc. for reconsideration regarding order on motion for miscellaneous relief,, order on motion for summary judgment,, memorandum opinion and order,, terminate motions, 89 318 (Sostrin, Timothy) (Entered: 08/02/2018) |
| 08/06/2018 | 323 | MINUTE entry before the Honorable Manish S. Shah:The motion for leave to file excess pages 320 is granted. No appearance on the motion is necessary. Notices mailed. (psm, ) (Entered: 08/06/2018) |
| 08/23/2018 | 324 | REPLY by Defendant Yahoo! Inc. to motion for reconsideration, 318 (Attachments: # 1 Certificate of Service)(Wheeler, David) (Entered: 08/23/2018) |
| 08/23/2018 | 325 | MINUTE entry before the Honorable Manish S. Shah: At the parties' request, the status hearing on 9/27/18 is stricken and reset to 10/2/18 at 9:30 a.m. Notices mailed. (psm, ) (Entered: 08/23/2018) |
| 09/13/2018 | 326 | CERTIFIED USCA ORDER dated 9/11/2018, 18-8012 IT IS ORDERED that the petition for permission to appeal is DENIED. (nsf, ) (Entered: 09/13/2018) |
| 09/20/2018 | 327 | NOTICE by Rachel Johnson re MOTION by Defendant Yahoo! Inc. for reconsideration regarding order on motion for miscellaneous relief,, order on motion for summary judgment,, memorandum opinion and order,, terminate motions, 89 318 *of Supplemental Authority* (Attachments: # 1 Exhibit 1, Marks v. Crunch San Diego, LLC, No.14-56834, (9th Cir. September 20, 2018)) (Sostrin, Timothy) (Entered: 09/20/2018) |

| 09/20/2018 | 328 | NOTICE by Yahoo! Inc. re MOTION by Defendant Yahoo! Inc. for reconsideration regarding order on motion for miscellaneous relief,, order on motion for summary judgment,, memorandum opinion and order,, terminate motions, 89 318 *of Supplemental Authorities* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Certificate of Service)(Wheeler, David) (Entered: 09/20/2018) |
| --- | --- | --- |
| 09/21/2018 | 329 | MOTION by Attorney Andrew C. Murphy to withdraw as attorney for Rachel Johnson. No party information provided (Lubin, Peter) (Entered: 09/21/2018) |
| 09/21/2018 | 330 | *Notice to Withdraw Andrew C. Murphy* NOTICE of Motion by Peter Scott Lubin for presentment of motion to withdraw as attorney 329 before Honorable Manish S. Shah on 10/2/2018 at 09:45 AM. (Lubin, Peter) (Entered: 09/21/2018) |
| 09/27/2018 | 331 | MINUTE entry before the Honorable Manish S. Shah: The motion to withdraw as attorney 329 is granted. Andrew Murphy is terminated as counsel of record. No appearance on the motion is necessary. The court will issue a ruling on defendant's motion for reconsideration 318 via cm/ecf. No appearance on 10/2/18 is necessary. Notices mailed. (psm, ) (Entered: 09/27/2018) |
| 10/11/2018 | 332 | MOTION by Plaintiff Rachel Johnson to Shift Costs of Class Notice (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Sostrin, Timothy) (Entered: 10/11/2018) |
| 10/11/2018 | 333 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for miscellaneous relief 332 before Honorable Manish S. Shah on 10/23/2018 at 09:45 AM. (Sostrin, Timothy) (Entered: 10/11/2018) |
| 10/19/2018 | 334 | MINUTE entry before the Honorable Manish S. Shah: by stipulation of the parties, the briefing schedule on plaintiff's motion to shift costs of class notice 332 is as follows: defendant's response is due 11/6/18; plaintiff's reply is due 11/20/18. The court will issue a ruling via cm/ecf. No appearance on 10/23/18 is necessary. Notices mailed. (psm, ) (Entered: 10/19/2018) |
| 10/23/2018 | 335 | MOTION by Plaintiff Rachel Johnson to Approve Notice of Decertification (Attachments: # 1 Exhibit 1)(Sostrin, Timothy) (Entered: 10/23/2018) |
| 10/23/2018 | 336 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for miscellaneous relief 335 before Honorable Manish S. Shah on 11/6/2018 at 09:45 AM. (Sostrin, Timothy) (Entered: 10/23/2018) |
| 10/31/2018 | 337 | NOTICE by Rachel Johnson re MOTION by Defendant Yahoo! Inc. for reconsideration regarding order on motion for miscellaneous relief,, order on motion for summary judgment,, memorandum opinion and order,, terminate motions, 89 318 *of Supplemental Authority* (Sostrin, Timothy) (Entered: 10/31/2018) |
| 11/01/2018 | 338 | RESPONSE by Defendant Yahoo! Inc. to motion for miscellaneous relief 335 *(Motion to Approve Notice of Decertification)* (Attachments: # 1 Certificate of Service)(Wheeler, David) (Entered: 11/01/2018) |

| 11/01/2018 | 339 | NOTICE by Yahoo! Inc. re MOTION by Defendant Yahoo! Inc. for reconsideration regarding order on motion for miscellaneous relief,, order on motion for summary judgment,, memorandum opinion and order,, terminate motions, 89 318 *of Supplemental Authorities* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Certificate of Service)(Wheeler, David) (Entered: 11/01/2018) |
|---|---|---|
| 11/05/2018 | 340 | MINUTE entry before the Honorable Manish S. Shah: The noticed motion hearing on the motion to approve notice of decertification is reset to 12/11/18 at 9:45 a.m. The court agrees with defendant that resolving the form and timing of notice should wait until the issue of who bears the costs of notice is decided. Notices mailed. (psm, ) (Entered: 11/05/2018) |
| 11/06/2018 | 341 | RESPONSE by Yahoo! Inc.in Opposition to MOTION by Plaintiff Rachel Johnson to Shift Costs of Class Notice 332 (Attachments: # 1 Declaration of Timothy W. Loose, # 2 Certificate of Service)(Wheeler, David) (Entered: 11/06/2018) |
| 11/20/2018 | 342 | REPLY by Plaintiff Rachel Johnson to motion for miscellaneous relief 332 *Motion to Shift Costs of Class Notice* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Declaration of Timothy J. Sostrin)(Sostrin, Timothy) (Entered: 11/20/2018) |
| 11/26/2018 | 343 | ORDER. Signed by the Honorable Manish S. Shah on 11/26/2018: Plaintiff's motion to shift the costs of class notice 332 is granted in part. Defendant shall bear the costs of the notice of decertification to the class. [For further detail see attached order.] Notices mailed. (psm, ) (Entered: 11/26/2018) |
| 11/27/2018 | 344 | MINUTE entry before the Honorable Manish S. Shah: Hearing on 12/11/18 is stricken and reset to 11/29/18 at 9:30 a.m. Notices mailed. (psm, ) (Entered: 11/27/2018) |
| 11/28/2018 | 345 | Clarification STATEMENT by Yahoo! Inc. *Regarding Order Partially Shifting Costs of Class Notice* (Chorba, Christopher) (Entered: 11/28/2018) |
| 11/29/2018 | 346 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. The court will issue a written ruling on the motion for reconsideration 318 via cm/ecf. Any responses to the motion to approve notice of decertification 335 are due 12/7/18. Notices mailed. (psm, ) (Entered: 11/29/2018) |
| 11/29/2018 | 347 | ORDER. Signed by the Honorable Manish S. Shah on 11/29/2018: Defendant's motion for reconsideration 318 is granted. [For further detail see attached order.] Notices mailed.(psm, ) (Entered: 11/29/2018) |
| 11/29/2018 | 348 | ENTERED JUDGMENT. Notices mailed. (psm, ) (Entered: 11/29/2018) |
| 12/07/2018 | 349 | Joint Statement Regarding Motion to Approve Notice of Decertification STATEMENT by Yahoo! Inc. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Declaration)(Wheeler, David) (Entered: 12/07/2018) |
| 12/10/2018 | 350 | MINUTE entry before the Honorable Manish S. Shah: The motion to approve notice 335 is granted. The notice and administrator as proposed by the parties in |

| | | | |
|---|---|---|---|
| | | | their joint statement 349 are approved. Notices mailed. (psm, ) (Entered: 12/10/2018) |
| 12/13/2018 | 🔒 | 351 | TRANSCRIPT OF PROCEEDINGS held on 11/29/18 before the Honorable Manish S. Shah. Order Number: 33014. Court Reporter Contact Information: Colleen Conway, 312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 1/3/2019. Redacted Transcript Deadline set for 1/14/2019. Release of Transcript Restriction set for 3/13/2019. (Conway, Colleen) (Entered: 12/13/2018) |
| 12/28/2018 | | 352 | NOTICE of appeal by Rachel Johnson regarding orders 177 , 299 , 348 , 347 Filing fee $ 505, receipt number 0752-15320980. Receipt number: n (Sostrin, Timothy) (Entered: 12/28/2018) |
| 01/02/2019 | | 353 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 352 (ek, ) (Entered: 01/02/2019) |